JOSH STEIN
ATTORNEY GENERAL



REPLY TO: HEATHER H. FREEMAN
INSURANCE SECTION
(919) 716-6610
FAX: (919) 716-6757

March 20, 2019

**EXHIBIT A**

VIA EMAIL TO:
Public Officers and Employees Liability Insurance Commission
c/o Margie Boyd
NC Department of Insurance
margie.boyd@ncdoi.gov

Re: <u>Advisory Letter regarding the purchase of individual excess liability policies for individual employees or individual State departments</u>

Dear Commission Members:

It is my understanding that the Public Officers and Employees Liability Insurance Commission ("POELIC") has requested an advisory letter concerning the questions below.

1. Can an individual state agency opt out of the Master Excess Liability Policy and purchase a separate excess liability policy for its employees?
2. Can an individual state agency purchase a separate excess liability policy for some employees and not all employees?
3. Can an individual state agency purchase higher liability limits for certain employees?

Please note that a similar inquiry was made in 2013 by the North Carolina State Ports Authority ("NCSPA"). Please see the June 20, 2013 advisory letter in response to that request, attached as Exhibit A.

<u>Existing Tort Liability Protections</u>

"Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity." Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997); White v. Trew, 366 N.C. 360, 363, 736 S.E.2d 166, 168 (2013). An action against an agency of the State where the interest or rights of the State are directly affected is an action against the State. Meyer v. Walls, 347 N.C. at 104, 489 S.E.2d at 884. A suit against a public official in his official capacity is a suit against the State and is barred by sovereign immunity. White v. Trew, 366 N.C. at 363, 736 S.E.2d at 168.

The Tort Claims Act (Article 31 of Chapter 143 of the North Carolina General Statutes) is found in N.C. Gen. Stat. §143-291 through N. C. Gen. Stat. §143-300.1A. This Act provides a partial waiver of sovereign immunity for negligence claims against agencies of the State. White v. Trew, 366 N.C. at 362, 736 S.E.2d at 168; Meyer v. Walls, 347 N.C. at 104-05, 489 S.E.2d at

884. A tort claim filed against a state agency is heard and determined by the North Carolina Industrial Commission instead of the courts. N.C. Gen. Stat. §143-291(a). The Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an employee of a state agency. Meyer v. Walls, 347 N.C. at 105, 489 S.E.2d at 884.

The Defense of State Employees Act (Article 31A of Chapter 143 of the North Carolina General Statutes) is codified in N. C. Gen. Stat. §143-300.2 through N. C. Gen. Stat. §143-300.10. N.C. Gen. Stat. §143-300.2 (2) defines "employee" to include an officer, agent, or employee but not an independent contractor. State employees may be provided a defense against any civil or criminal action or proceeding brought against them in their official or individual capacities, or both, on account of an act done or omission made in the scope and course of the employee's official duties. N.C. Gen. Stat. §143-300.3. Former state employees are also covered by the Defense of State Employees Act. N.C. Gen. Stat. §143-300.3. Legal representation for state employees under the Defense of State Employees Act shall be denied if the Attorney General determines that the act or omission was outside the employee's scope of duties, that there was fraud, corruption or actual malice on the employee's or former employee's part, that there is a conflict of interest between the employee and the State, or that defense is not in best interest of the State. N.C. Gen. Stat. §143-300.4.

The Public Officers and Employees Liability Insurance Commission ("the Commission") has been established within the North Carolina Department of Insurance. N.C. Gen. Stat. §58-32-1. Under N.C. Gen. Stat. §58-32-15, the "Commission may acquire professional liability insurance covering the officers and employees, or any group thereof, of any state department, institution or agency...." Pursuant to subsection (a) of that statute, the premiums for such insurance shall be paid by the requesting department, institution or agency at rates established by the Commission. N.C. Gen. Stat. §58-32-15. A state agency's payment of funds as premiums for professional liability insurance through the Commission is declared to be for a public purpose. N. C. Gen. Stat. §58-32-15(d). As recognized in N.C. Gen. Stat. §58-32-15(b), the professional liability insurance acquired by the Commission to cover the officers and employees, or any group thereof, of a department, institution or agency of state government is required to be "in excess of the protection provided by Articles 31 and 31A of Chapter 143 of the General Statutes, other than the protection provided by G.S. 143-300.9." Insurance purchased pursuant to N.C. Gen. Stat. §58-32-15 does not constitute a waiver of the defense of sovereign immunity. N.C. Gen. Stat. §58-32-15(c).

1. <u>Can an individual state agency opt out of the Master Excess Liability Policy and purchase a separate excess liability policy for its employees?</u>

The answer to each of the questions presented is determined by the specific statutes governing an individual agency and whether such governing statutes grant such authority. "A state administrative agency is an inanimate, artificial creature of statute. Its form, shape, and authority are defined by the Act by which it was created. It is as powerless to exceed its authority as is a robot to act beyond the limitations imposed by its own mechanism." High Rock Lake Partners, LLC v. N.C. DOT, 366 N.C. 315, 318-19, 735 S.E.2d 300, 303 (2012). A state agency possesses only those powers expressly granted to it by our legislature or those which exist by necessary implication in a statutory grant of authority. High Rock Lake Partners, LLC v. N.C. DOT, 366 N.C. at 319, 735 S.E.2d at 303; Lee v. Gore, 365 N.C. 227, 230, 717 S.E.2d 356, 359 (2011). A state agency possesses only those powers enumerated by statute along with

any implied powers necessary to fulfill the agency's purpose. High Rock Lake Partners, LLC v. N.C. DOT, 366 N.C. at 319, 735 S.E.2d at 303. As set forth above, the general statutes expressly authorize State agencies to pay the premiums for insurance purchased through the Commission. On the other hand, a determination of whether a particular State agency has statutory authority, whether express or by necessary implication, to purchase a separate excess liability policy for its employees requires analysis of the statutes governing that particular State agency. Without express or implied statutory authority, an individual State agency cannot opt out of the Master Excess Liability Policy and purchase a separate excess liability policy for its employees.

2. <u>Can an individual state agency purchase a separate excess liability policy for some employees and not all employees?</u>

See response 1 above. Without express or implied statutory authority, an individual State agency cannot purchase a separate excess liability policy for some employees and not all employees.

3. <u>Can an individual state agency purchase higher liability limits for certain employees?</u>

See response 1 above. Without express or implied statutory authority, an individual State agency cannot purchase higher liability limits for certain employees.

<u>Conclusion</u>

A state agency must demonstrate that it has express or implied statutory authority to purchase a separate excess liability policy in order to make such a purchase. If a state agency desires to obtain legal authority to opt out of the Master Excess Policy and independently purchase liability insurance for its employees, it must seek such authority from the General Assembly. If statutory authority is obtained from the General Assembly for a state agency to independently purchase liability insurance, no insurance policy should be purchased prior to a careful analysis of the cost and benefit of the proposed policy, including all exclusions from coverage. In addition, please note that the North Carolina Department of Insurance places all authorized insurance policies for state agencies, with the cost being borne by the agency involved. N.C. Gen. Stat. §58-31-55.

This is an advisory letter. It has not been reviewed and approved in accordance with procedures for issuing an Attorney General's opinion.

If you have any questions, please feel free to contact me.

Sincerely,

*Heather H. Freeman*

Heather H. Freeman
Assistant Attorney General