

**State of North Carolina**

ROY COOPER
ATTORNEY GENERAL

Department of Justice
P.O. BOX 629
RALEIGH, NC 27602-0629

Reply to: DANIEL S. JOHNSON
Special Deputy Attorney General
INSURANCE SECTION
(919) 716-6620

June 20, 2013

Board of Directors
North Carolina State Ports Authority
Wilmington, North Carolina
c/o Matt Woodward
Special Deputy Attorney General
**[By electronic mail]**

Re: Advisory Letter: Whether the North Carolina State Ports Authority ("NCSPA") has the Legal Authority to Independently Purchase Directors and Officers Liability Insurance Coverage

Dear Board Members:

You have requested an opinion concerning NCSPA's legal authority to independently purchase directors and officers liability insurance for the members of its board of directors.

The first part of this analysis involves a review of the immunities and statutory and insurance protections against litigation that currently benefit NCSPA's board members. The second part of this analysis involves a review of pertinent statutes under which NCSPA operates. The third and final part of the analysis applies North Carolina Supreme Court precedent to determine whether there is express or implied authority for NCSPA to independently purchase directors and officers liability insurance.

## I. Existing Tort Liability Protections for Board Members.

1. Sovereign Immunity

Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity. Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997); White v. Trew, ___ N.C. ___, ___, 736 S.E.2d 166, 168 (2013).

NCSPA is a State Agency. Guthrie v. North Carolina State Ports Auth., 307 N.C. 522, 532, 299 S.E.2d 618, 624 (1983); N.C. Gen. Stat. §136-261. An action against an agency of the State where the interest or rights of the State are directly affected is an action against the State.



EXHIBIT B

Meyer v. Walls, 347 N.C. at 104, 489 S.E.2d at 884. A suit against a public official in his official capacity is a suit against the State and is barred by sovereign immunity. White v. Trew, ___ N.C. at ___, 736 S.E.2d at 168.

The Tort Claims Act (sometimes referred to as Article 31 of Chapter 143 of the North Carolina General Statutes) is found in N.C. Gen. Stat. §143-291 through N. C. Gen. Stat. §143-300.1A. This Act provides a partial waiver of sovereign immunity for negligence claims against agencies of the State. White v. Trew, ___ N.C. at ___, 736 S.E.2d at 168; Meyer v. Walls, 347 N.C. at 104-05, 489 S.E.2d at 884; Wood v. N.C. State Univ., 147 N.C. App. 336, 340-41, 556 S.E.2d 38, 41 (2001). A tort claim filed against a state agency such as NCSPA is heard and determined by the North Carolina Industrial Commission instead of the courts. N.C. Gen. Stat. §143-291(a). The maximum tort claim recovery against a state agency that can be paid by the State under the Tort Claims Act is currently one million dollars. N. C. Gen. Stat. §143-299.2.

The Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an employee [such as a board member] of a state agency. Meyer v. Walls, 347 N.C. at 107, 489 S.E.2d at 885-86.

2. Public Official Immunity

A public official is someone whose position is created by the Constitution or statutes of the sovereign. Meyer v. Walls, 347 N.C. at 113, 489 S.E.2d at 889. NCSPA's board is appointed pursuant to N.C. Gen. Stat. §136-260. The members of the board of directors are public officials since they are engaged in the performance of governmental duties involving the exercise of judgment and discretion. Id., 347 N.C. at 112, 489 S.E.2d at 888-89.

Public officials cannot be held individually liable for damages caused by mere negligence in the performance of their governmental or discretionary duties. Meyer v. Walls, 347 N.C. at 112, 489 S.E.2d at 888. As long as a public official lawfully exercises the judgment and discretion with which he or she is invested by virtue of his or her office, acts within the scope of his or her official authority, and acts without malice or corruption, he or she is protected from liability. Collins v. North Carolina Parole Comm'n, 344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996).

Without public official immunity from negligence suits, it could be difficult to find those who would accept public office or engage in the administration of public affairs if there were a possibility of being held personally liable for acts or omissions involving the exercise of discretion and judgment which they had performed to the best of their ability, and without any malevolent intention. Meyer v. Walls, 347 N.C. at 112-13, 489 S.E.2d at 889.

3. Defense of State Employees Act

Under the Defense of State Employees Act, N. C. Gen. Stat. §143-300.2 through N. C. Gen. Stat. §143-300.10, members of NCSPA's board of directors are considered "employees" of NCSPA. N.C. Gen. Stat. §143-300.2 (2) defines "employee" to include an officer, agent, or employee but not an independent contractor. As state employees, NCSPA's board members may be provided a defense against any civil or criminal action or proceeding brought against them in their official or individual capacities, or both, on account of an act done or omission made in the scope and course of the board member's official duties. N.C. Gen. Stat. §143-300.3. Former state employees are also covered by the Defense of State Employees Act. N.C. Gen. Stat. §143-300.3.

Legal representation for state employees under the Defense of State Employees Act is only denied if the Attorney General determines that the act or omission was outside the employee's scope of duties, that there was fraud, corruption or actual malice on the employee's or former employee's part, that there is a conflict of interest between the employee and the State, or that defense is not in best interest of the State. N.C. Gen. Stat. §143-300.4.

Under the Defense of State Employees Act, the State shall pay a final judgment or settlement against the employee, subject to the dollar limit set out in the statute. N.C. Gen. Stat. §143-300.6(a). Payment of a judgment or settlement of a claim against a state employee, or several state employees as joint tortfeasors, may not exceed the amount payable for one claim under the Tort Claims Act, currently one million dollars. N. C. Gen. Stat. §143-300.6(a); N.C. Gen. Stat. §143-299.2.

4. Liability Insurance obtained through the Public Officers and Employees Liability Insurance Commission

The Public Officers and Employees Liability Insurance Commission ("the Commission") has been established within the North Carolina Department of Insurance. N.C. Gen. Stat. §58-32-1. Under N.C. Gen. Stat. §58-32-15, the Commission may acquire professional liability insurance covering the officers and employees, or any group thereof, of any state department, institution or agency. Pursuant to subsection (a) of that statute, the premiums for such insurance shall be paid by the requesting department, institution or agency at rates established by the Commission. A state agency's payment of funds as premiums for professional liability insurance through the Commission is declared to be for a public purpose. N. C. Gen. Stat. §58-32-15(d). According to officials of the North Carolina Department of Insurance, the Commission has purchased a policy under N.C. Gen. Stat. §58-32-15 in the amount of ten million dollars. I have been informed that NCSPA and its employees have the benefit of this coverage and that NCSPA is paying the required premium.

Page Four

As recognized in N.C. Gen. Stat. §58-32-15(b), the professional liability insurance acquired by the Commission to cover the officers and employees, or any group thereof, of a department, institution or agency of state government is required to be in excess of the protection provided by the Defense of State Employees Act (Article 31A of Chapter 143 of the General Statutes). Being "excess coverage," the liability coverage provided through the Commission only pays after the State has paid the limit of its liability, currently one million dollars. Wood v. N.C. State Univ., 147 N.C. App. at 344, 556 S.E.2d at 43; N.C. Gen. Stat. §58-32-15(b). Moreover, insurance purchased pursuant to N.C. Gen. Stat. §58-32-15 does not constitute a waiver of the defense of sovereign immunity. Wood v. N.C. State Univ., 147 N.C. App. at 339-40, 556 S.E.2d at 41; N.C. Gen. Stat. §58-32-15 (c).

## Summary of Current Protections from Liability for Board Members

NCSPA's board members have sovereign immunity from suits against them in their official capacities. Board members acting in good faith also have public official immunity from negligence suits against them in their individual capacities. Board members have a maximum of one million dollars of protection through the Defense of State Employees Act. They also have ten million dollars of protection through the excess insurance policy obtained by the Public Officers and Employees Liability Insurance Commission.

## II. Pertinent Statutes Governing NCSPA.

The statutes governing NCSPA are found in Article 20 of Chapter 136 of the General Statutes, N.C. Gen. Stat. §136-260 through N.C. Gen. Stat. §136-275.

N.C. Gen. Stat. §136-260 creates the NCSPA within the North Carolina Department of Transportation. N.C. Gen. Stat. §136-261 prescribes the purposes of the NCSPA. In general, this statute provides that the purposes of NCSPA are promoting, developing, constructing, equipping, maintaining and operating the harbors and seaports within the State or within the jurisdiction of the State.

N.C. Gen. Stat. §136-262 (a) provides a list of the powers and authority of the NCSPA. It provides, in pertinent part, that in order to carry out the purposes of Article 20 of Chapter 136, the NCSPA shall:

(1) Have the powers of a body corporate, including the power to sue and be sued, to make contracts, and to adopt and use a common seal and to alter the same as may be deemed expedient; ...

(8) Be authorized and empowered to pay all necessary costs and expenses involved in and incident to the formation and organization of said Authority, and incident to the administration and operation thereof, and to pay all other costs and expenses reasonably necessary or expedient in carrying out and accomplishing the purposes of this Article; . . .

(12) Be authorized and empowered to do any and all other acts and things in this Article authorized or required to be done, whether or not included in the general powers in this section mentioned; and

(13) Be authorized and empowered to do any and all things necessary to accomplish the purposes of this Article: Provided, that said Authority shall not engage in shipbuilding. . . .

N.C. Gen. Stat. §136-274 provides that the provisions of Article 20 shall be liberally construed to accomplish the purposes provided for, and that if strict construction would defeat the accomplishment of any authorized acts, and a liberal construction would assist in the accomplishment thereof, the liberal construction shall be chosen.

Under N.C. Gen. Stat. §136-270, NCSPA is expressly authorized to pay for its Treasurer's surety bond. NCSPA must require a surety bond of its Treasurer in such amount as NCSPA may fix, and the premium or premiums thereon shall be paid by NCSPA as a necessary expense.

### III. Whether the NCSPA has Express or Implied Power to Independently Purchase Directors and Officers Liability Insurance.

A state administrative agency is an inanimate, artificial creature of statute. Its form, shape, and authority are defined by the Act by which it was created. It is as powerless to exceed its authority as is a robot to act beyond the limitations imposed by its own mechanism. High Rock Lake Partners, LLC v. N.C. DOT, ___ N.C. ___, ___, 735 S.E.2d 300, 303 (2012).

A state agency possesses only those powers expressly granted to it by our legislature or those which exist by necessary implication in a statutory grant of authority. High Rock Lake Partners, LLC v. N.C. DOT, ___ N.C. at ___, 735 S.E.2d at 303; Lee v. Gore, 365 N.C. 227, 230, 717 S.E.2d 356, 359 (2011). A state agency possesses only those powers enumerated by statute along with any implied powers necessary to fulfill the agency's purpose. High Rock Lake Partners, LLC v. N.C. DOT, ___ N.C. at ___, 735 S.E.2d at 303.

### 1. Lack of Express Authority to Independently Purchase the Insurance

No express statutory authority exists in the current version of Article 20 of Chapter 136 for NCSPA to independently acquire and pay for directors and officers liability insurance for its board members. The only insurance product the NCSPA is expressly authorized to purchase is the surety bond it requires of its Treasurer. N.C. Gen. Stat. §136-270.

As noted above, N.C. Gen. Stat. §58-32-15(a) expressly authorizes all state agencies, including NCSPA, to pay the premiums for insurance purchased on behalf of their officers and employees by the Public Officers and Employees Liability Insurance Commission under N.C. Gen. Stat. §58-32-15. Such premium payment is for a public purpose. N.C. Gen. Stat. §58-32-15(d).

### 2. Whether NCSPA has Implied Authority to Independently Purchase the Insurance

In the absence of express authority for NCSPA to independently purchase directors and officers liability insurance, it must be determined under the analysis of High Rock Lake and Lee v. Gore whether the authority for NCSPA to purchase this insurance exists by necessary implication.

Under N.C. Gen. Stat. §136-261, NCSPA's purposes are to promote and operate the ports under its control. In light of the current immunities and protections from negligence liability already provided for its board members in case of good-faith errors, it is concluded that there is no objective necessity for NCSPA to have the implied authority to independently obtain directors and officers liability insurance to carry out its purposes.

NCSPA may enter into contracts and has authority to pay all necessary costs and expenses incident to its administration and operations. N.C. Gen. Stat. §§136-262(a)(1) and (a)(8). However, these statutory provisions do not settle the authority issue in question. Neither statute establishes that it is a necessary administrative or operational expense for NCSPA to independently purchase directors and officers liability insurance.

N.C. Gen. Stat. §136-262(a)(12) authorizes NCSPA to do any and all other acts and things authorized to be done in Article 20 of Chapter 136. In related provisions, NCSPA is authorized by N.C. Gen. Stat. §§136-262(a)(8) and (a)(13) to do any and all things necessary or expedient to accomplish the purposes of Article 20 of Chapter 136. However, these statutes are not dispositive of the authority issue addressed herein. Whether read alone or together, they do not establish that it is necessary in order to accomplish NCSPA's statutorily delineated purposes for it to independently purchase directors and officers liability insurance.

N.C. Gen. Stat. §136-274 provides that the provisions of Article 20 shall be liberally construed *to accomplish the purposes provided for* and that if strict construction would defeat the accomplishment of any *authorized acts*, a liberal construction shall be chosen. However, this statute does not establish that it is necessary to accomplish NCSPA's purposes for it to independently purchase directors and officers liability insurance. Furthermore, the decisions of our Supreme Court in the High Rock Lake and Lee v. Gore cases strongly suggest that implied grants of authority to state agencies are disfavored.

## Conclusion

For the reasons set out above, NCSPA does not currently have express or implied authority to independently purchase directors and officers liability insurance for the members of its board of directors.

If NCSPA desires to obtain legal authority to independently purchase directors and officers liability insurance for the members of its board of directors, it should seek such authority from the General Assembly. NCSPA may wish to seek a statute similar to N.C. Gen. Stat. §147-69.3A, authorizing the State Treasurer to purchase commercial liability insurance. Part (a) of that statute authorizes the State Treasurer to purchase commercial insurance to cover potential liability of the State Treasurer, boards within the Department of the State Treasurer, board members, and employees and agents of the State Treasurer. Significantly, the State Treasurer's enabling statute contains section (c) stating that sovereign immunity and other defenses are preserved and that the dollar liability limits of the Tort Claims Act and Defense of State Employees Act remain intact.

If statutory authority is obtained from the General Assembly for NCSPA to independently purchase directors and officers liability insurance, no insurance policy should be purchased prior to a careful analysis of the cost and benefit of the proposed policy, including all exclusions from coverage. In addition, please note that the North Carolina Department of Insurance places all authorized insurance policies for state agencies, with the cost being borne by the agency involved. N.C. Gen. Stat. §58-31-55.

This is an advisory letter. It has not been reviewed and approved in accordance with procedures for issuing an Attorney General's opinion.

Sincerely Yours,

Daniel S. Johnson
Special Deputy Attorney General

Page Eight

cc:  Grayson Kelley, Chief Deputy Attorney General
    Reggie Watkins, Senior Deputy Attorney General
    Bob Hargett, Senior Deputy Attorney General
    Beth McKay, Special Deputy Attorney General
    Don Teeter, Special Deputy Attorney General
    Matt Woodward, Special Deputy Attorney General