IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

    *Plaintiffs*,

v.

DALE FOLWELL, *et al.*,

    *Defendants*.

No. 1:19-cv-00272-LCB-LPA

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF TOLLING STIPULATION

Plaintiffs Maxwell Kadel; Julia McKeown; Jason Fleck; Connor Thonen-Fleck, by his next friends and parents, Jason Fleck and Alexis Thonen; Michael D. Bunting; C.B., by his next friends and parents, Michael D. Bunting, Jr. and Shelley K. Bunting; and Sam Silvaine respectfully move the Court to approve and enter their stipulation with Defendants University of North Carolina at Chapel Hill, University of North Carolina at Greensboro, and North Carolina State University (collectively, "University Defendants"). The stipulation tolls certain plaintiffs' claims under Title VII of the Civil Rights Act of 1964 against University Defendants during the pendency of a case before the Supreme Court which may impact those claims. *R.G. & G.R. Harris Funeral Homes, Inc. v. Equal Emp't Opportunity Comm'n*, No. 18-107 (U.S. argued Oct. 8, 2019). The University Defendants do not object to this motion, and Defendants Dale Folwell, Dee Jones, and

1

the North Carolina State Health Plan for Teachers and State Employees take no position on the tolling agreement and do not intend to file a brief regarding it.

Plaintiffs filed the present lawsuit against Defendants on March 3, 2019, challenging the discriminatory exclusion of gender-confirming health care in the North Carolina State Health Plan for Teachers and State Employees. ECF No. 1. Plaintiffs raised claims under the Equal Protection Clause of the U.S. Constitution, 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, 20 U.S.C. 1681, *et. seq.*, and Section 1557 of the Affordable Care Act, 42 U.S.C. §18116.

Plaintiffs Maxwell Kadel, Julia McKeown, and Sam Silvaine, who are current or former employees of the University Defendants, timely filed charges alleging violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* Mr. Kadel, Ms. McKeown, and Mr. Silvaine did not raise those claims in the complaint before this Court because they were still exhausting administrative remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") at the time suit was filed.

Mr. Kadel, Ms. McKeown, and Mr. Silvaine have now exhausted Title VII's administrative requirements, received Dismissals and Notices of Suit Rights from the EEOC, and are entitled to sue in a United States District Court. Dismissals and Notices of Suit Rights issued by the EEOC are effective and confer the right to bring suit under Title VII against government defendants. *See Moore v. City of Charlotte*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985) (finding that issuance of letter by EEOC satisfies exhaustion requirements); *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982) (finding that entitlement to notice of right to sue, even without its actual issuance or

receipt, satisfies exhaustion requirements); *O'Mara v. Va. Dep't of Corr.*, No. 2:16-cv-489, 2017 WL 724338, at *3 (E.D. Va. Feb. 2, 2017) (holding that EEOC was proper entity to issue right to sue letter against government respondent after dismissal of charge).

The Supreme Court, however, granted review and has heard argument in *Harris Funeral Homes*, which involves a Title VII claim by a woman terminated from her job because she is transgender. *R.G. & G.R. Harris Funeral Homes, Inc. v. Equal Emp't Opportunity Comm'n*, No. 18-107 (U.S. argued Oct. 8, 2019). Plaintiffs and University Defendants, recognizing that the pending decision in *Harris Funeral Homes* may affect Plaintiffs' prospective Title VII claims, entered into a tolling agreement on February 11, 2020, which tolls the limitations period for the Title VII claims of Mr. Kadel, Ms. McKeown, and Mr. Silvaine during the pendency of *Harris Funeral Homes*. That agreement is attached to this brief as Exhibit A. This tolling agreement is intended to preserve Plaintiffs' prospective Title VII claims against University Defendants—and to allow Plaintiffs to plead those claims, and University Defendants to formulate a responsive pleading—with the benefit of the Supreme Court's ruling in *Harris Funeral Homes*. Proceeding in that way will maximize party and judicial economy by avoiding potentially duplicative briefing, delay, and associated costs. The parties agree that Plaintiffs' current deadline to amend the present action and add Title VII claims, which is March 2, 2020, will likely expire prior to the Supreme Court's decision in *Harris Funeral Homes*. The tolling agreement provides that Plaintiffs will have twenty additional days after the decision to file their claims. *See* Ex. A ¶ 5.

Because statutory time limits under Title VII are not jurisdictional, it is well-established that courts have authority to equitably toll them. *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (determining that the 180-day time limit under Title VII was subject to equitable tolling); *cf. James v. Circuit City Stores, Inc.*, 370 F.3d 417, 421–22 (4th Cir. 2004) (interpreting and enforcing parties' tolling agreement under 42 U.S.C. § 1981). Such agreements "are not unusual and are generally upheld." *Derrickson v. Circuit City Stores, Inc.*, 84 F. Supp. 2d 679, 685 (D. Md. 2000) (collecting opinions by the Fourth Circuit). Accordingly, Plaintiffs respectfully request that the Court approve and enter the tolling stipulation attached as Exhibit A.

***

Dated: February 21, 2020

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE AND
  EDUCATION FUND, INC.
20 West 20th Street, Suite 705
New York, NY 10011
Telephone: 646-862-9396
Facsimile: 646-930-5654
nlewis@transgenderlegal.org

Respectfully submitted,

Meredith Taylor Brown*
Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
tbrown@lambdalegal.org
ogonzalez-pagan@lambdalegal.org

Tara Borelli*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d)

## CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that this Brief complies with the word limit contained in L.R. 7.3(d)(1), using the word count feature of the word processing software in making this certification.

Dated: February 21, 2020

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: February 21, 2020

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com