# EXHIBIT A

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK, by his next friends and parents, JASON FLECK and ALEXIS THONEN; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; and SAM SILVAINE,<br><br>*Plaintiffs*,<br><br>v.<br><br>DALE FOLWELL, in his official capacity as State Treasurer of North Carolina; DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES,<br><br>*Defendants*. | Case No. 1:19-cv-00272-LCB-LPA |

**STIPULATION TO TOLL LIMITATIONS PERIOD FOR
PLAINTIFFS' TITLE VII CLAIMS**

# STIPULATION TO TOLL LIMITATIONS PERIOD FOR PLAINTIFFS' TITLE VII CLAIMS

THIS stipulation ("Stipulation") is entered into, and effective as of, February 11, 2020, between Plaintiffs Maxwell Kadel, Julia McKeown, and Sam Silvaine ("Plaintiffs") and their undersigned counsel and the University of North Carolina at Chapel Hill, the University of North Carolina at Greensboro, and North Carolina State University ("University Defendants"), collectively referred to as the "Parties."

WHEREAS the Parties are in active litigation concerning the exclusion of gender-confirming health care in the North Carolina State Health Plan for Teachers and State Employees ("NCSHP");

WHEREAS Plaintiffs filed charges regarding the exclusion under Title VII of the Civil Rights Act of 1964 ("Title VII") against their respective employers, University Defendants, with the Equal Employment Opportunity Commission ("EEOC");

WHEREAS the Plaintiffs received their Notices of Suit Rights issued by the EEOC on December 3, 2019;

WHEREAS Title VII affords Plaintiffs 90 days from receipt of their Notices of Suit Rights from the EEOC to file suit, the Parties agree that in order to timely bring Title VII claims against University Defendants, Plaintiffs must amend their present lawsuit on or before March 2, 2020;

WHEREAS the Parties agree that Plaintiffs' prospective Title VII claims concern questions that may be significantly impacted by the pending ruling of the Supreme Court of the United States in *R.G. & G.R. Harris Funeral Homes, Inc. v. Equal Emp't*

*Opportunity Comm'n*, No. 18-107, 2019 U.S. LEXIS 2846 (U.S. Apr. 22, 2019) (granting certiorari to address whether Title VII prohibits discrimination against transgender people based on (1) their status as transgender or (2) sex stereotyping under *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989));

WHEREAS oral argument was presented in *R.G. Harris & G.R. Harris Funeral Homes* on October 8, 2019 and the Parties expect a decision no later than June 2020;

1. THEREFORE, in order to preserve Plaintiffs' Title VII claims and avoid duplicative and unnecessary briefing on a claim that may be significantly impacted by a pending case before the Supreme Court of the United States, the Parties stipulate to the following: The Parties agree that Plaintiffs' prospective Title VII claims will be tolled beginning with the effective date of this Stipulation and will remain tolled until 30 days after the ruling in *R.G. Harris & G.R. Harris Funeral Homes*.

2. The Parties agree that during the duration of this tolling agreement, Plaintiffs and their counsel will refrain from amending the present lawsuit to add Title VII claims against University Defendants.

3. The Parties agree that this tolling Stipulation is only applicable to the Title VII claims that became ripe upon receipt of the Notice of Suit Rights from the EEOC on December 3, 2019 and that this agreement does not preclude Plaintiffs from amending the present lawsuit to add additional claims that could or may arise during the tolling period.

4. The Parties agree that this tolling Stipulation and its terms apply to any subsequent Notice of Suit Rights issued by the United States Department of Justice

concerning the 2018 EEOC charges of discrimination filed by Plaintiffs against University Defendants.

5. The Parties agree that this Stipulation stops (but does not reset) the running of the 90-day statute of limitations, and restarts the running of the 90-day limitations period thirty days after the ruling in *R.G. Harris & G.R. Harris Funeral Homes*, as set forth in paragraph. Plaintiffs had 20 days remaining to file their Title VII claims as of this Stipulation's effective date on February 10, 2020. The parties accordingly agree that after 30 days has passed from the ruling in *R.G. Harris & G.R. Harris Funeral Homes*, Plaintiffs will have 20 additional days to file their Title VII claims.

6. Except as specifically provided by this Stipulation, this Stipulation shall not constitute a waiver of any rights, claims, or defenses of the University Defendants regarding any claims of Plaintiffs, including but not limited to any statute of limitations or timing defenses that may otherwise apply to Plaintiffs' claims.

7. This stipulation does not waive any defenses, arguments, or grounds for dismissal presented in University Defendants' pending Motion to Dismiss for the claims alleged in the Complaint, or any future claims brought against University Defendants.

8. The Parties stipulate that if any part, term, or provision of this tolling Stipulation shall be found illegal or in conflict with any valid controlling law by a court of competent jurisdiction, the validity of the remaining provisions shall not be affected.

**STIPULATED TO BY AND BETWEEN:**

Dated: February 11, 2020

*/s/ Amy E. Richardson*

Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

*Counsel for Plaintiffs*

*/s/ Catherine F. Jordan*

Catherine F. Jordan
Special Deputy Attorney General
NC State Bar No. 34030
NC DEPARTMENT OF JUSTICE
P.O. Box 629
Raleigh, NC 27602
Telephone: 919-716-6920
Facsimile: 919-716-6764
cjordan@ncdoj.gov

*Counsel for Defendants University of North Carolina at Chapel Hill, North Carolina State University, and University of North Carolina at Greensboro*

5