# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK, by his next friends and parents, JASON FLECK and ALEXIS THONEN; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; and SAM SILVAINE, <br><br> *Plaintiffs*, <br><br> v. <br><br> DALE FOLWELL, in his official capacity as State Treasurer of North Carolina; DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, <br><br> *Defendants*. | Case No. 1:19-cv-00272-LCB-LPA <br><br><br> **JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |

The Parties, through the undersigned counsel, pursuant to Fed. R. Civ. P. 16(b) and 26(b), and M.D.N.C. Local Rule 16.1(b), respectfully submit this Joint Report to the Court.

1. Pursuant to Fed. R. Civ. P. 26(f) and LR16.1(b) a meeting was held on July 9, 2020 by telephone and was attended by Amy Richardson and Deepika Ravi of Harris,

Wiltshire and Grannis LLP, Tara Borelli of Lambda Legal Defense and Education Fund, Inc., and David Brown and Alejandra Caraballo of Transgender Legal Defense and Education Fund, Inc. for Plaintiffs; Nora Sullivan and Zach Padget of the North Carolina Department of Justice for Defendants University of North Carolina at Chapel Hill, North Carolina State University, and The University of North Carolina at Greensboro (collectively, the "University Defendants"); John Knepper, Kevin Williams and Mark Jones of the Law Office of John G. Knepper, LLC for Defendants Dale Folwell, Dee Jones, and North Carolina State Health Plan for Teachers and State Employees (collectively, the "State Health Plan Defendants"); and James Benjamin Garner of the North Carolina Department of the State Treasurer for Defendant Dale Folwell.

 2. Discovery Plan.

  a. Without conceding the relevance of any particular discovery topic or waiving any objections thereto, the Parties agree that discovery will be needed on the following subjects:

   i. The North Carolina State Health Plan for Teachers and State Employees (the "SHP");

   ii. The exclusion of gender confirming healthcare from the SHP (the "Exclusion");

   iii. The factual bases for Plaintiffs' claims and Defendants' denials and defenses to those claims; and

iv. Discovery on any other relevant matters within the scope of Rule 26 of the Federal Rules of Civil Procedure.

b. The time to make the disclosures required by Rule 26(a) shall be 21 days after the scheduling order is entered.

c. The Parties agree that the appropriate case management track for this case, (with any stipulated modification by the Parties as set out below) pursuant to LR 26.1(a) is the Exceptional track.

d. Written discovery limits and deposition limits will be applied per party group with Plaintiffs collectively constituting one party group, the University Defendants collectively constituting a second party group, and the State Health Plan Defendants constituting a third party group.

i. Interrogatories (including subparts) and requests for admission are limited to 20 in total number by any party group to any other party group.

ii. Depositions are limited to a total of 7 depositions per party group exclusive of depositions of any named party or any expert designated under rule 26(a)(2). For the avoidance of doubt, the deposition of any named party or any disclosed expert will not count against any party group's limit of 7 depositions. No witness will be deposed twice, unless a witness is deposed both in their individual capacity and is designated as a witness by any defendant pursuant to Rule 30(b)(6).

No expert will be deposed twice regarding the same expert report or written testimony unless the expert offers different opinions for different party groups. The Parties agree to meet and confer about any proposed modifications to these numbers if necessary. The Parties further shall have a duty to confer with each other in an attempt to resolve scheduling conflicts prior to scheduling depositions.

    e.    All Parties consent to email service of discovery requests and responses.

    f.    The date for the completion of all discovery (general and expert) is May 31, 2021.

    g.    Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

        i.    From Plaintiffs by March 1, 2021.

        ii.    From the University Defendants and the State Health Plan Defendants affirmative and rebuttal expert reports are due by April 1, 2021.

        iii.    Plaintiff's rebuttal reports are due by May 1, 2021.

3.    Supplements will be due seasonably as provided in Fed. R. Civ. P. 26(e) or as otherwise ordered by the Court.

4.    Mediation. Mediation should be conducted midway in the discovery period, the exact date to be set by the mediator after consultation with the Parties. The Parties agree that the mediator shall be Jon Harkavy.

5. Preliminary Deposition Schedule. Primarily, the Parties agree to the following schedule for depositions:

    a. Depositions of fact witnesses will occur before the close of discovery.

    b. Expert depositions will occur between April 1, 2021 and May 31, 2021.

    c. The Parties will update this schedule at reasonable intervals.

6. Other Items.

    a. Plaintiffs should be allowed until October 1, 2020 to request leave to join additional parties or amend pleadings. Defendants should be allowed until December 1, 2020 to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

    b. The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the Parties under 28 U.S.C. § 636(c), or appointment of a master: At this point, the Parties do not consent to trial before a Magistrate Judge.

    c. The case should be ready for trial 60 days after the Court rules on any dispositive motions. Trial is expected to take approximately 5 days.

    d. Plaintiffs have demanded a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

e. The parties shall preserve electronically stored information ("ESI") consistent with Fed. R. Civ. P. 26, 34, and 37. Absent a request for a specific method of production, the producing party may produce ESI in any reasonable manner.

f. Privileged Information: In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

g. Confidential Information: The Parties have discussed certain issues relating to the disclosure of personnel documents and information which may be confidential and/or protected from disclosure by law. The Parties agree that pursuant to Rule 26(f), and before the disclosure of any confidential information,

they will file a mutually agreeable protective order specifying that the information and documents to be produced shall not be generally disclosed, and shall only be used in the course of this litigation. The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the event that the Parties are not able to agree on a consent protective order.

Dated: July 29, 2020

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE
  AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org
acaraballo@transgenderlegal.org
nlewis@transgenderlegal.org

Tara Borelli*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

\*Appearing by special appearance pursuant to L.R. 83.1(d)

JOSHUA H. STEIN
Attorney General

/s/Nora F. Sullivan
Nora F. Sullivan
Assistant Attorney General
NC State Bar No. 43284
nsullivan@ncdoj.gov

/s/Zach Padget
Zach Padget
Assistant Attorney General
NC State Bar No. 46610
zpadget@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-6920
Fax: 919-716-6764

*Counsel for Defendants University of North Carolina at Chapel Hill, North Carolina State University, and University of North Carolina at Greensboro*

| /s/ James Benjamin Garner | /s/ John G. Knepper |
|---|---|
| James Benjamin Garner | John G. Knepper |
| N.C. Bar. No. 41257 | Wyo. Bar No. 7-4608 |
| General Counsel | LAW OFFICE OF |
| North Carolina Department of |    JOHN G. KNEPPER, LLC |
|    the State Treasurer | Post Office Box 1512 |
| 3200 Atlantic Avenue | Cheyenne, WY 82003-1512 |
| Raleigh, North Carolina 27604 | Telephone: (307) 632-2842 |
| Telephone: (919) 814-4000 | Facsimile: (307) 432-0310 |
| Ben.Garner@nctreasurer.com | John@KnepperLLC.com |

*/s/ Kevin G. Williams*
Kevin G. Williams
N. C. Bar No. 25760
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC  27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

*/s/ Mark A. Jones*
Mark A. Jones
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC  27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

# CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: July 29, 2020

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

*Counsel for Plaintiffs*