IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DALE FOLWELL, *et al.*, <br><br> *Defendants*. | No. 1:19-cv-00272-LCB-LPA <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and this Court's order granting Plaintiffs' Unopposed Motion for Entry of Tolling Stipulation, ECF No. 43, Plaintiffs Maxwell Kadel, Jason Fleck, Connor Thonen-Fleck, Julia McKeown, Michael D. Bunting, Jr., C.B., by his next friends and parents, Michael D. Bunting, Jr. and Shelley K. Bunting, and Sam Silvaine (collectively, "Plaintiffs") respectfully move this Court for leave to amend their complaint by filing the First Amended Complaint attached hereto as Exhibit A. In support of their motion, and pursuant to Local Rule 7.3(j)(5), Plaintiffs state as follows:

1. Plaintiffs initiated this action on March 11, 2019 with the filing of the complaint (ECF No. 1), alleging that the exclusion of gender-confirming healthcare for transgender participants in the North Carolina State Health Plan for Teachers and State Employees denied them equal treatment in violation of the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV; Title IX of the Education Amendments

1

of 1972, 20 U.S.C. § 1681, et seq.; and the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. Plaintiffs sought declaratory and injunctive relief and damages.

2. At that time, Plaintiffs Kadel, McKeown, and Silvaine were still exhausting administrative remedies for their claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Those Plaintiffs subsequently received notices of their right to sue from the U.S. Equal Employment Opportunity Commission.

3. Recognizing that the Supreme Court might soon issue a ruling in *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020), which could have a significant impact on their claims, Plaintiffs moved this Court to enter a tolling stipulation granting them 50 days after the decision in *Bostock* to amend their complaint. ECF Nos. 41-42. *Bostock* was issued on June 15, 2020, and Plaintiffs now timely request leave to amend their complaint to plead Title VII claims. *See Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 330 (4th Cir. 2012) ("the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations") (quote omitted).

4. Plaintiffs also seek to add a plaintiff to the suit, Dana Caraway, whose claims have ripened since they filed their initial complaint.

5. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

6. None of the factors that might merit denial of leave to amend are present in this case. These amendments will result in no delay to this proceeding. Plaintiffs have moved to amend before the jointly agreed-upon deadline for moving to amend in the Rule 26(f) report submitted to this Court for approval. ECF No. 61. The parties are at the very beginning of the discovery period in this matter.

7. In circumstances such as these, in which no prejudice to an opposing party can be shown, a motion for leave should be freely granted. *See Scott v. Family Dollar Stores*, 733 F.3d 105, 117-19 (4th Cir. 2013) (finding, inter alia, that there is no prejudice from amendment even when discovery is underway).

8. The University Defendants take no position on Plaintiffs' Motion. Counsel for the remaining Defendants had not yet responded regarding their position at the time of this filing.

\* \* \*

3

Case 1:19-cv-00272-LCB-LPA   Document 62   Filed 08/03/20   Page 3 of 5

Dated: August 3, 2020

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE
  AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

Tara Borelli*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: August 3, 2020
/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

*Counsel for Plaintiffs*