IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00272

|  |  |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK, by his next friends and parents, JASON FLECK and ALEXIS THONEN; JULIA MCKEOWN; MICHAL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; and SAM SILVAINE, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DALE FOLWELL, in his official capacity as State Treasurer of North Carolina; DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

This Court should deny the Plaintiffs' Motion for Leave to amend their complaint for several reasons, but the most salient is that this Court lacks jurisdiction to grant it. The Plaintiffs seek leave to add a new claim against the North Carolina State Health Plan for Teachers and State Employees (the State Health Plan). The Plaintiffs brought one claim against the State Health Plan, and the Plan asserted its immunity from suit. This Court rejected the Plan's assertion of sovereign immunity, and the Plan has appealed. Sovereign immunity is the right not to be subject to proceedings at all. The Plaintiffs cannot add a new claim in an effort to force discovery and a trial without interfering with the Fourth Circuit's jurisdiction over the appeal.

Because the Plaintiffs cannot bring new claims against the State Health Plan, this Court should deny the Plaintiffs' Motion for Leave to File First Amended Complaint. Some changes in the new complaint, such as the withdrawal of Plaintiff Alexis Thonen, may be unobjectionable. The Plaintiffs still have until October 1, 2020, to file an acceptable amended complaint.

<u>STATEMENT OF THE CASE</u>

Plaintiffs (or their children) are transgender individuals. [DE 1, Complaint ¶1]. The Plaintiffs also suffer from gender dysphoria, which is a psychiatric diagnosis "only a subset of transgender people suffer." *Doe 2 v. Shanahan*, 917 F.3d 694, 708 (D.C. Cir. 2019) (Williams, J., concurring). The Plaintiffs receive health insurance coverage through the State Health Plan, and the Plan does not include gender transformation as a covered medical treatment. The Plaintiffs want this Court to order that their health insurance include

Case 1:19-cv-00272-LCB-LPA   Document 64   Filed 08/24/20   Page 2 of 13

gender transformation as a covered medical treatment, and they seek damages for the medical costs and other injuries they have incurred because it does not.

BACKGROUND

On March 11, 2019, the Plaintiffs sued six defendants. First, the Plaintiffs sued their employers, three North Carolina universities. [DE 1, ¶¶ 58-59, 67, 74, 84-85, 91, 101, 114]. They argue that the failure of these employers to provide health insurance that covers the cost of gender transformation violates the prohibition against discrimination in an "education program or activity receiving federal financial assistance" and is therefore a violation of Title IX of the Education Amendments of 1972. [DE 1, ¶¶ 139-47]. *See* 20 U.S.C. § 1681, *et seq.*

The Plaintiffs also sued North Carolina Treasurer Dale Folwell and Dee Jones, the Administrator of the State Health Plan. [DE 1, Complaint ¶ 124-38]. The Plaintiffs argue that the State Health Plan, which receives premiums from the Plaintiffs and their University employers, violates the Equal Protection Clause of the U.S. Constitution because the Plan's benefits do not include payment for gender transformation. *Id.* This second claim seeks only injunctive relief. [DE 1, ¶ 126]. *See Ex parte Young*, 209 U.S. 123 (1908) (The Eleventh Amendment does not bar claims for injunctive relief against state officials in their official capacity.).

Finally, the Plaintiffs sued the State Health Plan itself for violation of Section 1557 of the Affordable Care Act. [DE 1, ¶¶ 148-57]. This provision bars discrimination in a "health program or activity" that receives federal financial assistance. 42 U.S.C. § 18116.

The defendants filed motions to dismiss on July 8, 2019. [DE 30-33]. While these motions were pending, the University Defendants and the Plaintiffs reached a tolling agreement. [DE 42-1]. As noted in the agreement, the Plaintiffs' "Title VII claims against University Defendants" had to be filed within ninety (90) days after the Equal Employment Opportunity Commission issued a right-to-sue letter. [DE 42-1 at 3]. To comply with this requirement, the Plaintiffs had to amend their complaint by March 2, 2020. [DE 42-1 at 4]. The University Defendants and the Plaintiffs asked this Court to toll the deadline for this amendment until 30 days after the Supreme Court issued its decision in *R.G. & G.R. Harris Funeral Homes v. EEOC*. [DE 42-1 at 5]. *See Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731 (June 15, 2020) (the referenced decision). The Plaintiffs would then have 20 days to amend their complaint to include a claim under Title VII. [DE 42-1 at 5]. The State Health Plan defendants took no position on this tolling agreement between these other parties. [DE 41].

This Court denied the defendants' motions to dismiss on March 11, 2020. [DE 45]. The State Health Plan's motion to dismiss had been founded on a claim of sovereign immunity. [DE 32 & 33]. This Court concluded that North Carolina has waived its immunity from suit. [DE 45 at 16-20]. On April 8, 2020, the State Health Plan filed an interlocutory appeal with the Fourth Circuit. [DE 50]. The Court of Appeals docketed the appeal the next day. [DE 52].

On August 3, 2020, the Plaintiffs requested leave from this Court to file their First Amended Complaint. [DE 62]. The Plaintiffs seek "leave to amend their complaint to plead Title VII claims" and to add Dana Caraway as a plaintiff. The Plaintiffs cite the tolling

4

agreement entered by this Court, as well as Rule 15(a)(2)'s general command that "the court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The amended complaint includes more than Title VII claims against the University Defendants. The Plaintiffs also allege that the State Health Plan has violated Title VII. [DE 62-1 at ¶¶ 20-22, 175-88].

<u>ARGUMENT</u>

A Plaintiff has an absolute right to amend their complaint once at any time before the defendant has filed a responsive pleading. Fed. R. Civ. P. 15. This authority lapsed on July 8, 2019. The Plaintiffs must now seek leave of the court or obtain the opposing parties' written consent before filing an amended complaint, understanding that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).[*]

While motions to amend are freely granted, the generosity of Rule 15(a) is not without limits. The request can be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). To these restrictions, the defendants offer an additional reason to deny the motion: the district court lacks jurisdiction to grant the request as presented.

---

[*] In their motion, the Plaintiffs state that the State Health Plan, Treasurer Folwell, and Administrator Jones had "not yet responded regarding their position" at the time of filing. [DE 62 at 2]. This is accurate but incomplete. The Plaintiffs did not provide the Complaint prior to seeking leave to amend. Defendants should not be faulted for seeking the same information required by Local Rule 15.1.

5

I.  **This Court lacks jurisdiction to grant the Plaintiffs' Motion for Leave to File First Amended Complaint.**

The Plaintiffs' Complaint currently alleges a single claim against the State Health Plan: violation of § 1557 of the Affordable Care Act. [DE 1, ¶¶ 148-57]. The State Health Plan is an agency of the State of North Carolina and invoked its sovereign immunity as bar to this suit. This Court refused to dismiss the Complaint, finding North Carolina has waived its immunity from suit. [DE 45 at 16-20].

Sovereign immunity is not just a bar to liability. Sovereign immunity prevents "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Therefore, the State Health Plan has a right to interlocutory review. *Id.* Pursuant to the collateral order doctrine, the State Health Plan appealed to the Fourth Circuit on April 8, 2020. [DE 50]. The Fourth Circuit docketed the appeal on the next day. [DE 52].

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The State Health Plan has invoked its sovereign right not to stand trial, and this Court cannot proceed forward against the Plan until the Fourth Circuit has reached its decision or given permission to proceed.

This Court has residual jurisdiction only over "a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate

6

courts." *Doe*, 749 F.3d at 258 (4th Cir. 2014). These must be "matters that are collateral to the appeal" (such as a claim for attorney fees) or "action that aids the appellate process" (such as reducing oral opinions to writing). *Id.*

The Plaintiffs' Motion for Leave to amend the complaint neither promotes judicial efficiency nor raises a collateral matter. The Plaintiffs' new complaint is an end-run around the Fourth Circuit's jurisdiction. The Complaint now alleges that the State Health Plan has violated Title VII of the Civil Rights Act, as an "agent" of the Plaintiffs' actual employers and as a "joint employer." [DE 62-1 at ¶¶ 20-22]. Even were this a plausible theory (and it is not), this Court should not allow itself to be misled into assuming jurisdiction that now lies elsewhere.

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs*, 459 U.S. at 58. For this reason, a plaintiff cannot even voluntarily *dismiss* claims after the appeal has been docketed. *D.C. v. Trump*, 930 F.3d 209, 214 (4th Cir. 2019) *rev'd on other grounds* 959 F.3d 126 (4th Cir. 2020) (en banc) (reversed because, unlike here, the district court had not yet issued a ruling denying immunity). A timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal. "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).

*Griggs* makes clear that "those aspects of the case involved in the appeal" cannot be altered by the district court while the case is pending. 459 U.S. at 58. For a claim of

immunity, the 'aspects of the case' involve whether there should be a case at all. Sovereign immunity, like qualified immunity for suits against individual government officials, is "an immunity from suit rather than a mere defense to liability" which is "effectively lost if a case is erroneously permitted to go to trial." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "The justification for the interlocutory appeal is that the trial destroys rights created by the immunity." *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989). It makes no sense for a trial to go forward while the court of appeals cogitates on whether there should be one. *Id.*

This Court cannot blind itself to the import of the Plaintiffs' motion. They bring a new claim under Title VII of the Civil Rights Act against the State Health Plan to circumvent the State's appeal. Once the Fourth Circuit docketed the State Health Plan's appeal, this forum became unavailable for the Plaintiffs. That they have a new theory of recovery is not relevant. The Complaint must remain intact for purposes of the appeal, and new legal theories of recovery against the State Health Plan must wait.

II.   <u>The Plaintiffs' Motion for Leave should also be denied as futile and/or prejudicial to the Defendants.</u>

The Plaintiffs cite a "joint stipulation" as authority to raise otherwise untimely claims under Title VII. [DE 42-1]. The tolling agreement was between the Plaintiffs and the University Defendants. The State Health Plan was not part of this stipulation. The tolling agreement only permits delay in bringing suit against the University Defendants. Further, upon information and belief, the new proposed plaintiff—Dana Caraway—has not

8

yet received authority to sue from the Equal Employment Opportunity Commission. These claims are barred.

Moreover, the legal theory proposed by the Plaintiffs has already been rejected by the Fourth Circuit. A motion for leave to amend a complaint is futile if the amended complaint could not satisfy the appropriate requirements of the Federal Rules of Civil Procedure, including Rule 12(b)(6). *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

The Plaintiffs allege that the State Health Plan is liable as an "agent" of the University Defendants. The Fourth Circuit has already opined on the liability of "agents" under Title VII. If an "agent" undertakes "discriminatory personnel actions," this creates liability for the employer, not the agent individually. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994). Admittedly, there can be liability for individual decisions of a non-delegable nature, *id.* at 511 n.1, but the Plaintiffs' amended complaint alleges just the opposite. The Plaintiffs allege that the State Health Plan's benefits are a "delegate[d] responsibility" from the universities. [DE 62-1 at ¶ 20]. Liability for delegated decisions remains with the employer.

Finally, the Plaintiffs' complaint misconstrues the "joint employer" doctrine under Title VII. Whether two entities are joint employers depends on the extent that the two employers "exercise[s] significant control over the same employees." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015). The Fourth Circuit's "hybrid" test makes clear that the focal point is not control over a specific employee benefit but control over the employee's work experience. The "joint employer" doctrine exists to identify the

9

"the loci of effective control over an employee" without discounting the "formalities" of the employment relationship entirely. *Id.* at 415. There is simply nothing in Title VII that suggests that a health insurance provider—such as Blue Cross/Blue Shield or United Health Care or the State Health Plan—is a "joint employer" of its participants because the health plan offers a specific menu of benefits.

<u>CONCLUSION</u>

This Court should not, and indeed cannot, grant the Plaintiffs leave to amend their complaint in the manner they propose. A more reasonable request might be possible, recognizing that some of the Plaintiffs' proposed amendments will engender further procedural filings. [*See*, *e.g.*, DE 62-1 at 46 (deleting demand for jury)]. Local Rule 15.1 exists to prevent confusion about what amendments to the complaint have been proposed and adopted. This motion should be denied.

Dated this 24th day of August, 2020.

Respectfully submitted by,

*/s/ Ben Garner*
James Benjamin Garner
N.C. Bar. No. 41257
General Counsel
North Carolina Department of
    the State Treasurer
3200 Atlantic Avenue
Raleigh, North Carolina 27604
Telephone: (919) 814-4000
Ben.Garner@nctreasurer.com

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
LAW OFFICE OF JOHN G. KNEPPER, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
Facsimile: (307) 432-0310
John@KnepperLLC.com

10

/s/ Kevin G. Williams
_____
Kevin G. Williams
N. C. Bar No. 25760

/s/ Mark A. Jones
_____
Mark A. Jones
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC  27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

11

# CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that this Brief complies with the word limit contained in L.R. 7.3(d)(1), using the word count feature of the word processing software in making this certification.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
LAW OFFICE OF JOHN G. KNEPPER, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
Facsimile: (307) 432-0310
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N. C. Bar No. 25760

*/s/ Mark A. Jones*
Mark A. Jones
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC 27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

This the 24th day of August, 2020.

*/s/ Kevin G. Williams*