IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK, by his next friends and parents, JASON FLECK and ALEXIS THONEN; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; and SAM SILVAINE,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>DALE FOLWELL, in his official capacity as State Treasurer of North Carolina; DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES,<br><br>      *Defendants*. | **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

## BACKGROUND

Plaintiffs, by and through counsel, submit Plaintiffs' Reply to the Opposition to Plaintiffs' Motion for Leave to Amend submitted by Defendants North Carolina State Health Plan for Teachers and State Employees (the "NCSHP"), Dale Follwell, and Dee Jones (collectively, "State Defendants"). Plaintiffs' proposed First Amended Complaint ("Amended Complaint") would add to the present case claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), now that the Supreme Court has decided *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731 (2020). *See* ECF 62 ¶ 3. The existing plaintiffs, all employees (or their beneficiaries) of the University Defendants, seek to add their Title VII claims against those defendants. A new plaintiff, Sgt. Dana Caraway, also seeks to bring Title VII claims against her employer, the State of North Carolina, Department of Public Safety; and against the NCSHP.

The University Defendants do not oppose these additions. State Defendants' opposition is narrow, and as explained below, unfounded. Most of the amendments Plaintiffs propose are uncontested: for example, the new claims against the University Defendants is not opposed; nor is there an objection to Sgt. Caraway's new Title VII claim against the State of North Carolina, Department of Public Safety. State Defendants object only to Sgt. Caraway's Title VII claim against the NCSHP. For the reasons explained below, their objections are both improper on this posture, and wrong on the merits. Plaintiffs' motion to amend the complaint should be granted.

## ARGUMENT

### I. State Defendants Ignore the Standard for a Motion for Leave to Amend

Rule 15 directs courts to "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally give leave to amend unless "good reason exists" to deny it, "such as prejudice to the defendants." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (internal alterations and quotations omitted). State Defendants do not argue that

1

they would be prejudiced by the amendment here. Nor do they provide any other "good reason" to deny the motion. Instead, they spend the bulk of their response arguing jurisdictional and merits issues. The Court should reject this effort to shoehorn points best made in a motion to dismiss into an argument on a motion for leave to amend. The amendment will not unduly prejudice State Defendants: it will not delay the proceedings, and discovery has only just begun. Moreover, the addition of a new plaintiff, with claims arising from similar conduct to that alleged by existing plaintiffs, is not prejudicial. 16A Fed. Prac. & Proc. ("Wright & Miller") § 1501 (3d ed. 2016); *cf. Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (noting that a defendant is not prejudiced by an amendment adding new claims based on same actions giving rise to original claims). Thus, State Defendants have failed to show any reason to deny leave to amend.

## II. The Court Has Jurisdiction to Grant Plaintiffs' Motion

State Defendants' argument that their appeal has deprived this Court of jurisdiction over *any* claims against NCSHP is incorrect. An appeal "divests the district court of its control *over those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added); *accord Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).

State Defendants err in applying the holding in *Griggs* to *all aspects* of the case involved in the appeal. But the plain text of *Griggs* belies this—and Plaintiffs' claims under Title VII, raised for the first time in the Amended Complaint, plainly are not part of the appeal. Consistent with *Griggs*, where a party has taken an interlocutory appeal, the district court retains jurisdiction over "matters outside the scope of the appeal." *Price v. Dunn*, 139 S. Ct. 1533, 1537 (2019) (Thomas, J., concurring). Here, on grounds specific to Plaintiffs' Patient Protection and Affordable Care Act ("ACA") claim, State Defendants have taken an interlocutory appeal under

2

the collateral order doctrine, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "[U]nder the 'collateral order doctrine,' the fact that the issues on appeal are separate from the merits of the case may mean that the pendency of the appeal does not oust the district court's jurisdiction to proceed with the case." Wright & Miller, Juris. § 3949.1. *See also Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("Appeals based on the 'collateral order doctrine' . . . present issues separate from the merits . . . and the court of appeals can consider these segregable issues while the district court presses ahead with the case."). Thus, a collateral appeal on immunity grounds does not deprive the district court of jurisdiction over all the other claims in the same case to which the immunity defense could not apply. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995); *see also Adams v. Ferguson*, 884 F.3d 219, 224 (4th Cir. 2018) (refusing to exercise jurisdiction over claims not subject to sovereign immunity in collateral appeal from denial of sovereign immunity defense); *Robinson v. Miller*, 802 Fed. App'x 741, 749 (4th Cir. 2020) (unpublished) (same as to qualified immunity); *Richardson v. Orangeburg Sch. Dist. No. 1*, 53 F.3d 329 n.2 (4th Cir. 1995) (unpublished) (same).

Sgt. Caraway's Title VII claim is plainly outside the scope of NCSHP's appeal, which asserts sovereign immunity only as to Plaintiffs' ACA claim. Moreover, State Defendants do not argue that NCSHP would have a sovereign immunity defense as to Sgt. Caraway's Title VII claim. Indeed, they could not make such an argument, because states do not have sovereign immunity under Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) (holding that Title VII abrogates state sovereign immunity pursuant to Section 5 of the Fourteenth Amendment); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000) (reaffirming Congress's authority to abrogate the States' sovereign immunity).

3

The present case is thus the same as *Swint*, *Adams*, *Robinson*, and *Richardson*: NCSHP's collateral appeal of a single claim on sovereign immunity grounds does not deprive this Court of jurisdiction to consider different claims from which there is and can be no sovereign immunity. *See also Apostol*, 870 F.2d at 1339 ("If the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals . . . .").

Further, as State Defendants' correctly observe, the collateral order doctrine is intended to avoid "the costs and general consequences of subjecting public officials to the risks of discovery and trial." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143–44 (1993). But because NCSHP's appeal does not (and cannot) address its sovereign immunity from a Title VII claim, no matter how the Court of Appeals decides the appeal, that decision will not prevent NCSHP from being subject to a potential trial on that claim. Granting State Defendants' motion would thus merely pointlessly delay proceedings on Sgt. Caraway's Title VII claim until after the appeal is over; or, alternatively, it would pointlessly require her to file a second, separate action asserting only that claim—which State Defendants could not argue is jurisdictionally foreclosed by NCSHP's appeal in this case—which would then likely be joined to this case in any event, *see United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966) ("the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"). Neither course of action would protect NCSHP against discovery and trial on the Title VII claim, and neither is consistent with judicial economy or the interests of justice.

At any rate, the question at issue *in this motion* plainly does not relate to issues "involved in the appeal." The question here is whether to grant Plaintiffs leave to amend the Complaint to add claims entirely separate from the one on appeal. Contrary to State Defendants' suggestions,

<s>4</s>

as explained above, the standard for a motion for leave to amend is whether good reason exists to deny leave. Even if a claim of sovereign immunity to as Title VII were not frivolous, which it is, Rule 15 does not require courts to consider a defendant's potential immunity from suit; therefore, Plaintiffs' motion does not raise the issue involved in State Defendants' interlocutory appeal.

### III. Plaintiffs' Motion Is Not Futile

State Defendants argue Plaintiffs' motion should be denied as "futile" because Plaintiffs fail to state a Title VII claim adequate to satisfy Rule 12(b)(6). Opp. at 8-10.[1] The argument appears to be based on a misreading of the Amended Complaint: namely that Sgt. Caraway seeks to bring claims against the University Defendants, while the current plaintiffs seek to add Title VII claims against State Defendants. Neither is true.

State Defendants' contention that Plaintiffs' Title VII claims are "untimely," Opp. at 8, appears to be based on their first misreading. Their concern about the tolling stipulation being only with the University Defendants, Opp. at 8, could be relevant if any of the current plaintiffs had brought Title VII claims against any of the State Defendants, but they have not. The stipulation is thus irrelevant to any Title VII claims against any State Defendants. Only Sgt. Caraway, a new plaintiff, brings Title VII claims against any of the State Defendants (specifically, against NCSHP).[2] Amend. Compl. at 42. That claim is subject to a ninety-day statute of limitations, *see* 42 U.S.C. § 2000e-5(f)(1), which began running when she received her

---

[1] State Defendants' brief also states in a heading that Plaintiffs' motion is "prejudicial," Opp. at 8, but does not present any argument. This argument is therefore waived. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012).

[2] She also brings claims against a new defendant: her employer, the State of North Carolina, Department of Public Safety. State Defendants do not mention this claim in their brief, let alone argue that it is improper.

Notice of Right to Sue, on July 30, 2020. *See* Appendix A; *see also* Amend. Compl. at ¶ 177.[3] The Amended Complaint, filed four days later, was therefore timely. State Defendants' argument that Sgt. Caraway never received that Notice, Opp. at 8, is incorrect.[4]

State Defendants' argument that Plaintiffs' theory of their Title VII liability depends on NCSHP being an "agent" of the University Defendants, Opp. at 9, appears to be based on their second misreading. Sgt. Caraway is not an employee of any of the University Defendants and her Title VII claim has nothing to do with the relationship between them and NCSHP. State Defendants' argument is a non sequitur.

Moreover, even as to the relevant co-defendant, State Defendants' argument that as a matter of law NSCHP cannot be liable under Title VII is wrong. Title VII uses the word "agent" in its definition of "employer." 42 U.S.C. § 2000e(b). The Supreme Court has long rejected the argument that State Defendants seek to make here; it held nearly half a century ago that a government administrative board that implements a discriminatory fringe benefit may be sued under Title VII as the "agent" of the government agency that provides the benefit to its employees. *City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 718 n. 33 (1978). Indeed, in a case essentially identical to the present, a different district court has already ruled that the state agencies charged with adopting and administering the terms of a state

---

[3] 42 U.S.C. § 2000e-5(f)(1) also provides that, where a respondent is a state or local government entity, the Attorney General, not EEOC, issues the Notice of Right to Sue—as happened here. For completeness' sake, Appendix A comprises the final Notices issued to Sgt. Caraway by the Department of Justice; the earlier Notices issued by EEOC, which the Department of Justice's Notices superseded; and Sgt. Caraway's original Charge. The EEOC file number of Sgt. Caraway's claim against NCSHP is 433-2020-02566. *See* Appendix A at 2, 6.

[4] Plaintiffs' Title VII claims against University Defendants are also timely. Plaintiffs had fifty days from the Supreme Court's decision in *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731 (June 15, 2020) to add Title VII claims against them. *See* Opp. at 9. Plaintiffs' motion was filed forty-nine days later.

employee health plan containing a transgender exclusion are proper "agent" defendants in a Title VII suit by state employees. *Boyden v. Conlin*, 341 F. Supp. 3d 979, 998 (W.D. Wis. 2018) (granting plaintiffs summary judgment on their argument that an employee trust fund administering health coverage is "liable for sex discrimination under Title VII" as "an agent of the State and the ultimate employer"); *see also Boyden v. Conlin*, No. 17-CV-264-WMC, 2018 WL 2191733, at *8 (W.D. Wis. May 11, 2018) (further analyzing employee trust fund's liability as an agent of employer).[5] Nor do State Defendants cite any authority foreclosing Plaintiffs' joint employer theory of liability. Any dispute about application of the Fourth Circuit's multi-factor analysis for joint employer relationships, Opp. at 9-10, is properly considered on a motion to dismiss, not here. Thus, State Defendants cannot make the required showing that Plaintiffs' amendment would be futile pursuant to Rule 15.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion for Leave to Amend.

---

[5] *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir. 1994), cited by the State Defendants, stands only for the simple proposition that "as an unremarkable expression of respondeat superior" Title VII's use of the word "agent" doesn't generally provide for individual liability by a defendant's supervisory employees. *Accord Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). That doesn't mean the Fourth Circuit has simply read "agent" liability out of Title VII—nor could it.

7

Dated: September 8, 2020

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

David Brown*
Noah E. Lewis*
Alejandra Caraballo*
TRANSGENDER LEGAL DEFENSE AND
    EDUCATION FUND, INC.
20 West 20th Street, Suite 705
New York, NY 10011
Telephone: 646-862-9396
Facsimile: 646-930-5654
dbrown@transgenderlegal.org
nlewis@transgenderlegal.org
acaraballo@transgenderlegal.org

Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

*Appearing by special appearance pursuant to L.R. 83.1(d)

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT is in compliance with Local Rule 7.3(d)(l) in that the body of this brief, including headings and footnotes, does not exceed 3,125 words as indicated by the word processing software used to prepare this document.

Dated: September 8, 2020 /s/ Amy E. Richardson
Amy E. Richardson

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, the foregoing PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT was filed electronically with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all registered users.

/s/ Amy E. Richardson
Amy E. Richardson

*Counsel for Plaintiffs*