IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 1:19CV272 |
| DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, et al., | ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Maxwell Kadel, Jason Fleck, Connor Thonen-Fleck, by his next friends and parents, Jason Fleck and Alexis Thonen, Julia McKeown, Michael D. Bunting, Jr., C.B., by his next friends and parents, Michael D Bunting, Jr. and Shelley K. Bunting, and Sam Silvaine; Defendants Dale Folwell, and Dee Jones; and Defendants University of North Carolina at Chapel Hill, North Carolina State University, and University of North Carolina at Greensboro; (collectively, "the parties") hereby enter into this Stipulated Protective Order to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained herein, this Order shall remain in effect through the conclusion of this litigation.

The parties agree that this Order shall control the disclosure, dissemination, and use of confidential material produced in discovery. The parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery responses and that the

protection it affords from public disclosures and use extends only to the limited information or items that are entitled to protected treatment pursuant to this Order.

1.  **Necessity of Protective Order:** Discovery in this matter is likely to extend to, among other things, confidential medical information, as well as information that is confidential pursuant to North Carolina's State Human Resources Act.

2.  **Scope of Protective Order:** As a means of avoiding dispute with respect to the parties' requests for information requiring protected treatment, the parties have agreed to produce information requiring protected treatment pursuant to the terms of this Order. This order shall govern the production, use, and disclosure of information produced by any party or non-party, including in response to any discovery request, in *Kadel v. Folwell* (Case No. 1:19-cv-272-LCB). This order does not authorize production of medical records and individually-identifiable health information, or otherwise limit the protections available under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, and the regulations thereunder, for individuals who are not parties to this litigation.

3.  **Designation of Protected Material:** Any party or non-party producing Discovery Material in this action may designate such Discovery Material and the information contained therein that the designating party reasonably and in good faith believes contains information requiring protected treatment—including, for example, sensitive personal information not generally disclosed to the public or personal financial information—as Protected Material subject to this Order by stamping "Confidential" on

each page of the document or on each page of the portion(s) of the document for which protected treatment is designated.  Any party or non-party producing Discovery Material in this action may designate such Discovery Material and the information contained therein that the designating party reasonably and in good faith believes contains highly sensitive information—including, for example, medical records and health information—as Protected Material subject to this Order by stamping "Attorneys Eyes Only" on each page of the document or on each page of the portion(s) of the document for which protected treatment is designated.  Information designated as "Confidential" or "Attorneys Eyes Only" pursuant to this Paragraph 3 ("Protected Material") shall be treated as protected pursuant to this Order.

    **4.**     **Discovery Material:** The parties shall have the right to designate as Protected Material any part or the whole of any answers to discovery, answers in interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, or deposition testimony or other information (collectively, "Discovery Material") that the parties deem to be confidential.  Any Discovery Material that the parties have designated as Protected Material shall constitute information under this Order requiring protected treatment, both in form and substance.

    **5.**     **Deposition Testimony:** Deposition testimony can be designated by the parties as Protected Material.  Such designation will be made on the record if possible, but the parties can designate portions of such testimony as Protected Material by providing

written notice of such designation to the opposing party within thirty (30) days of the deposition to be designated as Protected Material. Until thirty (30) days after the deposition, all deposition testimony shall be treated by the parties as "Confidential."

6. **Native Documents:** Electronic documents produced in native format may be designated for protected treatment under this Order by designation on the physical media (e.g., disk, flash drive) containing such electronic documents; by naming the native file "Confidential" or "Attorneys Eyes Only," as applicable, along with its bates-number; or by stamping "Confidential" or "Attorneys Eyes Only," as applicable, on a slipsheet accompanying the native file if the file is served electronically.

7. **Limitation on Use:** Information designated for protected treatment under this Order, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used strictly in accordance with the terms in this Order and solely for the purpose of prosecution or defense of this action. At no time shall such information be disclosed to or used by any person, corporation, or entity except as permitted by this Order. The parties, their attorneys, and anyone else acting on their behalf shall take such precautions with Protected Material as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

8. **Limited Disclosure of "Confidential" Protected Material:** Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any

information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers, employees, and any stenographic reporters of such courts; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel, and employees and agents of counsel assigned to assist such counsel in the preparation of this litigation; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses testifying at a deposition; (f) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown confidential documents prepared after the date of his or her departure); and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

9. **Acknowledgement by Third-Parties:** Information designated as "Confidential" shall not be made available to any person designated in Subparagraph 8(e)-(g) unless such person has first read this Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A.

10. **Limited Disclosure of "Attorneys Eyes Only" Protected Material:** Except with the prior written consent of the individual or entity designating a document or portions of a document as "Attorneys Eyes Only," or pursuant to prior Order after notice, any document, transcript, or pleading given "Attorneys Eyes Only" treatment under this

Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers, employees, and any stenographic reporters of such courts; (b) counsel for the parties, whether retained outside counsel or in-house counsel, and employees and agents of counsel assigned to assist such counsel in the preparation of this litigation; (c) experts specifically retained as consultants or expert witnesses in connection with this litigation, including any such expert witnesses testifying at a deposition in this matter; and (d) the individual plaintiff to whom the Protected Material relates, at any deposition of such plaintiff.

**11.** **Filed Documents:** Before filing any Discovery Material that has been designated "Confidential" or "Attorneys Eyes Only" with the Court, or any pleadings, motions, or other papers that disclose any such information, and before moving any Discovery Material into evidence at any trial or evidentiary hearing in this matter, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall either file the materials in accordance with Local Civil Rule 5.4, M.D.N.C., with notice served upon the producing party, or pursue the dispute resolution procedures in Paragraph 12 below.

**12. Objection to Designation:** In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. In seeking intervention by the Court, the party asserting the designation as "Confidential" or "Attorneys Eyes Only" shall bear the burden of demonstrating that the information is entitled to protection under this Order or other applicable law. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Attorneys Eyes Only," as applicable, subject to the provisions of this Order.

**13. Effect of Designation:** The designation of Protected Material pursuant to the Protective Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any use. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Protective Order. All parties maintain their respective rights to object to the production of requested documents on the grounds that they are not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, proportionality to the needs of the case, and protection under state or federal law, including decisional law.

14. **Late Designation:** The producing party's inadvertent production of any Discovery Material without designation as Protected Material, or failure to designate deposition testimony, shall not be deemed a waiver of the producing party's claim of confidentiality as to that material and shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents. If the producing party wishes to afford protected treatment to any material after production, the producing party shall notify the receiving party that the material is designated as "Confidential" or "Attorneys Eyes Only," as applicable. However, the parties understand and acknowledge that a party's failure to designate Discovery Material as protected under this Order relieves the other parties of any obligation of confidentiality until such a designation is made. All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order. If the receiving party disagrees with the designation, the receiving party may follow the dispute resolution procedures in Paragraph 12 above.

15. **Privileged Material:** Consistent with Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. **Subpoena of Protected Material:** If a person in possession of Protected Material under this Order who is not the producing party with respect to that material

receives a subpoena or other request that would require production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party and identify the Protected Material sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction

17. **Application to Court Proceedings:** The parties cannot use or disclose any Protected Material in any court proceeding that is open to persons not authorized to have access to such Protected Material under the terms of this Order. This provision does not limit the right of any of the parties to file any Protected Material under seal as described above or submit any Protected Material in camera to the Court.

18. **No Limitation on Designating Party:** Nothing herein shall be construed as limiting a party's use of its own Protected Material, and such use shall not constitute a waiver of the terms of this Order or the status of such information as Protected Material. Either party may remove the "Confidential" or "Attorneys Eyes Only" designation from any information it has previously so designated.

19. **Inadvertent Disclosure of Protected Material:** Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review, then the disclosing party must: (a) promptly inform the person or entity to whom inadvertent disclosure was made of all provisions of this Order and request in writing that such person or entity return the Protected Material to the disclosing

party; and (b) promptly notify all counsel of record in this matter of the inadvertent disclosure. Inadvertent disclosure of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the confidentiality of the Protected Material in accordance with the terms of this Protective Order, either as to specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

20. **Third-Party Designations:** Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

21. **Enforcement:** All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of the Court, for the purpose of enforcing the terms of this Protective Order. The confidentiality obligations of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. This Court shall retain continuing jurisdiction to enforce the terms of this Order. This Protective Order shall continue in full force and effect, and shall be binding upon the parties and all parties to whom Protected Material has been disclosed, both during and after the pendency of this case unless or until the designating party agrees in writing or the Court orders the disclosure of the Protected Material.

22. **Return of Protected Material:** Within sixty (60) days after the final resolution of this matter, including any settlement or appellate proceeding, the parties agree

to return to opposing counsel or destroy the original and any copies of any Protected Material produced. The attorneys for parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files from this action and shall not, without the written permission of the designating party or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order. The ultimate disposition of Protected Material on the completion of litigation shall be subject to a final order of the Court.

23. **Modification:** Any party may at any time and for any reason seek modification of this Order. This Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Order.

**IT IS SO ORDERED**.

This, the 19th day of January, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

AGREED TO BY:

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE
   AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org
acaraballo@transgenderlegal.org
nlewis@transgenderlegal.org

Tara Borelli*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

*Appearing by special appearance pursuant to L.R. 83.1(d)

*/s/ James Benjamin Garner*
James Benjamin Garner

*/s/ John G. Knepper*
John G. Knepper

N.C. Bar. No. 41257
General Counsel
North Carolina Department of
    the State Treasurer
3200 Atlantic Avenue
Raleigh, North Carolina 27604
Telephone: (919) 814-4000
Ben.Garner@nctreasurer.com

Wyo. Bar No. 7-4608
LAW OFFICE OF JOHN G. KNEPPER, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
Facsimile: (307) 432-0310
John@KnepperLLC.com


*/s/ Kevin G. Williams*
Kevin G. Williams
N. C. Bar No. 25760
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC  27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com


*/s/ Mark A. Jones*
Mark A. Jones
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC  27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendants Dale Folwell, Dee Jones, and the North Carolina State Health Plan for Teachers and State Employees*

JOSHUA H. STEIN
Attorney General

/s/Zach Padget
Zach Padget

Assistant Attorney General
NC State Bar No. 46610
zpadget@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-6920
Fax: 919-716-6764

*Counsel for Defendants The University of North Carolina at Chapel Hill, North Carolina State University, and The University of North Carolina at Greensboro*

# **EXHIBIT A**

The undersigned has read and understands the terms of the Stipulated Protective Order effective in this case, *Maxwell Kadel, et al. v. Dale Folwell, et al.,* Civil Action No. 1:19-cv-272-LCB-LPA, which is currently pending in the United States District Court for the Middle District of North Carolina.

The undersigned agrees (i) to abide by the terms of the Stipulated Protective Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Stipulated Protective Order, including confidential information, except as permitted by the terms of the Stipulated Protective Order; and (iii) to submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for resolution of any issues arising under the Stipulated Protective Order.

Signed: _____

Printed: _____

Dated: _____