IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00272

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; SAM SILVAINE; and DANA CARAWAY, <br><br> Plaintiffs, <br><br> v. <br><br> DALE FOLWELL, in his official capacity as State Treasurer of North Carolina; DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS DALE FOLWELL, STATE TREASURER OF NORTH CAROLINA, DEE JONES, EXECUTIVE ADMINISTRATOR OF THE NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, AND THE NORTH CAROLINA STATE HEALTH PLAN FOR TREACHERS AND STATE EMPLOYEES**

Defendants Dale Folwell, Dee Jones, and the North Carolina State Health Plan for Teachers and State Employees respond to the First Amended Complaint as follows[1]:

1. Defendants admit that Plaintiffs are, or have been, members in the North Carolina State Health Plan for Teachers and State Employees ("State Health Plan" or "Plan"). The Defendants admit that the State Health Plan is a health benefits program that is self-funded by the State of North Carolina and premiums are paid by Plan subscribers. The Defendants admit that eligible employees and retirees are offered the opportunity to enroll in the Plan through their employing unit or retiree Plan. Generally, these employers contribute to the Plan in addition to the employee premiums. The Defendants admit that the Plaintiffs who have enrolled in the Plan were offered the opportunity to do so by University Defendants or the North Carolina Department of Public Safety. The Defendants deny that the Plan's payments for medical treatment are compensation for employment. Except as expressly admitted, denied.

2. Denied. In this paragraph, and throughout the Complaint, Plaintiffs use the term "medically necessary" without further definition. This phrase could either be a legal term, as when used in the Medicaid Program, or a factual allegation. To the extent that "medically necessary" reflects a conclusion of law, the Defendants neither admit nor deny. To the extent that the term alleges facts, the Defendants lack sufficient information to admit or deny. Except as expressly admitted, denied.

---

[1] Defendant, North Carolina State Health Plan for Teachers and State Employees, filed a Notice of Appeal on April 9, 2020. Consistent with that appeal, the State Health Plan is not filing an answer as to the allegations in ¶¶ 165-174.

3. Denied. The Defendants lack sufficient information to admit or deny the Plaintiffs' allegations about their own behavior or experience. Except as expressly admitted, denied.

4. The Defendants admit the first sentence. The Defendants admit the second sentence accurately quotes the Plan's mission statement but deny all other allegations.

5. Denied.

6. The Defendants lack sufficient information to admit or deny allegations about the Plaintiffs' intentions. Except as expressly admitted, denied.

7-12. The Defendants admit, upon information and belief, that Plaintiff McKeown is employed by University Defendants, Plaintiffs Fleck and Bunting are retired university employees, Plaintiffs Kadel and Silvaine are former university employees, and Plaintiff Caraway is a current employee of the North Carolina Department of Public Safety. The Defendants admit, upon information and belief, that Plaintiffs Thonen-Fleck and C.B. are enrolled in the State Health Plan as dependents of Plaintiff Fleck and Plaintiff Bunting, respectively. The Defendants admit, upon information and belief, that the Plaintiffs' residences are as described and that the familial relations, where alleged, are accurate. The Defendants admit, upon information and belief, that Plaintiffs' ages are correct as of the time the First Amended Complaint was filed. The Defendants lack sufficient information to admit or deny whether Plaintiffs are "transgender" as this term is undefined in the Complaint. Except as expressly admitted, denied.

13. The Defendants admit the first sentence. The second, third, fourth sentences describe the legal authority of the State Treasurer and are neither admitted nor denied. The

fifth sentence is denied. The sixth sentence is a conclusion of law and is neither admitted nor denied. Except as expressly admitted, denied.

14. The Defendants admit the first sentence. The second and third sentences are conclusions of law and are neither admitted nor denied. Except as expressly admitted, denied.

15. The Defendants admit the first three sentences, upon information and belief. To the extent that the fourth sentence alleges that certain UNC employees are eligible to enroll in the State Health Plan, this sentence is admitted. Except as expressly admitted, denied.

16. Admit, upon information and belief.

17. The Defendants admit the first three sentences, upon information and belief. To the extent that the fourth sentence alleges that certain NCSU employees are eligible to enroll in the State Health Plan, this sentence is admitted. Except as expressly admitted, denied.

18. The Defendants admit the first sentence, upon information and belief. To the extent that the second sentence alleges that certain employees of the North Carolina Department of Public Safety are eligible to enroll in the State Health Plan, this sentence is admitted. Except as expressly admitted, denied.

19. The Defendants admit the State Health Plan is an agency of the State of North Carolina and, with its contractors and subcontractors, operates a health benefits program. To the extent the allegations in this paragraph are conclusions of law, they are neither admitted nor denied. Except as expressly admitted, denied.

20-22. The Defendants neither admit nor deny the conclusions of law contained therein. Except as expressly admitted, denied.

23. The Defendants deny the first two sentences. The Defendants admit the third sentence describes the scope of relief sought by Plaintiffs but deny the Plaintiffs are entitled to such relief.

24-27. The Defendants deny but acknowledge that the Plaintiffs allege these jurisdictional facts as the basis for their cause of action against Defendants. To the extent these paragraphs state conclusions of law, they are neither admitted nor denied.

28. The Defendants admit they are residents of North Carolina. The Defendants neither admit nor deny the conclusions of law contained therein. Except as expressly admitted, denied.

29-31. Denied.

32. The Defendants admit that gender dysphoria is a diagnosis described in the DSM-5. Except as expressly admitted, denied.

33-47. Denied.

48. The Defendants admit that the 80/20 PPO Plan and the 70/30 PPO Plan are generally offered to subscribers in the State Health Plan. The Defendants admit that the HDHP is offered to some subscribers but deny it is generally available. The Defendants admit that Blue Cross and Blue Shield of North Carolina and CVS are contractors for the State Health Plan. Except as expressly admitted, denied.

49. The Defendants admit that the Plan provides certain covered health benefits while excluding others. As noted in paragraph 3, above, the Defendants lack sufficient

information about Plaintiffs' intended meaning of the term "medically necessary" to admit or deny whether this phrase is used accurately. Except as expressly admitted, denied.

50. The Defendants admit the first sentence. The Defendants admit that the coverage exclusions challenged by Plaintiffs apply to the identified State Health Plan options. The Defendants admit that the Board of Trustees of the State Health Plan suspended the coverage exclusions at issue in this lawsuit for the 2017 Plan year. Except as expressly admitted, denied.

51. Denied.

52. The Defendants deny the first sentence. For the second sentence, the Defendants admit that documents have been published by the American Medical Association and American Psychological Association that discuss insurance coverage. The Plaintiffs have not specifically identified the referenced documents, so the Defendants lack sufficient information to identify specific statements referenced by Plaintiffs or to admit or deny whether these statements reflect the judgment of those private organizations and whether these statements reflect "medical consensus." Except as expressly admitted, denied.

53. The Defendants admit that Blue Cross and Blue Shield of North Carolina and CVS administer benefits for other insurance plans but lack sufficient information to admit or deny allegations about other plans. Except as expressly admitted, denied.

54. Denied.

55. The Defendants admit that the Board of Trustees for the State Health Plan suspended the coverage exclusions for the 2017 Plan year. The Defendants deny the

6

allegations about the motivation of the Board of Trustees within the first sentence. The Defendants admit to providing public records in response to requests about the coverage exclusion. To the extent this paragraph includes conclusions of law, these are neither admitted nor denied. Except as expressly admitted, denied.

56. The Defendants admit that the Board of Trustees for the State Health Plan suspended the coverage exclusions for the 2017 Plan year. The Defendants admit to providing public records in response to requests about the coverage exclusion. The Defendants deny that the Plaintiffs have reproduced the entirety of the document quoted. To the extent the quoted material expresses conclusions of law, these are neither admitted nor denied. Except as expressly admitted, denied.

57. The Defendants admit that the Board of Trustees for the State Health Plan suspended the coverage exclusions for the 2017 Plan year at a meeting in early December 2016. The Defendants deny that the Plaintiffs have reproduced the entirety of the document quoted. To the extent the quoted material expresses conclusions of law, these are neither admitted nor denied. Except as expressly admitted, denied.

58. The Defendants admit the Press Secretary for the prior State Treasurer provided comments at the time about the Board's action. The Defendants lack sufficient information to admit or deny whether the quoted language accurately reflects the decision by the Board of Trustees or its motivation. The Defendants also lack sufficient information to admit or deny whether the statement was correct, based on information known at the time. Except as expressly admitted, denied.

7

Case 1:19-cv-00272-LCB-LPA   Document 85   Filed 03/23/21   Page 7 of 15

59. The Defendants admit that the Plan contracts with a consulting firm to evaluate potential actuarial impacts of benefit changes and to otherwise provide reports to assist in the administration of Plan benefits. The Defendants admit that this contractor was retained by the prior State Treasurer. The Defendants deny that any reports conclusively reflect the effect of benefits changes on the actuarial soundness of the State Health Plan. The Defendants deny the third sentence fully summarizes any report's conclusions about Federal law. Except as expressly admitted, denied.

60. The Defendants admit that the quoted language appears in a report by the consulting firm. Except as expressly admitted, denied.

61. The Defendants deny that the State Treasurer could "take action" prior to assuming office. The Defendants deny that either the State Treasurer or Executive Administrator can "take action" with regard to the coverage exclusions challenged by Plaintiffs independently of the Board of Trustees of the State Health Plan. The Defendants admit that state employees and their dependents testified before the Board of Trustees in favor of eliminating the coverage exclusions. Except as expressly admitted, denied.

62. The Defendants admit that the quoted words are part of a longer public statement released by the State Treasurer. The Defendants deny that the quoted words accurately summarize or paraphrase the opinions of the State Treasurer or reflect his views. Except as expressly admitted, denied.

63. The Defendants deny the first sentence. The Defendants admit that the State Health Plan benefits exclude coverage for the services described by the quoted language. Except as expressly admitted, denied.

64-65. Denied.

66-67. The Defendants lack sufficient information to admit or deny.

68. The Defendants admit that Plaintiff Kadel was enrolled in the State Health Plan. The Defendants deny that payment for health care services is part of compensation. Upon information and belief, Kadel's monthly employee premium was deducted from his paycheck and provided to the State Health Plan. Except as expressly admitted, denied.

69-82. The Defendants lack sufficient information to admit or deny.

83-84. The Defendants admit that Plaintiff Jason Fleck is enrolled in the State Health Plan. The Defendants deny that payment for health care services is part of compensation. Upon information and belief, Jason Fleck's monthly employee premium is deducted from his paycheck and provided to the State Health Plan. The Defendants admit that Connor Thonen-Fleck is enrolled in the State Health Plan as a dependent of Jason Fleck. Except as expressly admitted, denied.

85-93. The Defendants lack sufficient information to admit or deny.

94. The Defendants admit Plaintiff McKeown is enrolled in the State Health Plan. The Defendants deny that payment for health care services is part of compensation. Upon information and belief, McKeown's monthly employee premium is deducted from her paycheck and provided to the State Health Plan. Except as expressly admitted, denied.

95. The Defendants lack sufficient information to admit or deny.

96. Upon information and belief, the Defendants admit that Plaintiff McKeown submitted a benefits appeal to Blue Cross and Blue Shield of North Carolina. The Defendants admit that Plaintiff McKeown also filed a grievance with the State Health Plan

under § 1557 and that this grievance was initially denied. The Defendants deny that Plaintiff McKeown completed the § 1557 administrative grievance process. To the extent that the paragraph alleges conclusions of law, these are neither admitted nor denied. Except as expressly admitted, denied.

97-108.  The Defendants lack sufficient information to admit or deny.

109.    The Defendants admit that Plaintiff Michael Bunting is enrolled in the State Health Plan as a retiree. The Defendants admit that C.B. is enrolled as a dependent of Michael Bunting. The Defendants lack sufficient information to determine Plaintiffs' future intentions. The Defendants admit that Plaintiff Michael Bunting is enrolled in the State Health Plan. Upon information and belief, Bunting pays a monthly premium to the State Health Plan. Except as expressly admitted, denied.

110-16.  The Defendants lack sufficient information to admit or deny.

117.    The Defendants admit that Plaintiff Michael Bunting is enrolled in the State Health Plan as a retiree. The Defendants admit that C.B. is enrolled as a dependent of Michael Bunting. Except as expressly admitted, denied.

118-20.  The Defendants lack sufficient information to admit or deny.

121.    The Defendants admit, upon information and belief, that Plaintiff Silvaine was enrolled in the State Health Plan during Plan years 2016, 2017 and 2018. The Defendants deny that payment for health care services is part of compensation. Except as expressly admitted, denied.

122-24.  The Defendants lack sufficient information to admit or deny.

10

125. The Defendants admit that the Board of Trustees of the State Health Plan suspended application of the coverage exclusions challenged by the Plaintiffs for the 2017 Plan year. The Defendants lack sufficient information to admit or deny the remaining allegations. Except as specifically admitted, denied.

126-32. The Defendants lack sufficient information to admit or deny.

133. The Defendants admit Plaintiff Caraway is enrolled in the State Health Plan. The Defendants deny that payment for health care services is part of compensation. Upon information and belief, Caraway's monthly employee premium is deducted from her paycheck and provided to the State Health Plan. Except as expressly admitted, denied.

134-38. The Defendants lack sufficient information to admit or deny.

139. Defendants Folwell and Jones incorporate the responses to the allegations in Paragraphs 1-138 of the Complaint.

140. Admit.

141. Defendants Folwell and Jones admit the Plaintiffs seek the relief stated but deny the Plaintiffs are entitled to it.

142-53. The paragraphs state conclusions of law that Defendants Folwell and Jones neither admit nor deny. To the extent the paragraphs make allegations of fact, they are denied.

154-64. The Plaintiffs do not make these allegations against the Defendants. To the extent that the paragraphs state conclusions of law, the Defendants neither admit nor deny. To the extent the paragraphs make allegations of fact relevant to claims against the Defendants, they are denied.

11

165-74. The Plaintiffs' claims against the State Health Plan for violation of § 1557 of the Affordable Care Act are pending before the U.S. Court of Appeals for the Fourth Circuit. The Plaintiffs have not amended these paragraphs of their Complaint. The State Health Plan declines to answer these allegations until this Court's jurisdiction has been resolved.

175. The State Health Plan incorporates its responses to the allegations in paragraphs 1-164 of the Complaint. As noted above, the State Health Plan has declined to answer the allegations in paragraphs 165-74 until this is required by the Federal Rules of Civil Procedure.

176-88. The paragraphs state conclusions of law that the State Health Plan neither admits nor denies. To the extent these paragraphs make allegations of fact on behalf of Plaintiff Caraway, the only Plaintiff who brings this Claim against the State Health Plan, they are denied. Except as expressly admitted, denied.

## PRAYER FOR RELIEF

The Defendants deny that Plaintiffs are entitled to the relief they seek.

## DEFENSES

1. One or more of the Plaintiffs' claims in the Complaint fails to state a claim upon which relief can be granted.

2. One or more of the Plaintiffs' claims in the Complaint is barred by the Eleventh Amendment to the U.S. Constitution.

3. To the extent the Plaintiffs seek any relief against the Defendants that would only be available in a suit against the Defendants in their individual capacity, the claims are barred by qualified immunity.

4. The Plaintiffs have failed to mitigate their alleged damages.

5. The Plaintiffs have failed to join the members of the Board of Trustees of the State Health Plan as necessary parties to this litigation.

6. One or more of the Plaintiffs' claims is barred because Plaintiffs have failed to exhaust their administrative remedies.

7. One or more of the Plaintiffs' claims is barred by the doctrines of waiver or estoppel.

## JURY TRIAL DEMAND

Defendants demand a jury.

The Defendants respectfully request that the Court dismiss this action with prejudice, denying the relief requested and granting such further relief as the Court deems appropriate.

Case 1:19-cv-00272-LCB-LPA Do

Dated this 23rd day of March, 2021.

Respectfully submitted by,

*/s/ James Benjamin Garner*
James Benjamin Garner
N.C. Bar. No. 41257
General Counsel
North Carolina Department of
   the State Treasurer
3200 Atlantic Avenue
Raleigh, North Carolina 27604
Telephone: (919) 814-4000
Ben.Garner@nctreasurer.com

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
LAW OFFICE OF JOHN G. KNEPPER, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
Facsimile: (307) 432-0310
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N. C. Bar No. 25760

*/s/ Mark A. Jones*
Mark A. Jones
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC 27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

This the 23rd day of March, 2020.

*/s/ John G. Knepper*

15

Case 1:19-cv-00272-LCB-LPA   Document 85   Filed 03/23/21   Pag