IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:19-CV-272-LCB-LPA

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; SAM SILVAINE; AND DANA CARAWAY,<br><br>    Plaintiffs,<br><br>    v.<br><br>DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES; and STATE OF NORTH CAROLINA, DEPARTMENT OF PUBLIC SAFETY;<br><br>    Defendants. | **DEFENDANTS UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, NORTH CAROLINA STATE UNIVERSITY, AND UNIVERSITY OF NORTH CAROLINA AT GREENSBORO'S MOTION TO EXTEND DISCOVERY DEADLINES** |

    Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 26.1(d), and for the reasons discussed below, Defendants the University of North Carolina at Chapel Hill, North Carolina State University, and the University of North Carolina at Greensboro

1

("University Defendants"), through undersigned counsel, respectfully request that this Court extend the deadline for completion of discovery in this case by 30 days. The extension would move the date for completion of discovery to June 30, 2021, and would make corresponding changes to the other discovery deadlines as follows:

1. Defendants' affirmative and rebuttal expert reports by May 1, 2021
2. Plaintiff's rebuttal experts by June 1, 2021
3. Expert depositions between May 1, 2021, and June 30, 2021
4. All discovery to be completed by June 30, 2021

University Defendants' counsel has consulted with counsel for the State Health Plan, Dee Jones, and Dale Folwell (SHP Defendants), and he supports the extension. University Defendants' counsel also consulted with Plaintiffs' counsel and counsel for Defendant North Carolina Department of Public Safety, and they consent to the extension.

Under Rule 16(b)(4), a scheduling order may be modified only for good cause, and LR 26.1(d) only allows for such a modification when the parties have diligent pursued discovery. As the parties have been more than diligent in pursuing discovery deadlines – despite the hardships of a global pandemic – there is good cause for such an extension.

Since the beginning of the discovery period, the parties have consistently worked to meet discovery deadlines. Initially, discovery was slightly delayed due to the SHP Defendants' counsel's illness.[1] In November, counsel for the SHP Defendants was

---

[1] Counsel for SHP Defendants gave undersigned counsel permission to discuss his illness, as he wanted to make the Court aware of it.

diagnosed with Covid. Following the diagnosis, he endured significant symptoms that prevented him from actively participating in this case, as well as other aspects of his life. Fortunately, he was able to recover, and the parties were able to resume discovery the following month.

In December, the parties conducted an all-day mediation, which while unsuccessful, allowed each party to better understand each other's position. Following the mediation, the parties continued their efforts to expedite discovery by agreeing to a consent protective order. As there were seven (now eight) Plaintiffs and six (now seven) Defendants, it took some time for the parties to agree on the protective order. However, after the protective order was filed on January 19, 2021, the parties quickly accelerated their production of documents.

Currently, the parties have exchanged nearly 200,000 pages of discovery. However, document production is continuing from all parties. Further, as many of those documents were produced by the non-university Defendants and Plaintiffs, the University Defendants are still in the process of reviewing said discovery documents.

Unlike the other parties, the University Defendants only have one attorney that is actively representing them in this case: the undersigned counsel. Since December when his co-counsel moved to another job, the undersigned counsel has been the only attorney actively representing the University Defendants. Additionally, undersigned counsel's ability to confer with the University Defendants has been complicated by the current COVID-19 health crisis and the remote working conditions of all persons involved. Due

to the COVID-19 crisis, the University Defendants are handling numerous pressing COVID-19 related-issues at this time in addition to the instant civil action. The University Defendants have also been working to address, among other things, concerns regarding the status of university operations for the spring and fall 2021 semesters. Likewise, undersigned counsel is working diligently to meet other pressing demands, deadlines, and responsibilities in the midst of a global state of emergency.

On March 1, 2021, Plaintiffs submitted three expert reports. On March 9, 2021, Plaintiffs' filed their Amended Complaint, which added an additional Plaintiff and Defendant, as well as additional claims against the University Defendants. Undersigned counsel is still evaluating and researching the additional claims against his client. Additionally, undersigned counsel is still attempting to review the nearly 200,000 pages that have been exchanged in discovery. While doing both of these things, in addition to working on his other cases, undersigned counsel is working to complete expert reports to rebut Plaintiffs' reports that were filed on March 1, 2021.

For all of these reasons, University Defendants respectfully request that the court enter an order extending the deadlines for discovery by 30 days, as reflected in the accompanying proposed order. University Defendants seek the extension requested herein for good cause and do not seek an extension for any improper purpose.

WHEREFORE, University Defendants respectfully request that the Court grant a 30-day extension for completion of discovery, up to and including June 30, 2021.

4

This the 24th day of March, 2021.

                        JOSHUA H. STEIN

                        Attorney General

                        /s/Zach Padget
                        Zach Padget
                        Assistant Attorney General
                        NC State Bar No. 46610
                        zpadget@ncdoj.gov

                        NC Department of Justice
                        PO Box 629
                        Raleigh, NC 27602
                        Tel: 919.716.6920
                        Fax: 919.716.6764

                        *Counsel for Defendants University of North Carolina at Chapel Hill, North Carolina State University, and University of North Carolina at Greensboro*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

This the 24th day of March, 2021.

/s/Zach Padget
Zach Padget
Assistant Attorney General