IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:19-CV-272-LCB-LPA

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; SAM SILVAINE; AND DANA CARAWAY, | |
| Plaintiffs, | **DEFENDANT STATE OF NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| v. | |
| DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES; and STATE OF NORTH CAROLINA, DEPARTMENT OF PUBLIC SAFETY; | |
| Defendants. | |

NOW COMES Defendant State of North Carolina Department of Public Safety ("DPS") and hereby responds to Plaintiffs' Amended Complaint for Declaratory, Injunctive, and Other Relief, as follows:

<u>**FIRST DEFENSE**</u>

DPS answers the allegations of the Complaint as follows:

<u>**INTRODUCTION**</u>

1.      DPS admits that Plaintiffs are current or former enrollees, or dependents of enrollees, in the North Carolina State Health Plan for Teachers and State Employees. DPS further admits that the State of North Carolina provides its employees with the option to enroll in health care coverage for themselves and their dependents. Except as otherwise admitted, the allegations in paragraph 1 of the Amended Complaint are denied.

2.      DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Amended Complaint and therefore denies these allegations.

3.      DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Amended Complaint and therefore denies these allegations.

4.      DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Amended Complaint and therefore these allegations.

5.      Paragraph 5 of the Amended Complaint alleges legal conclusions to which no response is required.

6.      Paragraph 6 of the Amended Complaint contains characterizations of Plaintiffs' claims to which no response is required.  Further, DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' intent in filing this lawsuit and therefore denies them.

## PARTIES

### A.    Plaintiffs

7.    DPS admits, upon information and belief, that Kadel is a former employee of UNC-Chapel Hill.  DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Amended Complaint and therefore denies those allegations.

8.    DPS admits, upon information and belief, that Plaintiff Jason Fleck is an employee of UNC Greensboro.  DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 of the Amended Complaint and therefore denies those allegations.

9.    DPS admits, upon information and belief, that Plaintiff Julia McKeown is an employee of NC State.  DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 of the Amended Complaint and therefore denies those allegations.

10.    DPS admits, upon information and belief, that Plaintiff Bunting is a former employee of UNC-Chapel Hill.  DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 of the Amended Complaint and therefore denies those allegations.

11.    DPS admits, upon information and belief, that Plaintiff Sam Silvaine was employed in NC State's Counseling Center from August 2016 through July 2018. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 11 of the Amended Complaint and therefore denies those allegations.

12.     DPS admits that Plaintiff Caraway is employed by DPS and lives in Morganton, North Carolina.

## B.     Defendants

13.     DPS admits that Defendant Dale Folwell is the North Carolina State Treasurer. DPS further admits, upon information and belief, that Defendant Folwell serves as Chair of the Board of Trustees of the State Health Plan for Teacher and State Employees, and his role is defined by the North Carolina General Statutes. To the extent paragraph 13 of the Amended Complaint states the capacity in which Defendant Folwell is sued, those allegations contain characterizations of Plaintiffs' claims to which no response is required. To the extent paragraph 13 quotes any provision of the North Carolina General Statutes or the United States Code, DPS states that those statutes speak for themselves. To the extent paragraph 13 interprets or construes any provision of the North Carolina General  Statutes or the United States Code, the allegations state legal conclusions to which no response is required. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 and therefore denies those allegations.

14.     DPS admits, upon information and belief, that Defendant Dee Jones is the Executive Administrator of the North Carolina State Health Plan.  To the extent paragraph 14 of the Amended Complaint states the capacity in which Defendant Jones is sued, those allegations contain characterizations of Plaintiffs' claims to which no response is required. To the extent paragraph 14 quotes any provision of the North Carolina General Statutes or the United States Code, DPS states that those statutes speak for themselves.  To the extent paragraph 14 interprets or construes any provision of the North Carolina General Statutes or the United States Code, the allegations state legal conclusions to which no response is

required. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 14 and therefore denies those allegations.

15. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 18, and cannot, therefore, admits or denies those allegations.

16. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 18, and cannot, therefore, admits or denies those allegations.

17. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 18, and cannot, therefore, admits or denies those allegations.

18. DPS admits the allegations contained in paragraph 18 of the Amended Complaint.

19. To the extent paragraph 19 of the Amended Complaint quotes any provision of the North Carolina General Statutes, DPS states that those statutes speak for themselves. To the extent paragraph 19 interprets or construes any provision of the North Carolina General Statutes, the allegations state legal conclusions to which no response is required. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations of paragraph 19 and therefore denies those allegations.

20. It is denied that DPS delegated any of its authority to NCSHP. It is admitted that the authority to establish health insurance for State employees has been statutorily mandated to reside with the NCSHP. To the extent paragraph 20 of the Amended Complaint quotes any provision of the North Carolina General Statutes, DPS state that those statutes

speak for themselves. To the extent paragraph 20 interprets or construes any provision of Title VII or the North Carolina General Statutes, the allegations state legal conclusions to which no response is required. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations of paragraph 20 and therefore denies them.

21.    It is denied that NCSHP is an agent of DPS for purposes of establishing the scope of insurance coverage and administering insurance coverage. It is admitted that the authority to establish health insurance for State employees has been statutorily mandated to reside with the NCSHP. The remaining allegations of Paragraph 21 of the Amended Complaint are legal conclusions to which no response is required.

22.    It is admitted that the NCSHP provides state employees with health care coverage. It is denied that NCSHP is a joint employer with DPS. It is denied that DPS contracts with NCSHP for the provision of health coverage for their employees. It is admitted that the authority to establish health insurance for State employees has been statutorily mandated to reside with the NCSHP. The remaining allegations of paragraph 22 interpret or construe provisions of Title VII. As such, those allegations state legal conclusions to which no response is required.

23.    To the extent paragraph 23 of the Amended Complaint states the relief requested in Plaintiffs' Complaint, those allegations contain characterizations of Plaintiffs' claims to which no response is required. DPS denies the allegations of paragraph 23 as to DPS. The remaining allegations of paragraph 23 are legal conclusions to which no response is required.

<u>**JURISDICTION AND VENUE**</u>

24.     Paragraph 24 of the Amended Complaint alleges legal conclusions regarding jurisdiction that are not subject to admission or denial by DPS.

25.     Paragraph 25 of the Amended Complaint alleges legal conclusions regarding jurisdiction that are not subject to admission or denial by DPS.

26.     Paragraph 26 of the Amended Complaint construes provisions of the United States Code, and therefore alleges legal conclusions that are not subject to admission or denial by DPS.

27.     Paragraph 27 of the Amended Complaint alleges legal conclusions regarding venue and jurisdiction that are not subject to admission or denial by DPS.

28.     Paragraph 28 of the Amended Complaint alleges legal conclusions regarding jurisdiction that are not subject to admission or denial by DPS.

## FACTUAL ALLEGATIONS

### A.     Sex, Gender Identity, and Gender Dysphoria

29.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Amended Complaint and therefore denies these allegations. However, the policies of DPS prohibit discrimination on the basis of gender identity.

30.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Amended Complaint and therefore denies these allegations.

31.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Amended Complaint and therefore denies these allegations.

32.    Any statements contained in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition: The World Health Organization's International Classification of Diseases speak for themselves and do not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Amended Complaint and therefore denies these allegations.

33.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Amended Complaint and therefore denies these allegations.

34.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Amended Complaint and therefore denies these allegations.

35.    The Standards of Care formulated by the World Professional Association for Transgender Health ("WPATH") speak for themselves and do not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Amended Complaint and therefore denies these allegations.

36.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Amended Complaint and therefore denies these allegations.

37.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Amended Complaint and therefore denies these allegations.

38. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Amended Complaint and therefore denies these allegations.

39. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Amended Complaint and therefore denies these allegations.

40. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Amended Complaint and therefore denies these allegations.

41. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Amended Complaint and therefore denies these allegations.

42. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Amended Complaint and therefore denies these allegations.

43. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Amended Complaint and therefore denies these allegations.

44. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Amended Complaint and therefore denies these allegations.

45. Paragraph 45 of the Complaint purports to quote statements from WPATH. Any statements of WPATH speak for themselves and do not require admission or denial.

DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 45 of the Amended Complaint and therefore denies those allegations.

46.     Any statements of the federal Department of Health and Human Services Departmental Appeals Board speak for themselves and do not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 46 of the Amended Complaint and therefore denies these allegations.

47.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Amended Complaint and therefore denies these allegations.

> **B.     The State's Targeted and Discriminatory Exclusion of Gender-Confirming Health care**

48.     The allegations of paragraph 48 of the Amended Complaint are admitted.

49.     Upon information and belief, the allegations of Paragraph 49 of the Amended Complaint are admitted.

50.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Amended Complaint and therefore denies these allegations.

51.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Amended Complaint and therefore denies these allegations.

52.     The AMA and APA public statements regarding exclusions of gender-confirming care in health insurance plans speak for themselves and do not require admission

or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 52 of the Amended Complaint and therefore denies these allegations.

53. The BCBSNC Corporate Medical Policy on Gender Confirmation Surgery and Hormone Therapy speaks for itself and does not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of remaining allegations in paragraph 53 of the Amended Complaint and therefore denies these allegations.

54. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Amended Complaint and therefore denies these allegations.

55. It is admitted that the documents obtained through a public records request speak for themselves. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 55 of the Amended Complaint and therefore denies these allegations.

56. DPS admits that the NCSHP Board of Trustees voted to remove the exclusion of gender-confirming health care for the 2017 Health Plans. The document entitled "Board of Trustees December 2016 Meeting Preview" that was prepared by the NCSHP speaks for itself and does not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 56 of the Amended Complaint and therefore denies these allegations.

57. The minutes from the Board of Trustees' proceedings speak for themselves and do not require admission or denial by DPS. DPS lacks sufficient information or

knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 57 of the Amended Complaint and therefore denies these allegations.

58. The statement of the former press-secretary for the Treasurer's Office speaks for itself and does not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 58 of the Amended Complaint and therefore denies these allegations.

59. The November 2016 consultant report provided to the NCSHP speaks for itself and does not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 59 of the Amended Complaint and therefore denies these allegations.

60. The November 2016 consultant report provided to the NCSHP speaks for itself and does not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 60 of the Amended Complaint and therefore denies these allegations.

61. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Amended Complaint and therefore denies these allegations.

62. Paragraph 62 of the Amended Complaint purports to quote public statements of Defendant Folwell. Any statements made by Defendant Folwell speak for themselves and do not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 62 of the Amended Complaint and therefore denies those allegations.

63. Paragraph 63 of the Amended Complaint purports to quote provisions of the

2018, 2019, and 2020 North Carolina State Health Plans. The State Health Plans speak for themselves and do not require admission or denial by DPS. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 63 of the Amended Complaint and therefore denies those allegations.

64. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 64 of the Amended Complaint and therefore denies those allegations.

65. Paragraph 65 of the Amended Complaint alleges legal conclusions to which no response is required. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 65 of the Amended Complaint and therefore denies those allegations.

### C. The State's Denial of Medically Necessary Care to Plaintiffs

### 1. Plaintiff Maxwell Kadel

66. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 66 of the Amended Complaint and therefore denies these allegations.

67. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 67 of the Amended Complaint and therefore denies these allegations.

68. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 68 of the Amended Complaint and therefore denies these allegations.

69. DPS lacks sufficient information or knowledge to form a belief as to the truth

or falsity of the remaining allegations in paragraph 69 of the Amended Complaint and therefore denies these allegations.

70.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Amended Complaint and therefore denies these allegations.

71.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Amended Complaint and therefore denies these allegations.

72.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Amended Complaint and therefore denies these allegations.

73.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Amended Complaint and therefore denies these allegations.

74.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Amended Complaint and therefore denies these allegations.

75.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Amended Complaint and therefore denies these allegations.

### 2. Plaintiffs Jason Fleck and Connor Thonen-Fleck

76. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 76 of the Amended Complaint and therefore denies these allegations.

77. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Amended Complaint and therefore denies these allegations.

78. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Amended Complaint and therefore denies these allegations.

79. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Amended Complaint and therefore denies these allegations.

80. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Amended Complaint and therefore denies these allegations.

81. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Amended Complaint and therefore denies these allegations.

82. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Amended Complaint and therefore denies these allegations.

83. DPS lacks sufficient information or knowledge to form a belief as to the truth

or falsity of the remaining allegations in paragraph 83 of the Amended Complaint and therefore denies these allegations.

84.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 84 of the Amended Complaint and therefore denies these allegations.

85.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 85 of the Amended Complaint and therefore denies these allegations.

86.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Amended Complaint and therefore denies these allegations.

87.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Amended Complaint and therefore denies these allegations.

88.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Amended Complaint and therefore denies these allegations.

89.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Amended Complaint and therefore denies these allegations.

**3.    Plaintiff Julia McKeown**

90.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Amended Complaint and therefore denies

16

these allegations.

91.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 91 of the Amended Complaint and therefore denies these allegations.

92.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Amended Complaint and therefore denies these allegations.

93.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 93 of the Amended Complaint and therefore denies those allegations.

94.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 94 of the Amended Complaint and therefore denies these allegations.

95.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 95 of the Amended Complaint and therefore denies these allegations.

96.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Amended Complaint and therefore denies these allegations.

97.      DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 97 of the Amended Complaint and therefore denies these allegations.

98.     DPS lacks sufficient information or knowledge to form a belief as to the truth

or falsity of the allegations in paragraph 98 of the Amended Complaint and therefore denies these allegations.

### 4. Plaintiffs Michael D. Bunting, Jr. and C.B.

99. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 99 of the Amended Complaint and therefore denies those allegations.

100. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 100 of the Amended Complaint and therefore denies these allegations.

101. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 101 of the Amended Complaint and therefore denies these allegations.

102. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 102 of the Amended Complaint and therefore denies these allegations.

103. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 103 of the Amended Complaint and therefore denies these allegations.

104. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 104 of the Amended Complaint and therefore denies these allegations.

105. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 105 of the Amended Complaint and therefore denies

18

these allegations.

106.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 106 of the Amended Complaint and therefore denies these allegations.

107.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 107 of the Amended Complaint and therefore denies these allegations.

108.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 108 of the Amended Complaint and therefore denies these allegations.

109.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 109 of the Amended Complaint and therefore denies those allegations.

110.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 110 of the Amended Complaint and therefore denies these allegations.

111.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 111 of the Amended Complaint and therefore denies these allegations.

112.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 112 of the Amended Complaint and therefore denies these allegations.

113.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 113 of the Amended Complaint and therefore denies these allegations.

114.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 114 of the Amended Complaint and therefore denies these allegations.

115.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 115 of the Amended Complaint and therefore denies these allegations.

116.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 116 of the Amended Complaint and therefore denies these allegations.

117.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 117 of the Amended Complaint and therefore denies these allegations.

118.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 118 of the Amended Complaint and therefore denies these allegations.

**5.**          **Plaintiff Sam Silvaine**

119.    DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 119 of the Amended Complaint and therefore denies these allegations.

120.    DPS lacks sufficient information or knowledge to form a belief as to the truth

or falsity of the remaining allegations in paragraph 120 of the Amended Complaint and therefore denies those allegations.

121. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 121 of the Amended Complaint and therefore denies these allegations.

122. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 122 of the Amended Complaint and therefore denies these allegations.

123. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 123 of the Amended Complaint and therefore denies these allegations.

124. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 124 of the Amended Complaint and therefore denies these allegations.

125. Upon information and belief, it is admitted that the 2017 NCSHP did not contain a categorical exclusion for gender-confirming health care. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 125 of the Amended Complaint and therefore denies these allegations.

126. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 126 of the Amended Complaint and therefore denies these allegations.

127. DPS lacks sufficient information or knowledge to form a belief as to the truth

or falsity of the allegations in paragraph 127 of the Amended Complaint and therefore denies these allegations.

128. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 128 of the Amended Complaint and therefore denies these allegations.

129. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 129 of the Amended Complaint and therefore denies these allegations.

### 6. Plaintiff Dana Caraway

130. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 130 of the Amended Complaint and therefore denies these allegations.

131. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 131 of the Amended Complaint and therefore denies these allegations.

132. DPS admits the allegations contained in paragraph 132 of the Amended Complaint.

133. DPS admits, upon information and belief, the allegations contained in paragraph 133 of the Amended Complaint.

134. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 134 of the Amended Complaint and therefore denies these allegations.

135. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 135 of the Amended Complaint and therefore

denies these allegations.

136.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 136 of the Amended Complaint and therefore denies these allegations.

137.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 137 of the Amended Complaint and therefore denies these allegations.

138.     DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 138 of the Amended Complaint and therefore denies these allegations.

<u>**CLAIMS FOR RELIEF**</u>
**COUNT I**
**Deprivation of Equal Protection**
**U.S. Const. amend. XIV**

**(All Plaintiffs Against Defendants Dale Folwell and Dee Jones)**

139.     DPS incorporates its responses to paragraphs1 through 138 by reference as though fully set forth herein.

140.     This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

141.     This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

142.     This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

### A. Discrimination on the Basis of Sex

143. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

144. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

145. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

146. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

147. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

148. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

### B. Discrimination on the Basis of Transgender Status

149. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

150. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

151. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

152. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

153. This allegation is not asserted against DPS. Therefore, no response is required.

To the extent a response is required, the allegation is denied.

## COUNT II
### Violation of Title IX of the Education Amendments of 1972
### 20 U.S.C. § 1681, et seq.

**(Plaintiffs Maxwell Kadel, Michael D. Bunting, Jr. and C.B. against Defendant University of North Carolina at Chapel Hill; Plaintiffs Julia McKeown and Sam Silvaine against Defendant North Carolina State University; Plaintiffs Jason Fleck and Conor Thonen-Fleck against Defendant University of North Carolina at Greensboro)**

154.    DPS incorporates its responses to paragraphs 1 through 153 as though fully set forth herein.

155.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

156.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

157.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

158.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

159.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

160.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

161.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

162.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

163.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

164. Paragraph 164 of the Amended Complaint alleges legal conclusions to which no response is required.

## COUNT III
### Violation of the Patient Protection and Affordable Care Act
### 42 U.S.C. § 18116

### (All Plaintiffs Against Defendant North Carolina State Health Plan for Teachers and State Employees)

165.    DPS incorporates its responses to paragraphs 1 through 164 as though fully set forth herein.

166.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

167. This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

168.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

169.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

170.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

171.    This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

172.     This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

173.     This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

174.     This allegation is not asserted against DPS. Therefore, no response is required. To the extent a response is required, the allegation is denied.

## COUNT IV
## Violation of Title VII of the Civil Rights Act of 1964
## 42 U.S.C. § 2000e, *et seq.*

**(Plaintiff Maxwell Kadel against Defendant University of North Carolina at Chapel Hill; Plaintiffs Julia McKeown and Sam Silvaine against Defendant North Carolina State University; Plaintiff Dana Caraway against Defendant State of North Carolina, Department of Public Safety; Plaintiff Dana Caraway against Defendant North Carolina State Health Plan for Teachers and State Employees)**

175.     DPS incorporates its responses to paragraphs ¶¶ 1 through 174 as though fully set forth herein.

176.      It is admitted that Title VII speaks for itself. Except as herein admitted, the allegations of paragraph 176 of the Amended Complaint are denied.

177.     Paragraph 177 of the Amended Complaint alleges legal conclusions to which no response is required.

178.     For purposes of this action, DPS denies that they are employers within the meaning of Title VII. The remaining allegations of paragraph 178 of the Amended Complaint are legal conclusions to which no response is required.

179.     It is admitted that the NCSHP determines what health benefits are available to state employees through their employment. Except as herein admitted, the allegations of paragraph 179 of the Amended Complaint are denied.

180.    DPS denies that NCSHP is its agent for purposes of establishing the scope of insurance coverage and administering insurance coverage. The remaining allegations attempt to interpret or construe provisions of Title VII. As such the remaining allegations of paragraph 180 of the Amended Complaint state legal conclusions to which no response is required.

181.    It is expressly denied that NCSHP is a joint employer with DPS under Title VII. It is also denied that DPS contracts with NCSHP for the provision of health coverage to their employees. The remaining allegations of paragraph 181 of the Amended Complaint attempt to interpret or construe provisions of Title VII. As such, the allegations state legal conclusions to which no response is required.

182.    It is admitted that 42 U.S.C. § 2000e-2(a)(1) speaks for itself. The remaining allegations in paragraph 182 of the Amended Complaint are legal conclusions to which no response is required.

183.    It is admitted that 42 U.S.C. § 2000e-2(a)(2) speaks for itself. The remaining allegations in Paragraph 183 of the Amended Complaint are legal conclusions to which no response is required.

184.    Paragraph 184 of the Amended Complaint alleges legal conclusions to which no response is required.

185.    Paragraph 185 of the Amended Complaint alleges legal conclusions to which no response is required.

186.    The allegations of paragraph 186 of the Amended Complaint are denied as to DPS.

187.    It is denied that DPS violated Title VII. The remaining allegations of

paragraph 187 are legal conclusions to which no response is required.

188. It is denied that DPS discriminated against Plaintiffs. The remaining allegations of paragraph 188 are legal conclusions to which no response is required.

## SECOND DEFENSE

The Amended Complaint fails, in part or in whole, to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD DEFENSE

The Amended Complaint fails, in part or in whole, because Plaintiffs lacks standing to sue DPS on the facts alleged.

## FOURTH DEFENSE

Plaintiffs have failed to allege continuing, irreparable harm traceable to or redressable by DPS or any other basis upon which to receive any form of injunctive relief by DPS.

## FIFTH DEFENSE

Plaintiffs' Title IX claim against DPS fails, in part or in whole, as it fails to specifically plead that DPS took any tangible adverse employment action to support a Title IX claim.

## SIXTH DEFENSE

The Amended Complaint fails, in part or in whole, because of sovereign immunity and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and Fed. Civ. P. 12(b)(6).

## SEVENTH DEFENSE

The Amended Complaint fails, in part or in whole, because of the statute of limitations and should therefore be dismissed. To the extent Plaintiffs' claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiffs' claims are time-barred.

## EIGHTH DEFENSE

At all times, the DPS acted in good faith. Any acts by DPS were taken for legitimate, non-discriminatory reasons.

## NINTH DEFENSE

Plaintiffs' Amended Complaint fails, in part or in whole, as they have failed to plead facts showing actual knowledge or deliberate indifference by DPS.

## TENTH DEFENSE

Plaintiffs' Amended Complaint fails, in part or in whole, as they have failed to join necessary parties to their Title VII and Title IX claims.

**DPS denies any allegations contained in the complaint that are not specifically admitted herein.**

DPS reserve the right to plead additional affirmative defenses at a later time if such defenses are appropriate based on information then available.

WHEREFORE DPS request that the Court:

1.      Denies all relief requested in the Amended Complaint as against DPS;

2.      Enter judgment in favor of DPS on all claims alleged against them;

3.      Tax all costs of this action and attorneys' fees against Plaintiff;

4.      Grant a trial by jury; and

5.      Grant DPS all other and further relief the Court considers appropriate.

This the 16th day of April, 2021

                              JOSHUA H. STEIN
                              Attorney General

                              /s/Alan D. McInnes
                              Alan D. McInnes
                              Assistant Attorney General
                              NC State Bar No. 20938
                              amcinnes@ncdps.gov

                              NC Department of Justice
                              PO Box 629
                              Raleigh, NC  27602
                              Tel: 919.716.6920
                              Fax: 919.716.6764

                              *Counsel for Defendant North Carolina Department of Public Safety*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

This the 16th day of April, 2021.

/s/Alan D. McInnes
Alan D. McInnes
Assistant Attorney General