IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:19-CV-272-LCB-LPA

| | |
|---|---|
| MAXWELL KADEL; JASON FLECK; CONNOR THONEN-FLECK; JULIA MCKEOWN; MICHAEL D. BUNTING, JR.; C.B., by his next friends and parents, MICHAEL D. BUNTING, JR. and SHELLEY K. BUNTING; SAM SILVAINE; AND DANA CARAWAY,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, DEE JONES, in her official capacity as Executive Administrator of the North Carolina State Health Plan for Teachers and State Employees; UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; NORTH CAROLINA STATE UNIVERSITY; UNIVERSITY OF NORTH CAROLINA AT GREENSBORO; and NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES; and STATE OF NORTH CAROLINA, DEPARTMENT OF PUBLIC SAFETY;<br><br>　　　　Defendants. | **DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY'S UNOPPOSED MOTION TO EXTEND DEADLINES IN THE SCHEDULING ORDER** |

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 26.1(d), and for the reasons discussed below, Defendant North Carolina Department of Public Safety ("NCDPS") moves for an extension to the deadlines set forth in the scheduling order. All parties support the relief requested herein. In support of this motion, NCDPS says as follows:

1

## Introduction

NCDPS was not a party to the initial attorneys' conference conducted in this matter on July 9, 2020, the joint report of which was filed on July 29, 2020, and which was adopted by the Court in the text order dated August 13, 2020. NCDPS was not joined as a party until Plaintiffs filed their amended complaint on March 9, 2021, and NCDPS was served on March 11, 2021. NCDPS files this motion to amend the original scheduling order to allow it time to conduct discovery and to ensure that there are not two separate sets of deadlines and potentially repetitive discovery.

## Procedural Background

1. On March 11, 2019, Plaintiffs filed the initial complaint in this action. [D.E. 1] NCDPS was not initially a party to this action.

2. On July 8, 2019, Defendants North Carolina State University, University of North Carolina at Chapel Hill and University of North Carolina at Greensboro (collectively, the "University Defendants") filed their motion to dismiss for failure to state a claim. [D.E. 30]

3. Also on July 8, 2019, Dale Folwell, Dee Jones and the North Carolina State Health Plan for Teachers and State Employees (collectively, the "State Health Plan") filed their motion to dismiss for failure to state a claim [D.E. 32]

4. On March 11, 2020, after full briefing by the Plaintiffs, the University Defendants and the State Health Plan (collectively, the "Original Parties"), the Court denied both motions to dismiss. [D.E. 45]

5. On April 8, 2020, the State Health Plan filed a notice of appeal with respect to the order denying the motion to dismiss. [D.E. 50] As of the date of filing of this motion, the Fourth Circuit Court of Appeals has not ruled on the appeal.

6. On July 29, 2020, the Original Parties filed their joint report of the initial attorneys'

conference addressing the items required to be considered pursuant to Rule 26(f). [D.E. 61]

7. By text order dated August 13, 2020, the Court adopted the Original Parties' joint report including the scheduling deadlines set forth in the report.

8. On August 3, 2020, Plaintiffs filed a motion to amend the complaint seeking to add NCDPS as a party, based on claims by a new plaintiff, Dana Caraway, after she exhausted her claim against NCDPS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. [D.E. 62]

9. On March 5, 2021, the Court granted Plaintiffs' motion to amend the complaint. [D.E. 74]

10. On March 9, 2021, Plaintiffs filed their First Amended Complaint adding NCDPS as a defendant. [D.E. 75]

11. On March 11, 2021, the First Amended Complaint was served on NCDPS by personal delivery of a summons and the First Amended Complaint to Jane Gilchrist, General Counsel for NCDPS. [D.E. 78]

12. On April 16, 2021, NCDPS filed its answer in this matter. [D.E. 96]

13. On March 25, 2021, the Court granted the University Defendants' motion to amend the scheduling order extending the then-existing deadlines by thirty days, such that the deadline for Defendants' affirmative and rebuttal expert reports was May 1, 2021, the deadline for Plaintiffs' rebuttal expert reports is June 1, 2021, and the close of discovery is June 30, 2021.

## Grounds for Motion

14. Rule 16(a)(4) provides that a scheduling order may be modified for "good cause and with the judge's consent."

15. In considering whether good cause exists to modify the scheduling order to allow the addition of a party, the courts must balance a "risk of prejudice [that] flows from the competing goals of moving th[e] case to completion in a timely manner and allowing a fair opportunity for discovery as to the new parties and claims." Hill v. Equifax Info. Servs., LLC, 2013 U.S. Dist. LEXIS 16647 at *3; 2013 WL 474789 (quoting United States ex. rel. Knight v. Reliant Hospice Inc., Case No. 3:08-3724–CMC, 2011 U.S. Dist. LEXIS 36813, 2011 WL 1321584, at *4 (D. S.C. Apr. 4, 2011) (unpublished))(internal quotations omitted).

16. Most courts acknowledge that if a new party or new unrelated claims are allowed to be added additional time for discovery will be necessary. In finding a lack of good cause existed for allowing an amendment to the scheduling order in Hill, this Court noted that if the amendment were allowed, the "Court would have to re-open discovery, permit further filing of dispositive motions, and continue the trial, options it deems unduly prejudicial to Defendant, as well as unwise and inconsistent with the established practice in this district." Id. at *4 (citing Bowden v. Kirkland & Ellis LLP, 432 F. App'x 596, 600 (7th Cir.)). Those concerns do not apply here; indeed, the requested extension seeks to avoid those kinds of disruptions to the parties' case schedule by seeking one global adjustment that will eliminate the need for duplicative written discovery and depositions. A global adjustment would also avoid the need for the Court to deliberate and rule on separate, duplicative rounds of dispositive motions and/or *Daubert* motions.

17. The instant situation is different from the majority of cases considering whether to amend the scheduling order to allow the addition of a party. In this case, the Plaintiffs timely filed their motion to amend their complaint to add a plaintiff and a defendant. At the time the amendment was allowed and the new defendant was served the discovery period had not ended but deadlines established in the scheduling order were fast approaching. In fact, the first deadline

4

for expert reports from the Plaintiffs was due March 1, 2021—eight days before the amended complaint was filed; and expert reports from Defendants (before an extension was allowed) were due April 1, 2021—the day NCDPS's answer was originally due.

18. Few cases address this precise issue. However, it appears that when a new party is added, even if before the close of discovery, courts are inclined to amend or vacate the existing scheduling order to accommodate the newly-added party. See e.g. Van Stelton v. Van Stelton, 904 F. Supp. 965, 970 (N.D. Iowa 2012)(allowing an amendment to add a new party, vacating the existing scheduling order and directing the parties to prepare a new proposed scheduling order); Community Voice Line, LLC v. Great Lakes Communication Corp., 2014 WL 272646 at *1(N.D. Iowa Jan. 23, 2014) (affirming magistrate judge's recommendation to allow the filing of an amended complaint to add a party and vacating the original scheduling order); Pacific Marine Center, Inc. v. Silva, 2010 WL 3034510 at *2 (E.D. Cal. July 30, 2020) ("If the parties consent to the filing of the [second amended complaint adding a party], or leave to file the [second amended complaint] is granted, the existing scheduling order will be vacated, and new dates will be set to accommodate the newly named defendants and the expanded causes of action.")

19. In this case, as indicated, NCDPS through no fault of its own was added while deadlines were approaching. Plaintiffs filed their amended complaint as soon as they were permitted, and NCDPS has not acted dilatorily. In addition, this is a complex case requiring additional time for NCDPS counsel to become familiar with the record. For example, the parties have exchanged over 200,000 pages of documents thus far, and plaintiffs anticipate producing at least 120,000 additional pages shortly. The parties have also disclosed 10 experts requiring written reports, and three additional experts for whom reports are not required; NCDPS further understands that additional rebuttal experts are likely to be disclosed. NCDPS is not requesting a

full nine months to conduct discovery to which it would be entitled under the Exceptional case-management track, but needs additional time to learn the record.

20. In addition to allowing new counsel to become familiar with the significant record in the case, extending the deadlines would allow NCDPS to participate on the same case schedule as the other parties and thus avoid the need for expert and other witnesses to be deposed twice, which is contemplated in the scheduling order previously approved by the Court. *See* Docket Entry No. 61 ¶ 2(d)(ii) (providing that with only limited exceptions, no witness or expert shall be deposed twice).

21. NCDPS proposes the following deadlines:

    a. June 1, 2021: Plaintiffs' current June 1 deadline to serve supplemental expert reports, per Docket Entry No. 90, would remain the same;

    b. June 15, 2021: Deadline for NCDPS to file leave to amend its pleadings;

    c. July 1, 2021: NCDPS's affirmative and rebuttal expert reports;

    d. July 31, 2021: Plaintiffs' rebuttal expert reports;

    e. July 1, 2021, through September 30, 2021: Expert depositions.

    f. September 30, 2021: Close of discovery.

22. Counsel for NCDPS has conferred with counsel for Plaintiffs, the State Health Plan and the University Defendants and they consent to this motion.

WHEREFORE Defendant NCDPS respectfully requests that the Court modify the scheduling order in accordance with the deadlines set forth above.

Respectfully submitted, this the 7th day of May, 2021.

**JOSHUA H. STEIN**
**ATTORNEY GENERAL**

*/s/ Alan D. McInnes*
Alan McInnes
Assistant Attorney General
N.C. State Bar No. 20938
N.C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6529
Facsimile: (919) 716-6761
E-mail: amcinnes@ncdoj.gov

### CERTIFICATE OF SERVICE

I, Alan McInnes, hereby certify that on this day, I electronically filed **DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY'S UNOPPOSED MOTION TO EXTEND DEADLINES IN THE SCHEDULING ORDER**, with the Clerk of the Court utilizing the CM/ECF system, which will provide electronic notification to all counsel of record in this matter.

This the 7th day of May, 2021.

*/s/ Alan D. McInnes*
Alan D. McInnes
Assistant Attorney General