# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, et al., <br><br> *Defendants*. | Case No. 1:19-cv-00272-LCB-LPA <br><br><br> **JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |

The Parties, through the undersigned counsel, pursuant to Fed. R. Civ. P. 16(b) and 26(b), and M.D.N.C. Local Rule 16.1(b), respectfully submit this Joint Report to the Court.

1. Pursuant to Fed. R. Civ. P. 26(f) and LR16.1(b) a meeting was held on April 23, 2021 by telephone and was attended by Amy Richardson of Harris, Wiltshire and Grannis LLP and Tara Borelli of Lambda Legal Defense and Education Fund, Inc. for Plaintiffs and Alan D. McInnes of the North Carolina Department of Justice for Defendant State of North Carolina Department of Public Safety ("NCDPS").[1]

2. In light of the Court's May 11, 2021 Order granting NCDPS's Motion for Extension of Time to Complete Discovery, the Parties agree to the schedule set out in the Order (Dkt. No. 98). The Parties further agree as to all other matters set forth below.

3. Discovery Plan.

---

[1] Because counsel for the Parties continued to confer via email to resolve outstanding issues through May 11, 2021, this report is timely under Local Rule 16.1(b).

a. Without conceding the relevance of any particular discovery topic or waiving any objections thereto, the Parties agree that discovery will be needed on the following subjects:

    i. The North Carolina State Health Plan for Teachers and State Employees (the "SHP");

    ii. The exclusion of gender confirming healthcare from the SHP (the "Exclusion");

    iii. The factual bases for Plaintiffs' claims and Defendants' denials and defenses to those claims; and

    iv. Any other relevant matters within the scope of Rule 26 of the Federal Rules of Civil Procedure.

b. The time to make the disclosures required by Rule 26(a) shall be 21 days after the scheduling order is entered.

c. The Parties agree that the appropriate case management track for this case, (with any stipulated modification by the Parties as set out below) pursuant to LR 26.1(a) is the Exceptional track.

d. Written discovery limits and deposition limits will be applied per party group with Plaintiffs collectively constituting one party group, the University Defendants collectively constituting a second party group, and the State Health Plan Defendants constituting a third party group. NCDPS is a fourth party group.

    i. Interrogatories (including subparts) and requests for admission are limited to 20 in total number by any party group to any other party group.

ii. Depositions are limited to a total of 7 depositions per party group exclusive of depositions of any named party or any expert designated under Rule 26(a)(2). For the avoidance of doubt, the deposition of any named party or any disclosed expert will not count against any party group's limit of 7 depositions. No witness will be deposed twice, unless a witness is deposed both in their individual capacity and is designated as a witness by any defendant pursuant to Rule 30(b)(6). No expert will be deposed twice regarding the same expert report or written testimony unless the expert offers different opinions for different party groups. The Parties agree to meet and confer about any proposed modifications to these numbers if necessary. The Parties further shall have a duty to confer with each other in an attempt to resolve scheduling conflicts prior to scheduling depositions.

e. All Parties consent to email service of discovery requests and responses.

4. Other Items.

a. NCDPS should be allowed until July 1, 2021 to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

b. The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the Parties under 28 U.S.C. § 636(c), or appointment of a master: At this point, the Parties do not consent to trial before a Magistrate Judge.

c. The case should be ready for trial 60 days after the Court rules on any dispositive motions. Trial is expected to take approximately 5 days.

d. Plaintiffs have demanded a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

e. The parties shall preserve electronically stored information ("ESI") consistent with Fed. R. Civ. P. 26, 34, and 37. Absent a request for a specific method of production, the producing party may produce ESI in any reasonable manner.

f. Privileged and Confidential Information: In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege and confidentiality. The Parties agree that they will follow the terms of the Protective Order in this matter. The Parties also agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

Dated: May 11, 2021

4

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com
lsnyder@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE
    AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org
acaraballo@transgenderlegal.org
nlewis@transgenderlegal.org

Tara Borelli*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

*Appearing by special appearance pursuant to L.R. 83.1(d)

JOSHUA H. STEIN
Attorney General

/s/ Alan C. McInnes
Alan C. McInnes
Assistant Attorney General
NC State Bar No. 20938

amcinnes@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-6920
Fax: 919-716-6764

*Counsel for Defendant North Carolina Department of Public Safety*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk ofCourt using the CM/ECF system which will send notification of such filing to all registered users.

Dated: May 11, 2021 /s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

*Counsel for Plaintiffs*