IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

    *Plaintiffs*,

v.

DALE FOLWELL, *et al.*,

    *Defendants*.

No. 1:19-cv-00272-LCB-LPA

**UNOPPOSED MOTION TO EXTEND EXPERT REBUTTAL DEADLINE**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 26.1(d), and for the reasons discussed below, Plaintiffs, through undersigned counsel, respectfully move for a ten (10) day extension for the production of Plaintiffs' rebuttal expert reports only with respect to the rebuttal reports to be prepared by Dr. George Brown and Dr. Randi C. Ettner.

In support of this motion, Plaintiffs state as follows:

1. In accordance with the initial scheduling order in this case, Plaintiffs affirmative expert reports were due March 1, 2021, Defendants' affirmative and rebuttal reports were due on April 1, 2021, and Plaintiffs' expert rebuttal reports were due May 1, 2021.

2. Plaintiffs timely produced their affirmative expert reports on March 1, 2021. Plaintiffs disclosed three experts: Dr. George Brown (a psychiatrist), Dr. Loren Schechter (a surgeon), and Dr. Jamison Green (a consultant).[1]

---

[1] On February 17, 2021, Plaintiffs moved, with the consent of all parties at the time, to extend all discovery deadlines in the case by three months in part due to the sheer volume of discovery still being produced and outstanding at the time. The court denied the motion on February 25, 2021 in

3. On March 25, 2021, the Court granted the University Defendants' motion to amend the scheduling order extending the then-existing deadlines by thirty (30) days, such that the deadline for Defendants' affirmative and rebuttal expert reports was extended to May 1, 2021, the deadline for Plaintiffs' rebuttal expert reports was extended to June 1, 2021, and the close of discovery was set for June 30, 2021.

4. On May 1, 2021, the State Defendants produced their expert disclosures which included affirmative and rebuttal reports by four different individuals (all medical doctors) designated as experts under Federal Rule of Civil Procedure 26(a)(2)(B) and the disclosure of three witnesses (including one medical doctor) designated as experts under Federal Rule of Civil Procedure 26(a)(2)(C). The four expert reports under Rule 26(a)(2)(B) amount to 262 pages of dense material, not including attachments.

5. On May 3, 2021, the University Defendants separately produced reports of two individuals designated as experts under Rule 26(a)(2)(B).

6. On May 7, 2021, Defendant DPS filed a motion to extend certain discovery deadlines but that leaves intact the June 1, 2021 deadline for Plaintiffs' expert rebuttal reports.

7. On May 11, 2021, the Court entered an order modifying the case schedule as follows:

   a. June 1, 2021: Plaintiffs' current June 1 deadline to serve supplemental expert reports, per Docket Entry No. 90, remains the same;

---

a text order. In order to ensure compliance with all deadlines and to diligently meet their obligations, Plaintiffs have brought on additional counsel since then.

      b. June 15, 2021: Deadline for NCDPS to file leave to amend its pleadings;

      c. July 1, 2021: NCDPS's affirmative and rebuttal expert reports;

      d. July 31, 2021: Plaintiffs' rebuttal expert reports;

      e. July 1, 2021, through September 30, 2021: Expert depositions; and

      f. September 30, 2021: Close of discovery.

8. Unfortunately, two of Plaintiffs' designated rebuttal experts have pre-existing conflicts that make it impossible for them to prepare and finalize rebuttal reports to State Defendants' four designated experts under Rule 26(a)(2)(B) and three designated experts under Rule 26(a)(2)(C) by the existing deadline of June 1, 2021.

9. Specifically, Dr. George Brown, one of Plaintiffs' designated experts, is on a long-planned trip at sea where he has little to no connectivity. This trip pre-dated the Court's March 25, 2021 extension of the discovery deadlines by thirty (30) days at the request of the University Defendants.

10. In addition, Dr. Randi C. Ettner, another of Plaintiffs' designated rebuttal experts, will be traveling to a place with little to no connectivity for a family health matter from May 21 to June 1, 2021 and will be unable to produce a rebuttal report that properly addresses the reports by State Defendants' four designated 26(a)(2)(B) experts by June 1, 2021.

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order may be modified upon a showing of good cause. In addition, Local Rule 26.1(d) allows the time for discovery to be extended "upon a showing that the parties have diligently pursued discovery." "[T]he 'good cause' inquiry focuses on the diligence of the movant seeking to alter a scheduling order."

*E.E.O.C. v. Dolgencorp, LLC*, No. 1:09CV700, 2011 WL 1260241, at *18 (M.D.N.C. Mar. 31, 2011).

Here, Plaintiffs have diligently pursued discovery in this matter, and most relevant here, expert discovery. Plaintiffs produced their expert disclosures in a timely manner on March 1, 2021, consistent with the initial scheduling order in this case. While Dr. Brown, a psychiatrist, would have been able to produce an expert rebuttal report by May 1, 2021 under the initial schedule, Dr. Brown has long had a planned trip where he has little to no connectivity during most of the month of May thru June 3, 2021.[2] In light of this and following the modification of the scheduling order on March 25, 2021, Plaintiffs approached and subsequently retained Dr. Randi C. Ettner, a licensed clinical and forensic psychologist with expertise concerning the diagnosis and treatment of gender dysphoria, to prepare an expert rebuttal report to any experts designated by defendants on the subject matter of the nature of gender identity and the treatment of gender dysphoria.[3] Following the disclosure on May 1, 2021 of four expert reports (totaling 262 pages) by State Defendants concerning this subject area under Rule 26(a)(2)(B), along with three experts (including one medical doctor) under Rule 26(a)(2)(C), Plaintiffs' counsel diligently communicated with Dr. Ettner and provided copies of Defendants' expert reports. Unfortunately, however, Dr. Ettner is unable to prepare the necessary expert rebuttal report by June 1, 2021 given the number and length of the expert reports produced by defendants and a trip from May 21 to June 1, 2021 to a location with little to no connectivity that she must undertake in order to care for

---

[2] Plaintiffs' counsel made Defendants aware of this conflict in March, prior to the modification of the scheduling order, so that a deposition of Dr. Brown could be scheduled before May 31, the then-deadline for the close of discovery.

[3] In any event, the need for Dr. Ettner's rebuttal testimony became pellucid following State Defendants' disclosure of four distinct experts questioning the existence of transgender people and the well-documented and accepted diagnosis criteria and standards of care for the treatment of gender dysphoria.

4

a family member undergoing a surgical intervention. Plaintiffs also have transmitted to Dr. Brown the expert reports produced by Defendants so that he has them as soon as he has connectivity and is available.

In light of the above, and despite Plaintiffs' diligence, Plaintiffs cannot reasonably meet the June 1, 2021 deadline for expert rebuttal reports with respect to Dr. Brown and Dr. Ettner in order to appropriately respond to the four experts designated by State Defendants under Rule 26(a)(2)(B) and three experts designated under Rule 26(a)(2)(C). Indeed, the sheer volume of expert testimony disclosed by State Defendants (both in terms of numbers of experts and the length of their reports) requires significant time for an appropriate rebuttal, particularly when Defendants had sixty (60) days to rebut Plaintiffs' two experts on this subject. Further, Dr. Brown is unavailable due to a long-scheduled conflict that arose when the schedule was modified at University Defendants' behest, and Dr. Ettner is unavailable for a significant time due to a family member's health. "[I]llness and sudden unavailability of a designated expert is certainly good cause to modify a Rule 16 scheduling order." *Palatkevich v. Choupak*, No. 12 CV 1681 CM MHD, 2014 WL 5463371, at *1 (S.D.N.Y. Oct. 22, 2014); *see also Scott v. Cty. of Marion, S.C.*, No. 1:18-CV-0047-RMG, 2019 WL 5788084, at *1 (D.S.C. Nov. 6, 2019).

What is more, Plaintiffs' requested relief is targeted and limited. First, Plaintiffs seek to modify the deadline for expert rebuttal reports only with respect to Dr. Brown and Dr. Ettner and will continue to diligently endeavor to produce any other expert rebuttal reports by the existing June 1, 2021 deadline. Second, the extension sought by Plaintiffs is short (ten days) so that it does not affect the rest of the existing discovery schedule, nor cause prejudice to Defendants given that expert depositions are scheduled for July 1, 2021 to September 30, 2021.

5

Case 1:19-cv-00272-LCB-LPA   Document 100   Filed 05/11/21   Page 5 of 8

Counsel for Plaintiffs has consulted with counsel for the State Health Plan, Dee Jones, and Dale Folwell (the "State Defendants"), and he consents to the extension. Counsel for Plaintiffs has also consulted with counsel for the University Defendants and counsel for Defendant North Carolina Department of Public Safety, and they consent to the extension.

For these reasons, Plaintiffs respectfully move for a limited ten (10) day extension of the deadline to produce the expert rebuttal reports by Dr. Brown and Dr. Ettner. Plaintiffs will produce all other expert rebuttal reports by June 1, 2021, in accordance with the existing scheduling order.

Dated this 11th day of May, 2021.

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com
lsnyder@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

David Brown*
Noah E. Lewis*
Alejandra Caraballo*
TRANSGENDER LEGAL DEFENSE AND
  EDUCATION FUND, INC.
20 West 20th Street, Suite 705
New York, NY 10011

Tara L. Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

Michael W. Weaver*
MCDERMOTT WILL & EMERY LLP
444 W. Lake St., Suite 4000
Chicago, IL 60606
Telephone: 312-984-5820
Facsimile: 312-984-7700
mweaver@mwe.com

Telephone: 646-862-9396  
Facsimile: 646-930-5654  
dbrown@transgenderlegal.org  
nlewis@transgenderlegal.org  
acaraballo@transgenderlegal.org

*Counsel for Plaintiffs*

\*Appearing by special appearance pursuant to L.R. 83.1(d)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all registered users.

/s/ Amy E. Richardson
Amy E. Richardson

*Counsel for Plaintiffs*