# ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:19-cv-272-LCB-LPA |
| ) | |
| DALE FOLWELL, in his official capacity as ) | |
| State Treasurer of North Carolina, *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATION TO CORRECT DEFENDANT NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY'S ANSWER

THIS stipulation ("Stipulation") is entered into, and effective as of, July 8, 2021 between Defendant State of North Carolina Department of Public Safety ("DPS") and Plaintiffs Maxwell Kadel, Jason Fleck, Connor Thonen-Fleck, Julia McKeown, Michael D. Bunting, Jr., C.B., by his next friends and parents, Michael D. Bunting, Jr. and Shelley K. Bunting, Sam Silvaine, and Dana Caraway (collectively, "Plaintiffs"), collectively referred to as the "Parties."

WHEREAS, DPS filed an Answer (ECF No. 96) to Plaintiffs' Amended Complaint (ECF No. 75) on April 16, 2021, which stated as follows in response to Plaintiffs' allegations in paragraphs fifteen through seventeen (emphasis added):

> 15. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of *paragraph 18*, and cannot, therefore, admits or denies [*sic*] those allegations.

> 16. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of *paragraph 18*, and cannot, therefore, admits or denies [*sic*] those allegations.

17. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of *paragraph 18*, and cannot, therefore, admits or denies [*sic*] those allegations.

WHEREAS, DPS intended to state the corresponding number for each allegation rather than repeatedly listing paragraph 18.

WHEREAS, DPS has discovered a typographical error in paragraph 178, such that the word "denied" in the first sentence of that paragraph should be "admits."

WHEREAS, DPS otherwise asserts that the remainder of its Answer correctly and accurately reflects its intended responses.

IT IS HEREBY STIPULATED by and between the Parties that the paragraphs should read as follows (with changes bolded and underlined):

15. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph **15**, and cannot, therefore, **admit or deny** those allegations.

16. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph **16**, and cannot, therefore, **admit or deny** those allegations.

17. DPS lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph **17**, and cannot, therefore, **admit or deny** those allegations.

178. For purposes of this action, DPS **admits** that they are employers within the meaning of Title VII. The remaining allegations of paragraph 178 of the Amended Complaint are legal conclusions to which no response is required.

**STIPULATED TO BY AND BETWEEN**

/s/ Alan D. McInnes
Alan D. McInnes
Assistant Attorney General
NC State Bar No. 20938
amcinnes@ncdps.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919.716.6920
Fax: 919.716.6764

*Counsel for Defendant North Carolina Department of Public Safety*

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

*Counsel for Plaintiffs*