IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

    *Plaintiffs*,

v.

DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, *et al.*,

    *Defendants*.

Case No. 1:19-cv-00272-LCB-LPA

**JOINT MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST THE UNIVERSITY DEFENDANTS WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), or, in the alternative, Federal Rule of Civil Procedure 21, Plaintiffs Maxwell Kadel, Jason Fleck, Connor Thonen-Fleck, Julia McKeown, Michael D. Bunting, Jr., C.B., by his next friends and parents, Michael D. Bunting, Jr. and Shelley K. Bunting, and Sam Silvaine (collectively, "Plaintiffs"),[1] on the one hand, and Defendants University of North Carolina at Chapel Hill, North Carolina State University, University of North Carolina at Greensboro (collectively, "University Defendants"), on the other hand, respectfully move this Court to dismiss with prejudice Plaintiffs' claims against University Defendants under Title IX of the Education Amendments of 1972 ("Title IX"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), which are the only claims being brought against University

---

[1] Plaintiff Dana Caraway has not asserted any claims against the University Defendants.

1

Defendants in Plaintiffs' Amended Complaint. Plaintiffs and University Defendants have reached a negotiated settlement of those claims, and Plaintiffs seek to dismiss their Title IX and Title VII claims against the University Defendants in consideration of that agreement.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "While there is a split of authority as to whether Rule 41(a) permits voluntary dismissal of fewer than all defendants, including among district courts within the Fourth Circuit," "the 'sounder view' is that Rule 41(a) permits the voluntary dismissal of fewer than all defendants in an action." *Duke Progress Energy LLC v. 3M Co.*, No. 5:08-CV-460-FL, 2015 WL 5603344, at *2 (E.D.N.C. Sept. 23, 2015); *see also I.P. by Newsome v. Pierce*, No. 5:19-CV-228-M, 2020 WL 5535428, at *2 (E.D.N.C. Sept. 15, 2020) ("This Court agrees and finds Rule 41(a) permits the voluntary dismissal of all claims against a particular defendant."); 9 Charles Alan Wright, et al., Federal Practice and Procedure § 2362 (3d ed.) (noting that "the sounder view and the weight of judicial authority" would support permitting a plaintiff to dismiss one of several defendants under Rule 41(a)).

Alternatively, Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and that "[t]he court may also sever any claim against a party." Given the settlement between Plaintiffs and the University Defendants, dismissal of the Title IX and Title VII claims against the University Defendants would be "on just terms." Fed. R. Civ. P. 21.

Dismissal of Plaintiffs' Title IX and Title VII claims against the University Defendants will serve party and judicial economy, as well as be in the interests of justice, because Plaintiffs and University Defendants have reached a settlement agreement that fully resolves these claims. Because "[i]t has long been clear that the law favors settlement," *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992), dismissal of these claims is "proper" under either Rule 41(a)(2) or Rule 21.

Plaintiffs and University Defendants will each bear their own attorney's fees and costs, except for the attorney's fees and costs paid as part of their settlement.

*  *  *

Dated: August 23, 2021

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Telephone: 312-984-5820
Facsimile: 312-984-7700
mweaver@mwe.com

Respectfully submitted,

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Telephone: 404-897-1880
Facsimile: 404-506-9320
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th FloorNew York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSEAND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

/s/ Zach Padget
Zach Padget
Assistant Attorney General
State Bar No. 46610
zpadget@ncdoj.gov

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General
State Bar No. 46349
krakes@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

Attorneys for North Carolina State University, University of North Carolina at Greensboro, and University of North Carolina at Chapel Hill

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: August 23, 2021  /s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com