# EXHIBIT 1

**Plaintiffs' Objections and Responses to
Defendant Department of Public Safety's First Set
of Interrogatories, First Request for Admissions
And First Request for Production of Documents**

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MAXWELL KADEL, *et al.,*

      *Plaintiffs,*

    v.

DALE FOLWELL, *et al.,*

      *Defendants.*

No. 1:19-cv-00272-LCB-LPA

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT DEPARTMENT OF PUBLIC SAFETY'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

  Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs, by and through undersigned counsel, hereby respond to the Department of Public Safety's ("DPS") First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents, as well as the "Definitions" and "Instructions," to the extent they purport to impose requirements beyond those expressed in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Middle District of North Carolina.

2. Plaintiffs object to each Interrogatory, Request for Admission, and Request for

EXHIBIT 1

Production of Documents to the extent they seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents as duplicative and unduly burdensome to the extent it duplicates a discovery request already propounded on Plaintiffs by another party in this action. Plaintiffs accordingly construe each discovery request to exclude information and documents already produced or objected to.

4.    Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or doctrine.  Plaintiffs further object to the Document Requests as unduly burdensome and not proportional to the needs of the case to the extent they call for a privilege log of communications between Plaintiffs and Lambda Legal Defense and Education Fund, Inc., Transgender Legal Defense and Education Fund, Inc. Harris, Wiltshire & Grannis LLP, and McDermott, Will & Emery LLP. Plaintiffs accordingly construe each Document Request to exclude documents protected by any privilege, and will produce only responsive, non-privileged documents.

5.    Plaintiffs construe the Document Requests to require Plaintiffs to conduct a reasonable search. Plaintiffs expressly reserve the right to not search for, review, or

produce documents if, after further investigation, Plaintiffs determine that the burden of doing so exceeds the benefit of producing such documents.

6.      Plaintiffs object to the Document Requests to the extent that they seek documents that are not within Plaintiffs' possession, custody, or control.

7.      Plaintiffs object to the Document Requests to the extent that they seek the production of "all documents" pertaining to individuals or entities without limitation as to scope of the Document Request or its subject-matter.

8.      Plaintiffs object to the Document Requests to the extent that they do not specify a time period for the Document Request on the grounds that it is overbroad and unduly burdensome and is not reasonably calculated to lead to the discovery of evidence admissible in this action or is otherwise beyond the scope of permissible discovery. Plaintiffs accordingly will construe all requests not specifying a time period to be limited to responsive documents since January 1, 2016. Plaintiffs are prepared to meet and confer with DPS concerning an appropriate time period for the Document Requests.

9.      Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents to the extent they seek information that is equally available to the Department of Public Safety or is otherwise in the public domain.

10.      Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents to the extent that they seek information that is outside the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure,

3

EXHIBIT 1

either because it is not relevant to any pending claims or defenses or because it is not proportional to the needs and specific circumstances of the case.

11.   Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents to the extent that they are overly broad or unduly burdensome.

12.   Plaintiffs object to each Interrogatory, Request for Admission, and Request for Production of Documents to the extent that it is ambiguous or vague, and reserve the right to assert additional objections whenever ambiguity or vagueness in the Interrogatories, Requests for Admission, and Requests for Production of Documents are subsequently resolved in previously unanticipated ways.

13.   Plaintiffs incorporate their general objections into each response set forth below, and do not intend to waive any general objections by stating a specific objection.

14.   Plaintiffs reserve all evidentiary objections, including all objections pertaining to the relevance or admissibility of all information provided. To the extent that Plaintiffs respond to the Interrogatory, Request for Admission, and Request for Production of Documents, Plaintiffs do not concede that the information requested is relevant to this action or admissible at trial.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**1.   To the extent you contend that stand-alone health insurance coverage for gender-confirming care is available on the insurance market, please explain**

4

**the basis for your contention and identify any and all documents and communications supporting your contention.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory as a premature contention interrogatory. At this early stage of discovery, Plaintiffs have not had the opportunity to fully develop their legal theories or obtain documents to support them.

Plaintiffs further state that it is not their burden to show that stand-alone coverage is available on the insurance market. The Department of Public Safety's duty to provide compensation, terms, conditions, or privileges of employment, including health care coverage when provided, on a nondiscriminatory basis is not contingent on the availability of stand-alone coverage.

2.     **To the extent you contend that the North Carolina Department of Public Safety has statutory authority to offer health insurance for gender-confirming care at Employer-Cost, please identify all statutes which you contend grant such authority and identify any and all documents and communications supporting your contention.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory to the extent it requests a purely legal conclusion regarding the Department of Public Safety's authority to offer health insurance for gender-confirming care. Plaintiffs also object to this interrogatory's use of what appears to be a defined term, "Employer-Cost," without

EXHIBIT 1

defining the term. Moreover, Plaintiffs object to this interrogatory as seeking Plaintiffs'

counsel's work product regarding a purely legal issue. Plaintiffs object to this interrogatory

to the extent that it calls for documents and information which are in the Department of

Public Safety's possession and knowledge. Plaintiffs further object to this interrogatory as

unduly burdensome to the extent it calls for information about the Department of Public

Safety's statutory authority to offer insurance coverage for gender-confirming care that is

publicly available. Plaintiffs further object to this interrogatory as a premature contention

interrogatory. At this early stage of discovery, Plaintiffs have not had the opportunity to

fully develop their legal theories or obtain documents to support them.

Subject to and without waiving their objections, Plaintiffs contend that Title VII

mandates that Defendants offer health insurance for gender-confirming care. Title VII

provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or

refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to [their] compensation, terms, conditions, or privileges of

employment, because of such individual's . . . sex." 20 U.S.C. § 2000e-2. In addition, the

Supremacy Clause of the Constitution provides in relevant part that "[t]his Constitution,

and the Laws of the United States which shall be made in Pursuance thereof … shall be the

supreme Law of the Land." U.S. Const. art. VI, cl. 2.

In addition to this federal law, Plaintiffs refer the Department of Public Safety

Defendants to the Court's opinion on the motions to dismiss in this case, which noted that

the Attorney General's office has concluded that under North Carolina law, state employers

6

can independently offer insurance coverage so long as it does not duplicate the coverage offered by the State Health Plan. ECF No. 45 at 9-10, n.5.

3.      **Please identify each person known by Plaintiffs to have any knowledge or information of material facts concerning in the Lawsuit, including but not limited to the allegations in the Complaint, the Amended Complaint, or any response or defense thereto. For each person named, state what Plaintiffs believe to be the sum and substance of their knowledge or information and their present or last known address.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Subject to and without waiving their objections, Plaintiffs stand on their initial disclosures and expert disclosures.

4.      **To the extent that Plaintiffs or any of their dependents receive or have ever received primary or supplemental health insurance from any source that provides coverage for care related to gender identity and/or gender transition procedures, please describe with particularity and specificity the referenced health insurance, including, but not limited to, the time period during which each Plaintiff or any of their dependents received health insurance that provided coverage for care related to gender identity and/or gender transition procedures, the specific claims covered by said health insurance for care related to gender identity and/or gender transition procedures, and all documents related to such insurance policy.**

7

Response and Objections:  Plaintiffs incorporate by reference each of the General

Objections listed above.  Plaintiffs further object to this interrogatory on the ground that it

seeks information that is not relevant to any claim or defense.  Plaintiffs further object to

this interrogatory's lack of a time limitation, which is unduly burdensome, overly broad,

and disproportionate to the needs of the case.

Subject to and without waiving their objections, pursuant to Federal Rule of Civil

Procedure 33(d), Plaintiffs will produce documents relating to Plaintiffs' supplemental

coverage, if any, for gender-confirming healthcare while employed by the Department of

Public Safety since January 1, 2016, in their response to the Department of Public Safety's

Requests for Production.  Plaintiffs state that they will supplement this interrogatory

response, if necessary, once Plaintiffs' document production is complete.

5.      **To the extent you contend the State Health Plan, its Board of Trustees, the
        Treasurer, or the Executive Administrator is an agent of the North Carolina
        Department of Public Safety, please describe in detail the scope of control or
        authority which you contend that the North Carolina Department of Public
        Safety Defendants exercise over the State Health Plan, its Board of Trustees,
        the Treasurer, or the Executive Administrator; identify any governing statute
        or law which you contend grants the North Carolina Department of Public
        Safety authority or control over the state Health Plan, its Board of Trustees,
        the Treasurer, or the Executive Administrator; and identify any and all
        documents and communications supporting your contention.**

EXHIBIT 1

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs object to this interrogatory to the extent that it calls for documents and information which are in the Department of Public Safety's possession and knowledge. Plaintiffs further object to this interrogatory as unduly burdensome to the extent it calls for information about the relationship between the Department of Public Safety and the State Health Plan, its Board of Trustees, the Treasurer, or the Executive Administrator that is publicly available, or in the Department of Public Safety's own possession.

Plaintiffs further object to this interrogatory as a premature contention interrogatory. At this early stage of discovery, Plaintiffs have not had the opportunity to fully develop their legal theories or obtain documents to support them.

Subject to and without waiving their objections, Plaintiffs contend that the State Health Plan, its Board of Trustees, the Treasurer, and/or the Executive Administrator are agents of the Department of Public Safety because they act on behalf of the Department of Public Safety in administering health plans for employees of the Department of Public Safety and negotiating contracts with third parties. *See generally* N.C. Gen. Stat. Chapter 135; §§ 135-48.23, 48.30; *see also* First Am. Compl. for Declaratory, Injunctive, and Other Relief, ECF No. 75 ¶¶ 20, 21.

6.    **Please identify and describe all communications between Plaintiffs and Defendants related to the Exclusion, including, but not limited to, the date(s)**

of such communications, each of the makers of such communications, the medium of such communications, and the substance of such communications.

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory to the extent that it calls for documents and information which are in the Defendants' possession and knowledge. Plaintiffs further object to this interrogatory as unduly burdensome and duplicative to the extent it requests Plaintiffs to identify and describe documents that were or will be produced in response to the Department of Public Safety's requests for the production of documents.

Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce nonprivileged documents relevant to this interrogatory, if any, in their response to the Department of Public Safety's Requests for Production.

7.  **Please describe in detail and with specificity all acts of intentional discrimination which you contend the North Carolina Department of Public Safety took against you and identify any and all documents and communications supporting your contention**.

Response and Objections:  Plaintiffs incorporate by reference each of the General Objections listed above.  Plaintiffs further object to this interrogatory as vague and ambiguous. In particular, the term "intentional" is vague and ambiguous.  Plaintiffs further object to this interrogatory as premature to the extent it calls for information that Plaintiffs

10

EXHIBIT 1

expect to learn through the discovery process. Subject to and without waiving their objections, Plaintiffs state that their allegations regarding the Department of Public Safety's intentional discrimination are set forth in Plaintiffs' Amended Complaint (ECF No. 75, ¶¶ 177-187).

8.     **Please state whether you or any of your dependents have ever enrolled in a Health Care Flexible Spending Account administered through NCFlex or through any other source. In responding to this Interrogatory, please state the time period during which you were enrolled in a Health Care Flexible Spending Account and the contributions you made to the plan during the time periods identified**.

Response and Objections:  Plaintiffs incorporate by reference each of the General Objections listed above. Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents relevant to this interrogatory, if any, in their response to the Department of Public Safety's Requests for Production.   Plaintiffs state that they will supplement this interrogatory response, if necessary, once Plaintiffs' document production is complete.

9.     **Please state whether you or any of your dependents receive or have ever received health insurance from any source that covers gender-confirming healthcare. In responding to this Interrogatory, please state the time period during which you or any of your dependents received health insurance from any source which covered gender-confirming healthcare, identify any claims**

11

**covered gender-confirming healthcare made under such health insurance policy, and identify all documents related to such health insurance policy.**

Response and Objections:  Plaintiffs incorporate by reference each of the General Objections listed above.  Plaintiffs further object to this interrogatory on the ground that it seeks information that is not relevant to any claim or defense.  Plaintiffs further object to this interrogatory's lack of a time limitation, which is unduly burdensome, overly broad, and disproportionate to the needs of the case.  Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents relating to Plaintiffs' supplemental coverage, if any, for gender-confirming healthcare while employed by University Defendants since January 1, 2016, in their response to the Department of Public Safety's Requests for Production.  Plaintiffs state that they will supplement this interrogatory response, if necessary, once Plaintiffs' document production is complete.

10. **Please state and describe your efforts, if any, to locate and obtain other or supplemental health insurance coverage for yourself or any of your dependents, other than that provided by the State Health Plan, to cover gender-confirming healthcare. In responding to this Interrogatory, please identify all documents and communications relating or pertaining to your efforts to obtain additional or supplemental health insurance, including any application for health insurance that you submitted to any source.**

Response and Objections:  Plaintiffs incorporate by reference each of the General

12

Objections listed above. Plaintiffs object to this interrogatory on the grounds that it is the Department of Public Safety's burden to provide health insurance on a nondiscriminatory basis to its employees and it is not Plaintiff's burden to seek it out. Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents relating to Plaintiffs' supplemental coverage, if any, for gender-confirming healthcare while employed by the Department of Public Safety since January 1, 2016, in their response to Defendants' Requests for Production. Plaintiffs state that they will supplement this interrogatory response, if necessary, once Plaintiffs' document production is complete.

11. **Please state the full name, address, corresponding dates of treatment, and the condition for which you sought treatment for each physician, psychiatrist, psychologist, licensed counselor or social worker, hospital, institution, clinic, or other healthcare provider or healthcare facility who has examined, diagnosed, or treated you for any medical condition from January 2016 to present**.

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory as overbroad and not proportional to the needs of the case to the extent it calls for information related to "any medical condition." Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents relating to care for gender dysphoria sufficient to provide a response to this interrogatory in their response to the

13

Department of Public Safety's Requests for Production.

12.     **Please identify all persons from whom you have sought any form of treatment or counseling for the emotional distress, mental anguish, worry, anxiety, or stress alleged in your Complaint**.

Response and Objections:  Plaintiffs incorporate by reference each of the General Objections listed above.  Plaintiffs further object to this interrogatory on the ground that it requests information that is not relevant to any claim or defense, because Plaintiffs are seeking emotional distress damages which are not specific to any Plaintiff's facts, and which stem from the recognition that, as a general matter, experiencing discrimination tends to cause pain.  Plaintiffs accordingly do not believe that any other response is required.  Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents sufficient to provide a response to this interrogatory in their response to the Department of Public Safety Requests for Production.

13.     **Please state and describe with specificity all non-economic relief (i.e. equitable, injunctive, or declaratory) you are seeking from the North Carolina Department of Public Safety**.

Response and Objections:  Plaintiffs incorporate by reference each of the General Objections listed above.  Subject to and without waiving their objections, Plaintiffs respond that they are seeking a declaratory judgment that the Department of Public Safety violated Plaintiffs' rights under Title VII by offering employee healthcare coverage as a term, condition, or benefit of employment that contains a targeted Exclusion for "[p]sychological

14

assessment and psychotherapy treatment in conjunction with proposed gender transformation" and "[t]reatment or studies leading to or in connection with sex changes or modifications and related care." *See* First Am. Compl. for Declaratory, Injunctive, and Other Relief, ECF No. 75 ¶ 186.

In addition, Plaintiffs are seeking to preliminarily and permanently enjoin the Department of Public Safety, their agents, employees, successors, and all others acting in concert with them, from administering or offering health coverage that categorically excludes coverage for gender-confirming health care.

Plaintiffs are also seeking other legal and equitable or injunctive relief as the Court deems just and appropriate.

14. **Please itemize all economic damages you are seeking to recover from the North Carolina Department of Public Safety and identify any and all documents or communications which you contend substantiate your economic damages**.

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs are seeking to recover out-of-pocket expenses and emotional distress damages which are not specific to any of Plaintiffs' facts, and which stem from the recognition that, as a general matter, experiencing discrimination tends to cause pain. Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents sufficient to respond this interrogatory in their response to the Department of Public Safety's Requests for Production.

EXHIBIT 1

15.   **Please identify and describe all facts, documents, and any other evidence supporting or relating to Plaintiffs' allegation in paragraph 136 of the Complaint that "the NCSHP's categorical Exclusion ... brands them as second-class citizens and deprives them of their equal treatment and dignity."**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory to the extent it requests legal conclusions regarding the effect of the State Health Plan's denial of coverage for gender-confirming care. Plaintiffs also object to this interrogatory as seeking Plaintiffs' counsel's work product regarding a legal issue. In addition, Plaintiffs object to this interrogatory as premature to the extent it calls for information that Plaintiffs expect to learn through the discovery process.

Subject to and without waiving these objections, Plaintiffs respond that while discovery is ongoing, the relevant facts supporting Plaintiffs' allegation are contained within the First Amended Complaint. Plaintiffs will supplement this interrogatory response with new information, if any, they learn through discovery.

16.   **Please define "medically necessary" as that phrase is used in the Plaintiffs' Complaint.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to the extent this interrogatory calls for an expert opinion. Subject to and without waiving their objections, Plaintiffs refer the Department of Public Safety Defendants to their First Amended Complaint (ECF No. 75),

16

in which the phrase "medically necessary" appears approximately 25 times. Without prejudice to Plaintiffs' ability to further clarify the meaning of that phrase, including as used in any particular instance in the Complaint, Plaintiffs state that they generally use that phrase "medically necessary" to mean health care services or medications needed to diagnose or treat an illness, injury, condition, disease, or its symptoms and that meet generally accepted standards of care.

17. **Please describe with particularity and specificity all acts by the North Carolina Department of Public Safety, or any person acting on their behalf, that the Plaintiffs allegations constitute discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment**.

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory as premature to the extent it calls for information that Plaintiffs expect to learn through the discovery process.

Subject to and without waiving their objections, Plaintiffs state that although discovery is ongoing, at present, the specific acts that Plaintiffs contend constitute discrimination in violation of the Equal Protection Clause are described in the First Amended Complaint. *See* ECF No. 75. Plaintiffs will supplement this interrogatory response with new information, if any, they learn through discovery.

18. **Please define the class of "transgender people" that Plaintiffs' Complaint asserts is entitled to heightened protection under the Fourteenth Amendment to the United States Constitution**.

17

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Subject to and without waiving their objections, Plaintiffs contend that government classifications based on sex and transgender status are entitled to at least heightened scrutiny, based on *Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 608–13 (4th Cir. 2020), *as amended* (Aug. 28, 2020), *cert. denied*, 20-1163, 2021 WL 2637992 (U.S. June 28, 2021). *Grimm* describes transgender people at length. *Id.* at 594–97.

19. **Please state the full name, address, corresponding dates of treatment, and the condition for which each Plaintiff sought treatment from any healthcare provider, including, but not limited to, any hospital, institution, clinic, physician, psychiatrist, psychologist, counselor, or social worker between January 1, 2016 and the present for any form of emotional distress that the Plaintiffs allege has been caused by the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this interrogatory on the ground that it requests information that is not relevant to any claim or defense, because, in addition to their out-of-pocket costs, Plaintiffs are only seeking standard emotional distress damages which are not specific to any Plaintiff's facts, and which stem from the recognition that, as a general matter, experiencing discrimination tends to cause pain, humiliation, and distress. Plaintiffs accordingly do not believe that any other response is required.

Subject to and without waiving their objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce documents relevant to treatment for gender

18

dysphoria in their response to the Department of Public Safety's Requests for Production.

20.     **Please identify with particularity and describe by type and amount the damages that Plaintiffs claim to have sustained as a result of the alleged acts and omissions of the Defendants.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Subject to and without waiving their objections, Plaintiffs seek to recover out-of-pocket expenses and, pursuant to Federal Rule of Civil Procedure 33(d), will produce documents sufficient to identify the amount of those damages. Plaintiffs are seeking to recover out-of-pocket expenses and emotional distress damages which are not specific to any of Plaintiffs' facts, and which stem from the recognition that, as a general matter, experiencing discrimination tends to cause pain.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

1.      **In Paragraph 1 of their Complaint, the Plaintiffs allege that the State of North Carolina provides health care coverage "[a]s part of compensation for employment." Neither the State Health Plan nor Plaintiffs' University Employers has promised coverage for all medically necessary treatment as part of this health care coverage.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous to the extent that it uses the term "promised" without definition or clarification. Plaintiffs can neither admit nor deny this request because they do not have knowledge of all of the representations that the State Health Plan and the University Employers have made

19

regarding health care coverage for state employees and their dependents. Plaintiffs further object to this request as irrelevant because their claims do not rest on the proposition that coverage must be provided for all medically necessary treatment; instead, they seek non-discriminatory coverage for medically-necessary treatment. Subject to, and without waiving their general and specific objections, Plaintiffs therefore deny this request on these bases.

**2. The United States Constitution does not require the State Health Plan to cover all medically necessary treatment sought by Plan beneficiaries.**

Response and Objections: Plaintiffs object to this request to the extent it calls for a legal conclusion. Plaintiffs further object to this request as irrelevant because Plaintiffs' claims do not rest on the proposition that coverage must be provided for all medically necessary treatment; instead, they seek non-discriminatory coverage for medically-necessary treatment. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on these bases.

**3. No federal statute requires the State Health Plan to cover all medically necessary treatment sought by Plan beneficiaries.**

Response and Objections: Plaintiffs object to this request to the extent it calls for a legal conclusion. Plaintiffs further object to this request as irrelevant because Plaintiffs' claims do not rest on the proposition that coverage must be provided for all medically necessary treatment; instead, they seek non-discriminatory coverage for medically-necessary treatment. Subject to, and without waiving their general and specific objections,

EXHIBIT 1

Plaintiffs deny this request on these bases.

4.   **For medical treatment covered by the State Health Plan, the health care provider is reimbursed based on the diagnostic and procedure codes submitted by that provider.**

Response and Objections: Plaintiffs lack sufficient information on which to admit or deny this request, as the operations of a reimbursement from the State Health Plan or one of its third-party administrators to a provider are known to the State Health Plan Defendants, but not to Plaintiffs. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on that basis. Plaintiffs reserve their right to supplement this interrogatory response should responsive information be provided to Plaintiffs in discovery.

5.   **Plaintiffs do not allege that a transgender person with the same diagnosis and procedure code as a non-transgender person receives different coverage for medical treatment from the State Health Plan.**

Response and Objections: Plaintiffs lack sufficient information on which to admit or deny this request, as the process of authorizing or denying coverage of care by the State Health Plan or one of its third-party administrators is known to the State Health Plan Defendants, but not to Plaintiffs. Plaintiffs further state that procedures may be submitted for preauthorization or coverage with multiple procedure codes, and that Plaintiffs require additional information to provide any further response. Subject to, and without waiving their general and specific objections, Plaintiffs therefore deny this request on that basis.

EXHIBIT 1

Plaintiffs reserve their right to supplement this interrogatory response should responsive information be provided to Plaintiffs in discovery.

6.  **Treatment for gender dysphoria is not medically necessary for all transgender individuals.**

Response and Objections: Plaintiffs object to this request to the extent it seeks expert opinions. Plaintiffs admit that, like any other medical care, treatment for gender dysphoria is individualized. Plaintiffs otherwise deny this request.

7.  **Appropriate medical treatment for a patient can differ significantly based on the patient's chromosomal sex (not gender identity).**

Response and Objections: Plaintiffs object to this request as vague and ambiguous to the extent that it refers to "chromosomal sex" without definition or clarification. Plaintiffs further object to this request as vague and overbroad to the extent that it refers to "appropriate medical treatment" without clarifying what form of treatment the Department of Public Safety Defendants are referring to. Plaintiffs further object to this request as irrelevant to any issue in this case. Plaintiffs further object to this request to the extent it seeks expert opinions. Subject to, and without waiving their general and specific objections, Plaintiffs therefore deny this request on these bases.

8.  **Physicians should know the chromosomal sex of a patient before providing medical care, regardless of whether the chromosomal sex is consistent with that patient's gender identity.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous

22

to the extent that it refers to "chromosomal sex" without definition or clarification. Plaintiffs object to this request as vague and overbroad to the extent that it refers to "medical care" without clarifying what form of treatment the Department of Public Safety Defendants are referring to. Plaintiffs further object to this request as irrelevant to any issue in this case. Plaintiffs further object to this request to the extent it seeks expert opinions. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on these bases, as well as the fact that physicians typically do not inquire into patients' chromosomal makeup before providing medical care.

9. **That the State Health Plan does not deny counseling for depression, anxiety or other medical conditions, even if the patient suffering from these conditions also suffers from gender dysphoria.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous in its use of "deny" and "other medical conditions" without defining or clarifying those terms. Plaintiffs state that the requested information is likely to depend on how any particular request is coded when submitted for coverage, and Plaintiffs therefore lack sufficient information to admit or deny this request. Subject to, and without waiving their general and specific objections, Plaintiffs therefore deny this request on these bases.

10. **There are no long-term, peer-reviewed published, reliable, and valid research studies documenting the number or percentage of patients receiving gender transition procedures who are helped by such procedures.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous

in its use of the terms "long-term," "reliable," "valid," and "helped" without definition or clarification. Plaintiffs further object to this request as vague and overbroad to the extent it necessitates a review of all peer-reviewed literature in order to respond to the request. Plaintiffs further object to this request to the extent it seeks expert opinions. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on these bases, as well as the fact that there are numerous published, peer-reviewed studies that demonstrate the safety and efficacy of gender-confirming health care as a treatment for gender dysphoria, some of which are cited in the disclosures of Plaintiffs' expert witnesses.

11. **There are no long-term, peer-reviewed published, reliable, and valid research studies documenting the number or percentage of patients receiving gender transition procedures who are injured or harmed by such procedures.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous in its use of the terms "long-term," "reliable," "valid," "injured," and "harmed" without definition or clarification. Plaintiffs further object to this request as vague and overbroad to the extent it necessitates a review of all peer-reviewed literature in order to respond to the request. Plaintiffs further object to this request to the extent it seeks expert opinions. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on these bases, as well as the fact that there are numerous published, peer-reviewed studies that demonstrate the safety and efficacy of gender-confirming health care as a treatment for gender dysphoria, some of which are cited in the disclosures of Plaintiffs' expert witnesses.

24

**12.    There are no long-term, peer-reviewed published, reliable, and valid research studies documenting the reliability and validity of assessing gender identity by relying solely upon the expressed desires of a patient.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous in its use of the terms "long-term," "reliable," and "valid," without definition. Plaintiffs further object to this request as vague and overbroad to the extent it necessitates a review of all peer-reviewed literature in order to respond to the request. Plaintiffs further object to this request to the extent it seeks expert opinions. Plaintiffs further object to this request as irrelevant to any issue in this case. Plaintiffs object to this request to the extent that it mischaracterizes both Plaintiffs' arguments and the science underlying Plaintiffs' claims, both of which are described more fully in Plaintiffs' First Amended Complaint for Declaratory, Injunctive, and Other Relief (ECF No. 75), and in Plaintiffs' expert reports. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on these bases.

**13.    A large percentage of children who question their gender identity will, by age eighteen, decide to align their gender identity with their chromosomal sex.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous in its use of the terms "question," "large percentage," and "chromosomal sex" without definition or clarification. Plaintiffs further object to this request to the extent it seeks expert opinions. Subject to, and without waiving their general and specific objections, Plaintiffs deny this request on these bases and because it fundamentally misconstrues the

25

EXHIBIT 1

science and medical literature on this issue and is incorrect.

14.     **There are no long-term, peer-reviewed published, reliable, and valid research studies documenting a biological, medical, surgical, radiological, psychological, or other objective assessment of gender identity or gender dysphoria.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous in its use of the terms "long-term," "reliable," "valid," "other objective assessment," and "biological" without definition or clarification. Plaintiffs further object to this request as vague and overbroad to the extent it necessitates a review of all peer-reviewed literature in order to respond to the request. Plaintiffs further object to this request to the extent it seeks expert opinions. Subject to, and without waiving their objections, Plaintiffs deny this request on these bases, as well as the fact that there are many published, peer-reviewed studies that assess gender identity or gender dysphoria, as well as documenting the biological basis for gender identity.

15.     **A currently unknown percentage and number of patients reporting gender dysphoria suffer from mental illness(es) that complicate and may distort a patient's judgments and perceptions of gender identity.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous to the extent that it uses the terms "mental illness(es)," "complicate," "distort," and "judgments and perceptions of gender identity" without definition or clarification. Plaintiffs object to this request as overbroad and unduly burdensome to the extent it seeks information that cannot be known or readily obtainable. Subject to, and without waiving

26

their general and specific objections, Plaintiffs deny this request on these bases.

16. **No patient should receive gender transition or related procedures without first providing informed consent to his or her treating professionals.**

Response and Objections: Plaintiffs object to this request as vague and ambiguous to the extent that it uses the term "related procedures" without definition or clarification. Plaintiffs further object to this request to the extent it seeks expert opinions or calls for a legal conclusion. Subject to, and without waiving their general and specific objections, Plaintiffs admit that gender-confirming health care, as with all health care, should be provided in accordance with prevalent standards of care, including but not limited to the World Professional Association for Transgender Health Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, and the Endocrine Society's Clinical Practice Guidelines for the Endocrine Treatment of Gender-Dysphoric/Gender-Incongruent Persons, as well as in accordance with legal and medical ethical requirements regarding informed consent.

17. **A patient's informed consent requires the consent of the patient after an appropriate discussion of (a) the scientifically verified and documented risks and benefits of the proposed medical treatment, (b) the scientifically verified and documented risks and benefits of alternative treatments and procedures, and (c) the scientifically verified and documented risks and benefits of no treatment.**

Response and Objections: Plaintiffs object to this request to the extent it seeks expert

EXHIBIT 1

opinions or calls for a legal conclusion. Plaintiffs further object to this request as vague and ambiguous to the extent that it uses the terms "scientifically verified and documented" and "alternative treatments and procedures" without definition or clarification. Subject to, and without waiving their general and specific objections, Plaintiffs admit that gender-confirming health care, as with all health care, should be provided in accordance with standards of care, including but not limited to the World Professional Association for Transgender Health Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, and the Endocrine Society's Clinical Practice Guidelines for the Endocrine Treatment of Gender-Dysphoric/Gender-Incongruent Persons, as well as with legal and medical ethical requirements regarding informed consent.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. **Please produce all documents supporting or relating to the facts and allegations set forth in the Complaint and the Amended Complaint, including without limitation all documents that support, contradict, or otherwise relate to Plaintiffs' alleged claims and damages, and defenses thereto.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources. Plaintiffs further object to this Document Request as overbroad,

28

ambiguous, vague, and unduly burdensome to the extent it seeks "*all* documents supporting or *relating to* the facts and allegations set forth in the Complaint and the Amended Complaint." Plaintiffs further object to this Document Request to the extent that it calls for documents protected by the attorney-client privilege and attorney work product.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control relating to the denial of coverage for gender-confirming care for the Plaintiffs.

**2.      Please produce all documents identified in your Rule 26(a) Initial Disclosures.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources.

Subject to and without waiving their objections, Plaintiffs have produced or will produce the following categories of documents in their possession, custody, or control: (1) records received in response to Lambda Legal's public records request submitted to the NCSHP on May 20, 2019; (2) records received in response to Equality North Carolina's public records request submitted to the NCSHP on December 18, 2017; (3) documents confirming each of the transgender Plaintiffs' gender dysphoria diagnoses and treatment thereof; and (4) out-of-pocket costs incurred obtaining gender-confirming health care.

3.     **Please produce all documents or tangible things identified in Plaintiffs' responses to the foregoing Interrogatories, or which were used or created in answering the same.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants or that are equally available to them from sources other than Plaintiffs, including publicly available sources. Plaintiffs further object to this Document Request to the extent that it calls for documents protected by the attorney-client privilege and attorney work product.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control.

4.     **Please produce all documents evidencing or relating to Plaintiffs' alleged damages, including without limitation, any analysis of, or communications regarding such alleged damages.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs object to this Document Request as overbroad, ambiguous, vague, and unduly burdensome to the extent it seeks "*all* documents evidencing or *relating to* Plaintiffs' alleged damages, including without limitation, any analysis of, or communications regarding such alleged damages." Plaintiffs further object

30

EXHIBIT 1

to this Document Request to the extent that it calls for documents protected by the attorney-client privilege and attorney work product.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents evidencing their damages in their possession, custody, or control.

5.    **Please produce all documents Plaintiffs have received from any source in response to a request for public records made in support of or in connection with the allegations in the Complaint or the Amended Complaint.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request to the extent that it is duplicative of Document Request No. 2. Plaintiffs further object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources.

Subject to and without waiving their objections, Plaintiffs have produced or will produce the following responsive, non-privileged documents in their possession, custody, or control: (1) records received in response to Lambda Legal's public records request submitted to the NCSHP on May 20, 2019; and (2) records received in response to Equality North Carolina's public records request submitted to the NCSHP on December 18, 2017.

EXHIBIT 1

**6.** **Please produce all documents Plaintiffs have received from any source in response to any written discovery requests or subpoenas Plaintiffs have propounded in the Lawsuit, as well as any informal requests for documents Plaintiffs have made in connection with the Lawsuit.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as unduly burdensome to the extent it seeks documents Plaintiffs have received in response to discovery requests issued to other parties in this matter, which are equally available to the Department of Public Safety Defendants from those other parties. Plaintiffs further object to this Document Request as vague in that the phrase "informal requests for documents" is not defined.

Subject to, and without waiving their objections, Plaintiffs respond that they have not propounded any subpoenas or discovery requests to any non-parties in this matter to date. Plaintiffs stand on their objections with regard to documents received in response to document requests issued to the Defendants, which the other Defendants have also provided to counsel for the Department of Public Safety Defendants.

**7.** **Please produce all documents which Plaintiffs have produced to the Department of Public Safety in the Lawsuit.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this request as completely duplicative with each of the Department of Public Safety's other document requests.

EXHIBIT 1

8.    **Please produce any and all medical records of any nature and description whatsoever for each Plaintiff from January 1, 2014 to the present, including, but not limited to, physician records, pharmacy records, hospital records, office notes, lab reports, or statements of opinions from any health care or treatment provider.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs object to the "January 1, 2014 to the present" timeframe as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, to the extent it seeks "*any and all*" medical records, regardless of whether they relate to medical care, treatment, or evaluation related to Plaintiffs' diagnoses of and treatment for gender dysphoria.

Subject to and without waiving their objections, Plaintiffs have produced and will produce records relating to each of transgender Plaintiffs' gender dysphoria diagnoses and treatment since January 1, 2016.

9.    **Please produce any and all claims each Plaintiff has submitted to any health insurance carrier for care related to gender identity and/or gender transition procedures and all Explanations of Benefits or other documents generated in response to those claims.**

33

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation. Plaintiffs also object to this Document Request as it contains compound, conjunctive, or disjunctive questions in that it seeks both "any and all claims" *and* "all Explanations of Benefits or other documents."

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents relating to Plaintiffs' insurance claims, in connection with efforts to seek treatment and insurance coverage for gender-confirming care, in their possession, custody, or control, since January 1, 2016.

**10.** **Please produce the Notice of Determination referenced in paragraph 77 of the Complaint.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control.

**11.** **Please produce any and all documents and communications reflecting, referencing, or relating to any coverage decision for care related to gender identity and/or gender transition procedures any Plaintiff has received from any source.**

EXHIBIT 1

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as overbroad to the extent that it seeks documents and communications Plaintiffs have received from "*any* source" without limitation. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents requesting and/or appealing denials of coverage for gender-confirming care through NCSHP, to the extent such documents are in their possession, custody, or control, since January 1, 2016.

12. **Please produce all communications between any of the Plaintiffs, on the one hand, and the Defendants or any employees, agents, or other persons acting on their behalf, on the other hand, relating to coverage for care related to gender identity and/or gender transition procedures and/or the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

35

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications, if any, with the Department of Public Safety Defendants relating to coverage for care related to gender identity and/or gender transition procedures and/or the Exclusion, in their possession, custody, or control, since January 1, 2016.

**13. Please produce all communications between Plaintiffs relating to coverage for care related to gender identity and/or gender transition procedures and/or the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs object to this Document Request as overbroad, ambiguous, vague, and unduly burdensome to the extent it seeks "*all* communications . . . *relating to* coverage for care related to gender identity and/or gender transition procedures and/or the Exclusion." Plaintiffs further object to this Document Request to the extent that it calls for documents that also contain information protected by the attorney-client privilege and attorney work product. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications regarding denials of gender-confirming care through NCSHP in their possession, custody, or control since January 1, 2016.

**14. Please produce all communications between any of the Plaintiffs, on the one hand, and CVS Caremark, or any employees, agents, or other persons acting**

36

**on its behalf, on the other hand, relating to coverage for care related to gender identity and/or gender transition procedures and/or the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs object to this Document Request as overbroad, ambiguous, vague, and unduly burdensome to the extent it seeks "*all* communications . . . *relating to* coverage for care related to gender identity and/or gender transition procedures and/or the Exclusion." Plaintiffs further object to the extent that the Document Request seeks the production of information or documents equally available to the Department of Public Safety Defendants from sources other than Plaintiffs. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications, if any, with representatives or employees of CVS Caremark relating to coverage for gender identity and/or gender transition procedures through NCSHP and/or the Exclusion, in their possession, custody, or control, since January 1, 2016.

15. **Please produce all communications between any of the Plaintiffs, on the one hand, and BCBSNC, or any employees, agents, or other persons acting on its behalf, on the other hand, relating to coverage for care related to gender identity and/or gender transition procedures or the Exclusion.**

EXHIBIT 1

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs object to this Document Request as overbroad, ambiguous, vague, and unduly burdensome to the extent it seeks "*all* communications . . . *relating to* coverage for care related to gender identity and/or gender transition procedures or the Exclusion." Plaintiffs further object to the extent that the Document Request seeks the production of information or documents equally available to the Department of Public Safety Defendants from sources other than Plaintiffs. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications, if any, with representatives or employees of Blue Cross Blue Shield of North Carolina relating to obtaining coverage for gender-confirming care for transgender Plaintiffs' gender dysphoria through NCSHP, in their possession, custody, or control, since January 1, 2016.

**16. Please produce all communications between any of the Plaintiffs, on the one hand, and the Department of Public Safety, or any employees, agents, or other persons acting on their behalf, on the other hand, relating to coverage for care related to gender identity and/or gender transition procedures or the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as unduly

38

burdensome to the extent it seeks communications with the Department of Public Safety Defendants, which the Department of Public Safety Defendants readily have access to. Plaintiffs also object to this Document Request as overbroad, vague, and ambiguous as it would cover communications with "any employees, agents, or other persons acting on ['Department of Public Safety Defendants'] behalf" regardless of whether Plaintiffs *knew* whether a person was employed by the Department of Public Safety Defendants.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications, if any, in their possession, custody, or control, with persons known by Plaintiffs to be employed by the Department of Public Safety Defendants regarding coverage for care related to gender identity and/or gender transition procedures through NCSHP or the Exclusion.

**17. Please produce all nonprivileged communications between any of the Plaintiffs and any other person relating to the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as overbroad to the extent that it seeks communications between Plaintiffs and "any other person" without limitation. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications related to denials of medically necessary care caused by

EXHIBIT 1

the Exclusion to the extent such documents are in their possession, custody, or control, from January 1, 2016.

**18.    Please produce all nonprivileged communications between any of the Plaintiffs, on the one hand, and any other third party, on the other hand, related to any attempt by any of the Plaintiffs to obtain coverage for care related to gender identity and/or gender transition procedures.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as overbroad to the extent that it seeks communications between Plaintiffs and "any other third party" without limitation. Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications seeking to obtain coverage for care related to gender identity and/or gender transition procedures in their possession, custody, or control, from January 1, 2016.

**19.    Please produce all non-privileged communications, including but not limited to emails and text messages, between Plaintiffs and any person or entity relating to the facts and circumstances set forth in the Amended Complaint.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request to the extent that it is duplicative of Document Request No. 1. Plaintiffs further object to this Document

40

Request as overbroad to the extent that it seeks communications between Plaintiffs and "any person or entity" without limitation. Plaintiffs further object to this Document Request as overbroad, ambiguous, vague, and unduly burdensome to the extent it seeks "*all* non-privileged communications . . . *relating to* the facts and circumstances set forth in the Amended Complaint." Plaintiffs further object to this Document Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it contains no time limitation.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged communications regarding the facts set forth in the Amended Complaint in their possession, custody, or control relating to the denial of coverage for gender-confirming health care for the transgender Plaintiffs, from January 1, 2016.

20. **Please produce all documents and communications demonstrating the participation of Dale Folwell, if any, in determining the coverage provided by the Health Benefit Plans.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as vague in that the phrase "demonstrating the participation of" is not defined. Plaintiffs also object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources.

41

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents, if any, in their possession, custody, or control.

21.   **Please produce all documents and communications demonstrating the participation of Dee Jones, if any, in determining the coverage provided by the Health Benefit Plans.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as vague in that the phrase "demonstrating the participation of" is not defined. Plaintiffs also object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants, or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents, if any, in their possession, custody, or control.

22.   **Please produce all documents and communications demonstrating the participation of Dale Folwell, if any, in determining whether to reinstate the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as vague in that the phrase "demonstrating the participation of" is not defined. Plaintiffs also object to the extent that the Document Request seeks the production of information or documents

EXHIBIT 1

already in the possession, custody, or control of the Department of Public Safety Defendants, or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents, if any, in their possession, custody, or control.

23. **Please produce all documents and communications demonstrating the participation of Dee Jones, if any, in determining whether to reinstate the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as vague in that the phrase "demonstrating the participation of" is not defined. Plaintiffs also object to the extent that the Document Request seeks the production of information or documents already in the possession, custody, or control of the Department of Public Safety Defendants, or that are equally available to the Department of Public Safety Defendants from sources other than Plaintiffs, including publicly available sources.

Subject to and without waiving their objections, Plaintiffs will produce responsive, non-privileged documents, if any, in their possession, custody, or control.

24. **Please produce all affidavits, declarations, statements, or interview notes obtained by the Plaintiffs or their agents in connection with the Lawsuit.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request to the extent

43

that it calls for documents protected by the attorney-client privilege and attorney work product. Plaintiffs further object to this request to the extent it calls for the disclosure of information and documents outside the scope of the disclosures required by Rule 26.

Subject to and without waiving their objections, Plaintiffs will disclose responsive, non-privileged documents in their possession, custody, or control in accordance with the timing and scope of disclosures required by Rule 26.

25. **Please produce all journals, diaries, statements, notes, or other documents created by any of the Plaintiffs that relate to the Exclusion.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request to the extent that it calls for documents protected by the attorney-client privilege and attorney work product. Plaintiffs further object to this Document Request to the extent it requests the production of entire documents of an extremely personal nature on the basis that some part of them relates to the Exclusion and is thus unduly burdensome, disproportionate to the needs of the case, and calculated to harass, embarrass, or annoy Plaintiffs.

Subject to and without waiving their objections, Plaintiffs will produce those portions of documents, if any, that are responsive, non-privileged, and in their possession, custody, or control.

26. **Please produce all journals, diaries, statements, notes, or other documents created by any of the Plaintiffs that relate to any of the Plaintiffs' mental or**

44

**emotional suffering in connection with the acts and omissions of the Defendants that allegedly give rise to Plaintiffs' claims.**

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this Document Request as duplicative of Document Request No. 25. Plaintiffs further object to this Document Request to the extent that it calls for documents protected by the attorney-client privilege and attorney work product. Plaintiffs further object to this Document Request to the extent it requests the production of entire documents of an extremely personal nature on the basis that some part of them relates to the Exclusion and is thus unduly burdensome, disproportionate to the needs of the case, and calculated to harass, embarrass, or annoy Plaintiffs. Plaintiffs further object to this Document Request on the ground that it requests information that is not relevant to any claim or defense, because Plaintiffs are seeking emotional distress damages which are not specific to any Plaintiff's facts, and which stem from the recognition that, as a general matter, experiencing discrimination tends to cause pain. Plaintiffs accordingly do not believe that any other response is required. Subject to and without waiving their objections, Plaintiffs will produce those portions of documents, if any, that are responsive, non-privileged, and in their possession, custody, or control.

27.   **Please produce all documents provided to, prepared by, or prepared for any expert witness who is expected to testify at trial, as well as a current curriculum vitae for such expert.**

EXHIBIT 1

Response and Objections: Plaintiffs incorporate by reference each of the General Objections listed above. Plaintiffs further object to this request as unduly burdensome and outside the scope of discovery as seeking all documents "prepared by" any expert without limitation as relevant or related to this case and without limitation as to time. Plaintiffs further object to this request to the extent it seeks production of documents outside the scope of expert discovery permitted by Federal Rule of Civil Procedure 26, including documents protected against discovery by Fed. R. Civ. P. 26(a)(3) and 26(b)(4).

Subject to and without waiving their objections, Plaintiffs have produced and will produce responsive, non-privileged documents, if any, in their possession, custody, or control.

Dated: August 2, 2021                           Respectfully submitted,

/s/ Dana Caraway
Dana Caraway

*Plaintiff*

46

EXHIBIT 1

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-504-9833
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Telephone: 312-984-5820
Facsimile: 312-984-7700
mweaver@mwe.com

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE
AND
EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan* LAMBDA
LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th
FloorNew York, NY
10005 Telephone: 212-
809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL
DEFENSEAND EDUCATION
FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

* Appearing by special appearance pursuant to L.R. 83.1(d).

EXHIBIT 1

# CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, I caused a copy of the foregoing document to be served upon the following parties via electronic mail:

Alan McInnes
Assistant Attorney General
NORTH CAROLINA DEPARTMENT OF JUSTICE
amcinnes@ncdoj.gov

John G. Knepper
LAW OFFICE OF JOHN G. KNEPPER, LLC
John@KnepperLLC.com

James Benjamin Garner
General Counsel
NORTH CAROLINA DEPARTMENT OF THE STATE TREASURER
Ben.Garner@nctreasurer.com

Kevin G. Williams
BELL, DAVIS & PITT, P.A.
kwilliams@belldavispitt.com

Mark A. Jones
BELL, DAVIS & PITT, P.A.
mjones@belldavispitt.com

Zach Padget
Assistant Attorney General
zpadget@ncdoj.gov


/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-504-9833

EXHIBIT 1

Facsimile: 202-730-1301
arichardson@hwglaw.com

49

EXHIBIT 1