# EXHIBIT 3

# Plaintiffs' First Set of Requests for Production of Documents and Things to Defendant State of North Carolina, Department of Public Safety

EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

    *Plaintiffs*,

v.

DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, *et al.*,

    *Defendants*.

Case No. 1:19-cv-00272-LCB-LPA

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT STATE OF NORTH CAROLINA, DEPARTMENT OF PUBLIC SAFETY

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Maxwell Kadel; Jason Fleck; Connor Thonen-Fleck; Julia McKeown; Michael D. Bunting, Jr.; C.B., by his next friends and parents, Michael D. Bunting, Jr. and Shelley K. Bunting; Sam Silvaine; and Dana Caraway (collectively, "Plaintiffs") hereby serve the following requests for production of documents and things ("Requests") on Defendant State of North Carolina, Department of Public Safety ("Defendant" or "DPS"). Plaintiffs request that Defendant produce, and permit inspection, sampling, testing, and/or copying of the documents described herein, in accordance with the definitions and instructions set forth herein to counsel for Plaintiffs. Defendant's answers to these Requests shall be made within thirty (30) days of service of these Requests. Plaintiffs request electronic service

EXHIBIT 3

of Defendant's written responses to tborelli@lambdalegal.org, and all responsive documents in their native format to enoel@mwe.com. To the extent that any native files cannot be delivered electronically, Plaintiffs request service of those files to:

> Attn: Erica D. Noel, Esq.
> McDermott Will & Emery LLP
> The McDermott Building
> 500 North Capitol Street, NW, Washington, DC 20001-1531

These Requests are continuing in nature and impose upon Defendant the obligations stated in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "Action" means the above-captioned case proceeding in the United States District Court for the Middle District of North Carolina, *Kadel, et al. v. Folwell, et al.*, Case No. 1:19-cv-00272-LCB-LPA (M.D.N.C.).

2. "Answer" includes any answer filed by Defendant in this Action, including the answer filed in this Action by Defendant on April 16, 2021, and any answer that Defendant may file in the future.

3. "BCBSNC" refers to Blue Cross and Blue Shield of North Carolina, in its capacity as the North Carolina State Health Plan's third-party administrator.

4. "Board" or "Board of Trustees" refers to the Board of Trustees for NCSHP.

5. "Communication" means any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person

EXHIBIT 3

meeting, mail, telephone, electronic mail, facsimile, instant message, social media, and the Internet.

6. "Complaint" includes any complaint filed by Plaintiffs in this Action, including the Amended Complaint filed on March 9, 2021, and any complaint that Plaintiffs may file in the future.

7. "CVS" refers to CVS Caremark, in its capacity as the North Carolina State Health Plan's Pharmacy Benefit Manager for the 70/30 Plan, the 80/20 Plan, and the High Deductible Health Plan.

8. "Defendant," "you," and "your" means State of North Carolina, Department of Public Safety, its respective agencies, officers, agents, employees, administrators, attorneys, representatives, contractors, consultants, investigators, and all other persons and entities working or purporting to act on behalf of, or in concert with, or in participation with any of them who have knowledge of any of the matters that are the subject of this action.

9. "Diagnostic Code" means an International Classification of Diseases, Ninth Revision, Clinical Modification (ICD-9-CM) code and/or an International Classification of Diseases, Tenth Revision, Clinical Modification (ICD-10-CM) code.

10. "Document" means the complete original or a true, correct, and complete copy and any non-identical copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced, including any writing, letter, envelope, telegram, electronic mail, attachment to electronic mail, facsimile, message, instant

message, voicemail, meeting minute, memorandum, statement, book, publication, record, survey, map, study, report, handwritten note, drawing, working paper, chart, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, microfiche, photograph, index, scientific notebook, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, and any other data compilation in your possession, custody, or control. The term "Document" includes, without limitation, Communications. A draft, version, or non-identical copy is a separate Document within the meaning of this term.

11. The "Exclusion" consists of any exclusion from coverage in the Health Plans that are offered through NCSHP for medical or mental health-related care involving Gender-Confirming Healthcare. The Exclusion includes, but is not limited to, exclusions of coverage for "[p]sychological assessment and psychotherapy treatment in conjunction with proposed gender transformation" and/or "[t]reatment or studies leading to or in connection with sex changes or modifications and related care."

12. Unless otherwise specified, "Gender-Confirming Healthcare" means any healthcare, physical, mental, or otherwise, administered or prescribed for the treatment of gender dysphoria, related diagnoses, or gender transition. Gender-Confirming Healthcare includes but is not limited to "[p]sychological assessment and psychotherapy treatment in conjunction with proposed gender transformation" and "[t]reatment or studies leading to or in connection with sex changes or modifications and related care," as used in the Health Plans offered by NCSHP.

13. "Health Plans" includes any health plan offered through NCSHP, including but not limited to the 70/30 plan for employees; the 80/20 plan for employees; the high deductible health plan for employees; and the COBRA plan for former employees.

14. "Initial Disclosures" means Defendant's Initial Disclosures served pursuant to Federal Rule of Civil Procedure 26(a)(1), and any amendments or supplements thereto.

15. "Interrogatory" means any request served pursuant to Federal Rule of Civil Procedure 33.

16. "NCSHP" refers to the North Carolina State Health Plan for Teachers and State Employees.

17. "Person" means any natural person, partnership, association, corporation, joint venture, trust, community group, government or subdivision of any government (including any instrumentality, bureau, department, office, or agency of any government), not-for-profit enterprise, or other business entity, and all present and former officers, directors, agents, administrators, managers, representatives, contractors, consultants, employees, or other persons acting or purporting to act on behalf of such person.

18. "Procedure Code" means a Current Procedural Terminology (CPT) code, and/or a Healthcare Common Procedure Coding System (HCPCS) code, and/or an International Classification of Diseases, Tenth Revision, Procedure Coding System (ICD-10-PCS) code.

19. The terms "in relation to," "relating to," and "regarding" mean discussing, describing, reflecting, regarding, involving, including, containing, mentioning, demonstrating, illustrating, analyzing, studying, reporting, referring to, related to, showing, supporting, embodying, identifying, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, pertaining to, associated with, with reference to, about, on the subject of, or in any way logically or factually connected with the matter discussed, in whole or in part.

20. "Request for Admission" means any request served pursuant to Federal Rule of Civil Procedure 36.

## INSTRUCTIONS

21. These Requests are intended to cover all responsive information in your possession, or subject to your custody and control, whether directly or indirectly.

22. Unless otherwise specified, the time period covered by these Requests is January 1, 2014, to the present. If it is necessary to refer to periods of time prior to January 1, 2014, in order to respond to a Request, please do so.

23. These Requests are continuing in nature, up to and during the course of trial. Defendant's responses to these Requests are to be promptly supplemented or amended if, after the time of its initial responses, Defendant learns that any response is or has become in some material respect incomplete or incorrect, to the full extent provided for by Federal Rule of Civil Procedure 26(e). Plaintiffs will object to any attempt to

introduce evidence to the Court that should have been but was not disclosed in the responses or supplementation of the responses.

24. All requested Documents are to be produced in the order and manner in which they are currently maintained by Defendant, including producing them with images of their original file folders and file jackets or covers, and indicating the division, department, and/or individual from whose files the Document is being produced.

25. Documents relevant and responsive to the Requests shall be gathered from all professional as well as personal files, computers, and electronic devices, including personal and professional email, instant messaging, and cloud-based storage accounts.

26. All Documents are to be produced in electronic form pursuant to the protocol that may be agreed to among the parties.

27. If Defendant objects to any part of a Request, Defendant shall specify each part of the Request to which Defendant objects; set forth with specificity the grounds for objecting to each such part of the Request, including the reasons; state whether any responsive materials are being withheld on the basis of that objection pursuant to Federal Rule of Civil Procedure 34(b); and otherwise respond to all parts of the Request to which Defendant does not object.

28. If Defendant withholds any Document responsive to these Requests under a claim of privilege, Defendant shall, for each such withheld Document, provide a description of the Document and a statement of the basis upon which the privilege

7

EXHIBIT 3

Case 1:19-cv-00272-LCB-LPA    Document 134-3    Filed 11/30/21    Page 8 of 14

asserted is claimed. Such description(s) shall be sufficiently detailed to permit Plaintiffs and the Court to evaluate the claim(s) of privilege.

29. In the event that any Document was formerly in the possession, custody, or control of the Defendant and has since been lost or destroyed, that Document is to be identified in writing as follows: (a) addressor, addressee, and Person who prepared or authorized the Document; (b) date of preparation or transmittal; (c) subject matter; (d) number of pages, attachments, or appendices; (e) all Persons to whom distributed; (f) date of loss or destruction; and (g) if destroyed, the manner of destruction, reason for destruction, Persons authorizing destruction, and Persons destroying the Document.

30. For purposes of interpreting or construing the scope of these Requests, all terms shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

    a. Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Request more inclusive;

    b. Construing the singular form of the word to include the plural, and the plural form to include the singular;

    c. Construing the masculine to include the feminine, and vice versa;

    d. Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

e. Construing the term "each" to include "every," and construing "every" to include "each";

f. Construing the use of a verb in any tense as the use of the verb in all other tenses;

g. Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

31. **Plaintiffs request that Defendant's written responses specify which Bates numbers are responsive to each Request, in compliance with Federal Rule of Civil Procedure 34(b)(2)(E)(i)'s requirement to "organize and label" all responsive Documents "to correspond to the categories in the request[s]" below.** This instruction applies to all Requests regardless of whether it is expressly included in any Request below.

## DOCUMENT REQUESTS

1. All Documents relating to Plaintiff Caraway's Communications, inquiries, requests for coverage, or complaints regarding coverage for Gender-Confirming Healthcare. This Request includes but is not limited to:

   a. All Communications to and from Plaintiff Caraway relating to coverage for Gender-Confirming Healthcare;

   b. All Documents and Communications regarding Plaintiff Caraway's requests for Gender-Confirming Healthcare, including but not limited to Communications

among DPS and any other Defendant, and/or among DPS's employees, entities, agents, representatives, contractors, vendors, and/or consultants of DPS.

2. All Documents and Communications, with any internal or external person or entity, relating to the provision or non-provision of Gender-Confirming Healthcare to Defendant's employees and their dependents.

3. All Documents relating to research, consideration, and/or analysis of the cost of covering Gender-Confirming Healthcare through supplemental coverage or any other option for providing access to Gender-Confirming Healthcare, including all Documents that you identify in your response to Plaintiffs' Interrogatory No. 1.

4. All Documents provided to and all Communications with the Board of Trustees, or any employee, agent, or consultant thereof, relating to the Exclusion and/or Gender-Confirming Healthcare.

5. All Documents provided to and all Communications with the North Carolina Treasurer's office, or any employee, agent, or consultant thereof, relating to the Exclusion and/or Gender-Confirming Healthcare.

6. All Documents provided to and all Communications with the NCSHP, or any employee, agent, or consultant thereof, relating to the Exclusion and/or Gender-Confirming Healthcare.

7. Documents sufficient to show all insurance coverage of any kind, including but not limited to any form of health insurance, purchased by Defendant for employees apart from the coverage offered through NCSHP.

8. All Documents that Defendant may identify in its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

9. All Documents Defendant considered, relied upon, or intends to rely upon, in support of its admissions and/or denials of any of the allegations contained in the Complaint.

10. All Documents which Defendant considered, relied upon, or intends to rely upon, in answering each Interrogatory and each Request for Admission in this Action.

11. To the extent not requested above, all Documents that Defendant may rely upon to support its defenses against Plaintiffs' claims in this Action.

12. With respect to each expert named by Defendant in this Action, produce each deposition or trial transcript where University Defendant's experts provided testimony and any article listed in the expert's CV and bibliography.

* * *

Dated: April 19, 2021

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Telephone: 312-984-5820
Facsimile: 312-984-7700
mweaver@mwe.com

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE
  AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

*Appearing by special appearance pursuant to L.R. 83.1(d)

# CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, I caused a copy of the foregoing document to be served upon the following party via U.S. Mail and email:

Alan D. McInnes
Assistant Attorney General
N.C. State Bar No. 20938
N.C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6529
Facsimile: (919) 716-6761
amcinnes@ncdoj.gov

*Counsel for Defendant State of North Carolina, Department of Public Safety*

Dated: April 19, 2021

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com