# EXHIBIT 6

# Defendant N.C. Department of Public Safety's Responses to Plaintiffs' First Set of Interrogatories

EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
FILE No. 1:19-CV-00272-LCB-LPA

| | | |
|---|---|---|
| MAXWELL KADEL, *et al.* | ) | |
| | ) | **DEFENDANT** |
| Plaintiffs, | ) | **N. C. DEPARTMENT OF** |
| | ) | **PUBLIC SAFETY'S RESPONSES TO** |
| v. | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| DALE FOLWELL, in his official capacity as | ) | |
| State Treasurer of North Carolina, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant the North Carolina Department of Public Safety, and hereby respond to Plaintiff's First Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as follows:

**GENERAL RESPONSE AND OBJECTIONS**

Each of The Department's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections or a partial response to any individual request does not waive any of The Department's general responses and objections.

1. The Department objects to every Interrogatory that calls for privileged information, including, without limitation, information protected by the attorney-client privilege.

2. The Department objects to every Interrogatory that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by the Plaintiff

3. The Department objects to every Interrogatory that calls for information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any

1

EXHIBIT 6

attorney for The Department, on the grounds that such information is protected by the attorney work product doctrine.

4. The Department objects to every Interrogatory that is overly broad, unduly burdensome, harassing, duplicative or that requests documents that are already in the possession of the Plaintiff.

5. The Department objects to every Interrogatory that calls for information that is neither relevant to the subject matter of the pending case nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending case.

6. The Department objects to every Interrogatory that seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules.

7. The inadvertent provision of information or the production by The Department of documents containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Plaintiff shall return all inadvertently produced documents to The Department upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

8. The Department incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, The Department do not waive their rights to amend these responses.

9. The following responses reflect the current state of The Department's knowledge, understanding and belief respecting matters about which inquiry has been made. The Department expressly reserve the right to supplement or modify these responses with such pertinent information as he may hereafter discover and will do so to the extent required by the Federal Rules of Civil Procedure. The Department expressly reserve the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

10. Pursuant to statute, prison records are maintained in a classified manner, N.C.G.S. § 148-76, "under the control and direction of the Secretary of Public Safety ['Secretary'])," *id*. §

EXHIBIT 6

148-74. The records of prisoners in the custody of the Department of Public Safety ("DPS"), Division of Adult Correction ("DAC") are confidential and are not subject to inspection by the public or the inmate or those acting on behalf of the inmate. *Goble v. Bounds*, 13 N.C. App. 579, 186 S.E.2d 638, *aff'd* 281 N.C. 307, 188 S.E.2d 347 (1972). Except as otherwise noted, all documents referenced herein or provided herein are not in The Department possession or control, but have been provided to the undersigned Assistant Attorneys General at the direction of the Secretary for the limited purpose of the defense of this action under the Defense of State Employees Act, N.C.G.S. § 143-300.2 et seq. All such documents remain classified, confidential, privileged and under the control and direction of the Secretary.

1. Describe in detail all reasons for which Defendant has not made available employee healthcare coverage that is different from or supplemental to the NCSHP and which does not contain an Exclusion.

   **ANSWER: It's the State Treasury Department's responsibility to provide the same coverage to all state employees.**

2. Identify any person who is directly responsible for ensuring or coordinating the provision of NCSHP benefits to the employees of Defendant.

   **ANSWER: Defendant objects to use of the phrase "ensuring or coordinating the provision of NCSHP benefits to the employees" as vague, not defined and imprecise. Without waiving, and subject to the foregoing objection, Defendant states that upon hiring, and annually during the open enrollment period, Health Benefit Representatives provide the benefits information to the employees to give them the information they need to determine if they would like to join the SHP.**

3. Describe in detail all processes by which Defendant:

   a.   registers its employees for coverage under the NCSHP, and maintain and end such registrations; and

        **ANSWER: Upon hiring, and annually during the open enrollment period, Health Benefit Representatives provide the information to the employees to give them the information they need to determine if they**

EXHIBIT 6

**would like to join the SHP. Employees can enroll online through the Integrated HR payroll system. (formerly known as Beacon)**

b.      is involved, if at all, with employees' coverage under NCSHP.  This includes, but is not limited to, any claims made for coverage under the NCSHP, processing employees' and Defendant's contributions to NCSHP, dealing with employees' under- or over-payments to NCSHP, and/or entering settlement agreements with employees regarding health benefits covered under NCSHP.

**ANSWER:  DPS would only be involved if an employee loses coverage of the State Health Plan due to non-payment of the employee's premium.  This would only occur if an employee goes on leave without pay and there is no monthly paycheck from which the employee's monthly premium is able to be deducted.  If the employee wants the coverage to be reinstated before the annual enrollment period, DPS will work with the employee to submit an exception request to the State Health Plan.  The State Health Plan is responsible for approving the exception request and reinstating the coverage.  DPS has no authority to reinstate the coverage.**

4.  Identify which steps, if any, in your answer to Interrogatory No. 3, require involvement

by personnel of NCSHP and/or the Office of the State Treasurer.

**ANSWER: DPS would work with the State Health Plan which is a part of the State Treasurer's Office to submit the exception request as described in 3b and await for the approval or denial to be made by the State Health Plan.**

5.  Identify any person with whom you consulted and any documents you reviewed in

order to provide your answer to Interrogatory Nos. 1, 2, 3, and 4.

**ANSWER: Charlene Shabazz Charlene Shabazz, CPM, SPHR, SHRM-SCP
HR Deputy Director for Safety, Health, WC, Benefits, Time/Leave and IBHS
NC Department of Public Safety**

4

EXHIBIT 6

6. To the extent that you deny any Request for Admission, describe in detail the bases for each denial; and identify any person with whom you needed to consult and any documents you needed to review in order to provide your answer.

**ANSWER: NCDPS did not deny any of the Requests for Admissions. See response to Request for Admission No. 4 for the response regarding the inability to admit or deny.**

This the 18th day of June, 2021.

<div style="margin-left:40%;">

**JOSHUA H. STEIN**
**ATTORNEY GENERAL**

/s/ *Alan McInnes*
Alan McInnes
Assistant Attorney General
N.C. State Bar No. 20938
N.C. Department of Justice
Public Safety Section
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone:     (919) 716-6529
Fax:              (919) 716-6761
E-mail:          amcinnes@ncdoj.gov

</div>

5

EXHIBIT 6

<u>**CERTIFICATE OF SERVICE**</u>

I, Alan McInnes, hereby certify that on this day I served the foregoing **NORTH CAROLINA DEPARTMENT OF PUBLIC SAFEETY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** upon the Parties herein by electronic means to counsel of record as follows:

Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: 202-730-1300
Facsimile: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Telephone: 312-984-5820
Facsimile: 312-984-7700 mweaver@mwe.com

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: 404-897-1880
Facsimile: 404-897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
Alejandra Caraballo*
Noah E. Lewis*
TRANSGENDER LEGAL DEFENSE
   AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

*Appearing by special appearance pursuant to L.R. 83.1(d)

EXHIBIT 6

This the  18th day of June, 2021.

<div align="right">

/s/ **Alan McInnes**

Alan McInnes
Public Safety Section

</div>

<div align="right">

EXHIBIT 6

</div>