IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

      *Plaintiffs*,

v.

DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, *et al.*,

      *Defendants*.

Case No. 1:19-cv-00272-LCB-LPA

**PLAINTIFFS' MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THEIR STATUTORY CLAIMS**

Plaintiffs, by and through counsel, hereby move pursuant to Federal Rule of Civil Procedure 5.2(d) and Middle District of North Carolina Local Rule 5.4 to file under seal the unredacted versions of certain exhibits cited in the Memorandum supporting Plaintiffs' Motion for Partial Summary Judgment on their Statutory Claims. Specifically, Plaintiffs move to file Exhibits 23(a), 23(c), and 23(d) (the "Exhibits") under seal. For the reasons stated more fully below, Plaintiffs respectfully request that the Court seal the Exhibits because they contain Plaintiffs' protected private health information.

"[T]he decision whether to grant or restrict access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotations and alterations omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)) . In making such a determination, a district court must "give the public notice of the request to seal and a reasonable opportunity to challenge the request," "consider less drastic alternatives to sealing," and if it decides to seal, "state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 576. "Local Rule 5.4 outlines similar requirements." *Boone v. Bd. Of Governors of Univ. of N. C.*, 395 F.Supp.3d 657, 664 (M.D.N.C. 2019) (Biggs, J.), *aff'd*, 858 F. App'x 622 (4th Cir. 2021). Plaintiffs' request is consonant with these requirements.

First, Plaintiffs' Motion to Seal provides adequate public notice of its intent to file these documents under seal. *See Boone*, 395 F. Supp. 3d at 665 ("conclud[ing] that the

'public notice' requirement has been satisfied" when "the motion to seal has been publicly docketed").

Second, less drastic alternatives to sealing the document at issue do not exist. The documents contain very specific and personal medical information about Plaintiffs. Mindful of the right to public access to court records and that more limited redactions are preferable to widespread sealing, Plaintiffs do not seek to file the entirety of the Exhibits under seal, but rather just those portions of the Exhibits that discuss Plaintiffs' private medical information. *See* Commentary to LR 5.4 ("When only part of an exhibit or a brief is confidential, the moving party should not seek to seal the entire brief or exhibit but rather should seek only partial sealing . . . ."). Concurrently with the instant Motion, Plaintiffs have filed on the public docket redacted versions of the Exhibits that contain limited redactions to protect the privacy interests pertaining to the information at issue here. Plaintiffs have redacted only what is truly necessary to redact, but mere redactions would not adequately protect Plaintiffs' privacy while allowing the Court to understand the issues presented. *See, e.g.*, *Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3-5 (E.D.N.C. Oct. 7, 2014) (sealing information was narrowly tailored where third parties otherwise could use information to determine identities); *see also Boone*, 395 F.Supp.3d at 665 ("If the request is narrowly tailored, sensitive medical information may be sealed." (quoting *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013) aff'd, 584 F. App'x 42 (4th Cir. 2014))).

Finally, there are good reasons supporting a decision to seal the documents at issue. Health Insurance Portability and Accountability Act's privacy rules, 45 C.F.R

3

Case 1:19-cv-00272-LCB-LPA   Document 159   Filed 11/30/21   Page 3 of 7

Parts 160 and 164, underscore the sensitive nature of a patient's personal health information. Courts have held that compelling governmental interests require the sealing of sensitive medical information. *See, e.g.*, *Boone*, 395 F.Supp.3d at 665 (granting motion to seal exhibits and finding there is "a sufficiently compelling interest in preserving the confidentiality of some of Plaintiff's sensitive medical information"); *Bell*, 2013 WL 3157569, at *9–10 (granting motion to seal exhibits containing sensitive medical information), *aff'd by*, 584 F. App'x 42 (4th Cir. 2014); *Rock v. McHugh*, 819 F.Supp.2d 456, 476–77 (D. Md. 2011) (granting motion to seal in part, including motion to seal records with detailed medical diagnoses). The documents at issue contain confidential information about Plaintiffs' medical condition and medical treatment. Thus, these documents should be sealed.

Per Local Rule 5.4(c)(3), the motion "must address the length of time for which sealing is sought." Plaintiffs request the Exhibits to be sealed indefinitely, as there is no time at which the confidential nature of these documents will expire. *See*, *e.g.*, *United States v. Bennett*, No. 19-cr-255 (JNE/TNL) (2), 2021 WL 2310391, at *1 n.1 (D. Minn. June 7, 2021) (granting motion to seal exhibit containing medical information "indefinitely").

Should the Court deny this motion to seal, Plaintiffs elect to have the underlying documents withdrawn.

WHEREFORE, Plaintiffs respectfully request that the Court seal the unredacted copies of Exhibits 23(a), 23(c), and 23(d) to Plaintiffs' Sealed Brief in support of Partial Motion for Summary Judgement on their Statutory Claims.

Dated this 30th of November, 2021.

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson
(N.C. Bar No. 28768)
Lauren E. Snyder
(N.C. Bar No. 54150)
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386 | Fax: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Phone: 202-730-1300 | Fax: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
Adam M. Safer*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Phone: 312-984-5820 | Fax: 312-984-7700
mweaver@mwe.com

Dmitriy G. Tishyevich*
Warren Haskel*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 212-547-5534 | Fax: 646-417-7668
dtishyevich@mwe.com

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: 404-897-1880
Facsimile: 404-506-9320
tborelli@lambdalegal.org

David Brown*
TRANSGENDER LEGAL DEFENSE AND
    EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

Lauren H. Evans*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 202-756-8864 | Fax: 202-591-2900
levans@mwe.com

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

# **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: November 30, 2021                      /s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com