IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

    *Plaintiffs*,

v.

DALE FOLWELL, *et al.*,

    *Defendants*.

No. 1:19-cv-272-LCB-LPA

## AMENDED MEMORANDUM SUPPORTING STATE HEALTH PLAN DEFENDANTS' MOTION TO STRIKE (Doc. No. 168)

### Nature of the Matter

Pursuant to Local Rules 7.3(d)(1), 56.1(c), 83.4(a) and (b), Defendants, the North Carolina State Health Plan for Teachers and State Employees, Dale Folwell (*in his official capacity as State Treasurer of North Carolina),* and Dee Jones (*in her official capacity as Executive Administrator of the State Health Plan*), by and through undersigned counsel, submit this brief in support of the State Health Plan Defendants' Motion to Strike. (Doc. No. 168). Specifically, the Plan Defendants contend that Plaintiffs' multiple and simultaneous motions for summary judgment, their multiple accompanying briefs, and their

ten (10) additional attachments should be stricken for failure to comply with this Court's prior Order, (Doc. No. 129), and the Local Rules of this Court.

## Statement of the Facts

On November 5, 2021, Plaintiffs sought leave to file "Combined, Overlength[,] Dispositive Briefs." (Doc. No. 126). Plaintiffs specifically requested the Court's prior permission to file a single 14,000-word brief in support of their motion for summary judgment. (Doc. No. 126 at p.3). In their request, Plaintiffs correctly cited this Court's applicable word-count limitation: "Local Civil Rule 56.1(c) adopts the limitations on lengths of briefs set forth in Local Civil Rule 7.3(d)(1), which states that 'briefs prepared on a computer in support of motions and responsive briefs shall not exceed 6,250 words.'" (Doc. No. 126 at p.3). This Court, however, entered an Order summarily denying Plaintiffs' request. (Doc. No. 129, filed November 12, 2021).

After asking for—and being denied—prior permission to exceed the local rules' 6,250 word-count limitation, Plaintiffs then filed two separate motions for summary judgment and two separate memorandums of law in support of their separate motions for summary judgment. (Doc. Nos. 138-139, 152-153). Plaintiffs' first Memorandum contains 6,102 words, (Doc. No. 139), while their second Memorandum contains 6,136 words, (Doc. No 153), for a total of 12,238 words. Plaintiffs' conduct ignores the letter and spirit of the local rules—and

more significantly—the letter and spirit of this Court's Order of November 12, 2021. (Doc. No. 129).

## Question Presented

Should Plaintiffs' multiple motions for summary judgment, multiple accompanying briefs, and ten (10) additional attachments, be stricken for failure to comply with this Court's prior Order, (Doc. No. 129), and the Local Rules of this Court?

## Argument

Rule 56 of the Federal Rules of Civil Procedure states that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). Local Rule 7.3(d)(1) provides that **"[e]xcept with the Court's prior permission**, briefs prepared on a computer in support of motions and responsive briefs shall not exceed 6,250 words." LR 7.3(d)(1) (emphasis added). Local Rule 56.1(c) states that "[t]he word and page limitations for briefs on all motions, established by LR 7.3(d), apply to summary judgment briefs. Principal briefs prepared on computers must not exceed 6,250 words in the manner specified in LR 7.3(d)." LR 56.1(c)

Nothing in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of North Carolina contemplates, much less authorizes, the

simultaneous filing of multiple motions and multiple briefs in support of multiple motions for summary judgment by the same party. This is especially true where the party's clear intent is to circumvent the word-count limitations imposed by this Court.

Pursuant to Local Rule 83.4(a), when "a party fails to comply with a local rule" the Court may "make such orders as are just under the circumstances of the case, including" the issuance of "*an order striking out pleadings or parts thereof, or staying proceedings until the rule is complied with*." LR 83.4(a)(3) (emphasis added). This Court "[i]n considering the imposition of sanctions … may consider whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate." LR 83.4(b).

In 2013, the Honorable Judge Beaty, United States District Court Judge for the Middle District of North Carolina, considered the imposition of sanctions under circumstances that were similar, albeit less egregious, than the circumstances currently before the Court. *Guessford v. Penn. Nat'l Mut. Cas. Ins. Co.* 2013 WL 12136501 (M.D.N.C. 2013). In *Guessford*, a defendant filed three motions for summary judgment and three separate briefs in support of the motions. 2013 WL 12136501 at *1. As here, each motion and its accompanying memorandum were "addressing separate issues that arise in

the single underlying matter." *Id.* Collectively, that defendant's separate briefs far exceeded the—then applicable—20-page limitation.[1] In response, the Court expressly held that the plaintiff, in filing a Motion to Strike the defendant's multiple motions and briefs, "properly asserts that the filing of multiple summary judgment motions addressing each issue in the case separately violates the letter and the spirit of the Local Rules." *Id.* at \*2 (internal citations omitted).

As Judge Beaty explained, the briefing limitations "imposed within the Local Rules facilitate the equitable and efficient adjudication of motions by the Court. If parties were allowed to file multiple summary judgment motions addressing separately each issue in a single case," the "limitations imposed under Local Rule 7.3(d) and Local rule 56.1)(c) would be effectively rendered moot." *Id.* at \*2 (citing *Superguide Corp. v. DirecTV Enters., Inc.,* 2008 WL 1944233 (W.D.N.C. Apr. 30, 2008) (striking memorandums supporting multiple summary judgment motions and requiring one memorandum be filed to address all summary judgment issues)).

"Such a loose interpretation of the Local Rules will not be condoned by the Court," Judge Beaty concluded. *Guessford*, 2013 WL 12136501 at \*2.

---

[1] At the time, LR 7.3(d) and LR 56.1(c) provided that "briefs in support of motions and responsive briefs are limited in length to 20 pages."

Accordingly, the Court concluded that it would not consider any of the improper motions, briefs, or the attachments. The Court, however, did permit the party to consolidate its multiple motions and multiple briefs into a single consolidated motion and a single consolidated brief that complied with the local rules. *Id.* at \*4.

Here, the Court similarly should not condone Plaintiffs' conduct in this case. Plaintiffs have filed nearly double the allowable words, choosing to do so in the face of this Court's explicit denial of their prior request to exceed the Court's word-count limitations.

WHEREFORE, the Plan Defendants respectfully ask the Court, pursuant to Local Rule 83.4(a) and (b), to: (1) strike both Plaintiffs' motions for summary judgment, (Doc. Nos. 138, 152), their supporting briefs, (Doc. Nos. 139, 153), and all ten attachments, (Doc. No. 140-144, 154-158); (2) to strike all versions of these documents filed under seal, (Doc. Nos. 145-151, 160-165), and (3) fashion such other or further remedy as the Court deems reasonable and appropriate.

Respectfully submitted, this the 7th day of December, 2021.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

# CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that this Brief complies with the Court's word limit as calculated using the word count feature of the word processing software. Specifically, this Brief contains less than 6,250 words. This count includes the body of the brief and headings, but does not include the caption, signature lines, this certificate or the certificate of service.

This the 7th of December, 2021.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

# CERTIFICATE OF SERVICE

I hereby certify that on 7th day of December, the foregoing was filed electronically with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all registered users.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com