IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, et al.,

    *Plaintiffs*,

v.

DALE FOLWELL, et al.,

    *Defendants*.

No. 1:19-cv-00272-LCB-LPA

**PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE**

Plaintiffs respectfully oppose the Motion to Strike Plaintiffs' motions for summary judgment (ECF No. 168), filed by Defendants Dale Folwell, Dee Jones, and North Carolina State Health Plan for Teachers and State Employees (collectively, the "Moving Defendants"). In their motion, Moving Defendants recast the facts to accuse Plaintiffs of violating this Court's order regarding summary judgment briefing—when, in fact, Plaintiffs diligently sought the Court's guidance about how to present their motions for summary judgment and followed the instructions the Court issued in response. Plaintiffs sought leave to file a combined overlength brief to "save the unnecessary duplication that would be required if Plaintiffs were to file *multiple briefs against the various Defendants*," as Rule 56 permits them to do because Plaintiffs have different claims against different sets of Defendants. ECF No. 126 at 3 (emphasis added). When the Court declined to permit one combined overlength brief, Plaintiffs filed their briefs

1

separately as they had indicated they would do. Plaintiffs' filings are not an end-run around this Court's Rules and Order—rather, their filings are fully compliant with them. To the extent this Court finds, however, that Plaintiffs did not comply with this Court's Rules or Order, Plaintiffs respectfully request the opportunity to refile one combined summary judgment motion and accompanying memorandum.

I.     Background

On November 30, 2021, pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56.1, Plaintiffs filed two motions for summary judgment, each dealing with different claims against different sets of Defendants. The first was a motion for summary judgment by all Plaintiffs except Sam Silvaine on their Equal Protection claims against individual state officials Defendants Dale Folwell and Dee Jones, in their official capacities (together, the "Individual Defendants"). ECF No. 138. The second was a motion for partial summary judgment by all Plaintiffs on their claims under Section 1557 of the Affordable Care Act and Plaintiff Dana Caraway's claims under Title VII of the Civil Rights Act of 1964 against Defendant North Carolina State Health Plan for Teachers and State Employees ("NCSHP") and Defendant State of North Carolina, Department of Public Safety ("DPS") (together, the "State Defendants"). ECF No. 152.

Plaintiffs anticipated multiple summary judgment filings, as allowed by the rules, and indicated this in their November 5, 2021 request to file a single combined opening brief and, similarly, combined response and reply briefs. ECF No. 126. Plaintiffs explained how presenting a unified statement of undisputed facts and addressing common

2

legal issues in one brief could "save the unnecessary duplication that would be required if Plaintiffs were to file *multiple briefs against the various Defendants*."  *Id.* at 3 (emphasis added).  The Court denied Plaintiffs' request on November 12, 2021 but did *not* direct Plaintiffs to file a single brief.  ECF No. 129 ("This matter is before the Court on the Plaintiffs' Unopposed Motion for Leave to File Combined, Overlength Dispositive Briefs.  (ECF No. 126)  IT IS HEREBY ORDERED that the motion is DENIED.").  As such, Plaintiffs sought to consolidate their presentation of facts and claims as much as they could and filed two separate motions and accompanying briefs—one against the Individual Defendants and one against the State Defendants.

**II.     Argument**

    **A.     Plaintiffs complied with the letter and the spirit of the local rules and this Court's ruling.**

Federal Rule of Civil Procedure 56 supports the ability to file separate summary judgment motions on distinct claims against distinct defendants. That rule provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  And while Local Rule 56.1, in particular subsection (c), provides that principal summary judgment briefs must not exceed 6,250 words, the word limits that appear in Rule 56.1 do not apply to claims against different parties.  Simply put, nothing in the Federal Rules of Civil Procedure nor the Local Rules requires a party, let alone a party group like the Plaintiffs here, to present all claims against all Defendants within a single summary judgment brief.  Indeed, there is an "important distinction between" the filing

3

of successive motions for partial summary judgment against the same party to evade word limits and the situation here, where "the motions are directed to or by separate parties." *Thomas v. Waste Pro USA, Inc.*, No. 8:17-CV-2254-T-36CPT, 2019 WL 265182, at *2 (M.D. Fla. Jan. 18, 2019). As in *Thomas*, Plaintiffs "have filed separate motions against distinct parties." *Id.* As such, Plaintiffs "have not filed successive motions against the same party, and were not required to obtain leave to file multiple motions for summary judgment under these circumstances." *Id.*; *see also, e.g.*, *Dawson v. Miami-Dade Cty.,* No. 07-cv-20126, 2008 WL 11407195, at *1 (S.D. Fla. Jan. 24, 2008) (finding the local rule that "seeks to prevent parties from exceeding page limitations by filing multiple motions aimed at a single party's claims . . . does not apply when 'two distinct parties' claims are at issue.'" (citation omitted)).[1]

Here, two different groups of Plaintiffs—those who are currently enrolled in the Plan and therefore have Equal Protection claims for injunctive relief under 42 U.S.C. § 1983, which is all Plaintiffs except Mr. Silvaine; and those who have statutory claims against the State Defendants, even if not presently enrolled in the Plan, and are entitled to damages from the State Defendants, which is all Plaintiffs—filed two summary judgment motions against different Defendant groups. The first motion was filed against the Individual Defendants pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), for

---

[1] Unlike the Local Rules here, the local rules for the district court in *Dawson* have an express prohibition on the filings of multiple motions for partial summary judgment. *See* S.D. Fla. L.R. 7.1(C)(2). But as *Dawson* illustrates, that prohibition only applies with relation to multiple motions *against the same party*.

4

constitutional claims; and the second was filed against the State Defendants—entities that qualify as an employer within the meaning of Title VII—and against the NCSHP as a covered entity (i.e., recipient of federal funding) for purposes of the Affordable Care Act. As in *Dawson* and *Thomas*, the local rule that seeks to prevent parties from exceeding page limitations by filing multiple motions simply does not apply here, where separate claims against separate Defendants are at issue. *See Hendrickson v. Thurston Cty.*, No. C06-5374BHS, 2008 WL 5186538, at *15 (W.D. Wash. Dec. 10, 2008) ("While Local Civil Rule 7(e)(3) limits dispositive motions to 24 pages, the rule does not impose such a limit when a party files multiple motions addressed to different issues.").

Further, the sole case that Defendants rely on is inapposite. Defendants cite *Guessford v. Pa. Nat'l. Mut. Cas. Ins. Co.*, No. 1:12-cv-260, 2013 WL 12136501 (M.D.N.C. May 24, 2013), claiming that it struck summary judgment briefs in a similar circumstance, but this is disingenuous. The full caption of *Guessford* reveals that it involved a single plaintiff who sued a single defendant. *Id.* (formally captioned, "Lawrence D. Guessford, Jr., Plaintiff, v. Pennsylvania National Mutual Casualty Insurance Company, Defendant"). The defendant in that case filed three partial summary judgment motions against the one plaintiff, each one "addressing each *issue* in the case." *Id.* at *2 (emphasis added). In stark contrast, here, different Plaintiff groups moved for summary judgment on different claims against different Defendants. Where Plaintiffs had separate causes of action against the same defendant, Plaintiffs combined those claims into a single brief. *See* ECF No. 152 (combining claims against the NCSHP under

5

both Title VII and the Affordable Care Act into a single brief). Accordingly, *Guessford* does not address a circumstance like this one, where different Plaintiff groups have distinct causes of action against distinct Defendants.

> **B.    Plaintiffs previewed filing multiple briefs and sought to conserve judicial resources through their motion to consolidate.**

As noted above, Plaintiffs were explicit that they contemplated filing multiple summary judgment briefs as permitted by the rules, and requested leave to file a single overlength brief to "avoid duplicative briefing, and promote efficiency and the conservation of resources." ECF No. 126 at 2. For example, Plaintiffs anticipated "being able to present a single, unified statement of undisputed facts in one brief" which "will save the unnecessary duplication that would be required if Plaintiffs were to file *multiple briefs against the various Defendants*" and that "there will be common legal issues . . . that could be presented once in a combined brief instead of repetitively across several briefs." *Id.* at 2–3 (emphasis added). The Court denied Plaintiffs' request but did *not* direct Plaintiffs to file a single motion for summary judgment. ECF No. 129. Plaintiffs therefore proceeded in accordance with the letter and the spirit of the rules by filing separate summary judgment briefs for each Defendant group—the Individual Defendants and the State Defendants. In doing so, Plaintiffs made every effort to avoid duplicative presentation of the issues and conserve judicial resources. Indeed, as noted above, Plaintiffs combined their separate causes of action under Title VII and the Affordable Care Act against the NCSHP into a single brief. ECF No. 152. Plaintiffs' filings were also consistent with the spirit of the parties' Rule 26(f) report, which contemplates

6

Case 1:19-cv-00272-LCB-LPA   Document 172   Filed 12/08/21   Page 6 of 11

discovery for "party group[s]." ECF No. 61 at 3. Plaintiffs have identified other cases before this Court where parties followed a similar approach under the local rules. *See, e.g., Vinson v. Armstrong Int'l, Inc.,* No. 1:19CV313, 2021 WL 602525, at *1 (M.D.N.C. Feb. 16, 2021) (Biggs, J.). Defendants' claim that Plaintiffs attempted to circumvent the word limitations set forth in the local rules is unsubstantiated and contradicted by Plaintiffs' efforts. In fact, the record shows Defendants do not read the local rules to require a single summary judgment brief per side, as Defendants also filed two separate summary judgment briefs in this matter. *See* ECF Nos. 132, 136.

Moreover, the Moving Defendants cannot claim any prejudice from Plaintiffs' filing of two separate, distinct briefs. Indeed, it "is disingenuous" to do so. *Thomas*, 2019 WL 265182, at *2 (also noting "it is not unfair that Defendants are separate entities, brought into this action by Plaintiff, that are permitted to file separate motions for summary judgment"). For one, the Moving Defendants can respond in like manner. And for another, the Moving Defendants will have *more* opportunity to respond to Plaintiffs' motions and arguments as they will not need to spend time or space addressing the arguments regarding Defendant DPS's liability under Title VII.

C. **Defendants' requested relief—striking Plaintiffs' motion in their entirety—is inappropriate.**

Although Defendants' lone cited authority, *Guessford*, is inapplicable here, were the Court to decide that Plaintiffs' motions should have been presented in a single, combined brief, Plaintiffs request that they be provided the same opportunity afforded in *Guessford* to refile a combined brief. 2013 WL 12136501, at *3.

7

To be sure, "[a] motion to strike is a drastic remedy which is disfavored by courts and infrequently granted." *Hughes v. Wells Fargo Bank*, No. 114CV516GBLTRJ, 2014 WL 12527212, at *6 (E.D. Va. Dec. 2, 2014), *aff'd sub nom. Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261 (4th Cir. 2015); *see also, e.g.*, *WIKA Instrument I, LP v. Ashcroft, Inc.*, No. 1:13-cv-43, 2014 WL 12649002, at *1 (N.D. Ga. Oct. 21, 2014) (electing not to strike a party's motions for summary judgment because the manner by which it filed its motions did "not complicate matters for the court or the parties"). As such, granting Plaintiffs the opportunity to refile a combined brief is particularly appropriate in light of Plaintiffs' good faith efforts to comply with the rules and this Court's ruling, and consistent with other courts' handling of similar issues. *See, e.g.*, *Guessford*, 2013 WL 12136501, at *3–4 (ordering defendant to file a "consolidated Motion for Partial Summary Judgment and supporting brief"); *Delashaw v. Roberts*, No. C18-1850JLR, 2020 WL 2405405, at *2 (W.D. Wash. May 12, 2020) (allowing "refiling one motion for summary judgment that comports with the page limits and other filing requirements of the court's local rules"); *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007) (instructing plaintiff "to file a single consolidated motion and brief in support, combining all of its arguments in a single filing" and noting plaintiff may seek "a modest extension of" page limit).

Finally, although it is unclear if the Moving Defendants seek any sanctions beyond the striking of Plaintiffs' motions (which the court should deny for the foregoing reasons), any other sanctions are particularly unwarranted in light of Plaintiffs' sincere

8

efforts to comply with the applicable rules and seek instruction from the Court, and compliance with the Court's guidance. *See, e.g.*, *Nat'l All. for Accessibility, Inc. v. Triad Hosp. Corp.*, No. 1:11-cv-527, 2012 WL 996661, at *9 (M.D.N.C. Mar. 23, 2012) ("Whether to impose sanctions is left to the court's discretion, and the court may consider whether a failure to comply 'was substantially justified or whether other circumstances make the imposition of sanctions inappropriate.'" (quoting Local Rule 83.4(b))).

## CONCLUSION

Local rules imposing word limits for parties' motions for summary judgment are "designed to promote efficiency as to one claim, not to hamstring a party with multiple claims to address," and therefore do not "prohibit the filing of separate motions for summary judgment as to the parties' separate claims." *Dawson*, 2008 WL 11407195, at *1. The Court should make the same finding here and deny Defendants' motion to strike. Alternatively, should the Court find that Plaintiffs' separate claims must be combined in one brief, Plaintiffs respectfully request the opportunity to refile one combined summary judgment motion and accompanying memorandum.

Dated: December 8, 2021                                                         Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson                                      Tara Borelli*
N.C. State Bar No. 28768                               Carl S. Charles*
Lauren E. Snyder                                       LAMBDA LEGAL DEFENSE AND
N.C. State Bar No. 54150                               EDUCATION FUND, INC.
HARRIS, WILTSHIRE & GRANNIS LLP                        1 West Court Square, Ste. 105
1033 Wade Avenue, Suite 100                            Decatur, GA 30030
Raleigh, NC 27605-1155                                 Telephone: 404-897-1880
Phone: 919-429-7386 | Fax: 202-730-1301                Fax: 404-506-9320

9

arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Phone: 202-730-1300 | Fax: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
Adam M. Safer*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Phone: 312-984-5820 | Fax: 312-984-7700
mweaver@mwe.com

Dmitriy G. Tishyevich*
Warren Haskel*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 212-547-5534 | Fax: 646-417-7668
dtishyevich@mwe.com

Lauren H. Evans*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 202-756-8864 | Fax: 202-591-2900
levans@mwe.com

tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Fax: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Fax: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

10

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: December 8, 2021

/s/ Amy E. Richardson
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com