IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

    *Plaintiffs*,

v.

DALE FOLWELL, *et al.*,

    *Defendants*.

No. 1:19-cv-272-LCB-LPA

## REPLY REGARDING MOTION TO STRIKE

Defendants, the North Carolina State Health Plan for Teachers and State Employees, Dale Folwell (in his official capacity as State Treasurer of North Carolina), and Dee Jones (in her official capacity as Executive Administrator of the State Health Plan) (the "Plan Defendants"), respectfully moved this Court to enter an Order striking Document Nos. 138-144, 146-158, and 160-165, pursuant to Local Rules 7.3(d)(1), 56.1(c), 83.4(a) and (b). (Doc. Nos. 168-169, 171). The Plan Defendants also filed a Motion to Expedite Consideration of their Motion to Strike. (Doc. No. 170). Plaintiffs have filed a response (Doc. No. 172), arguing that the local rules permit their filing of multiple motions for summary judgment (and multiple supporting briefs), and

that their conduct was implicitly pre-approved by this Court's Order explicitly denying their request to file a single 14,000-word brief. (Doc. No. 129). Neither is correct.

Contrary to Plaintiffs' suggestion, none of their cited cases expressly authorize a plaintiff to split their own multiple claims into multiple motions for summary judgment. *Thomas v. Waste Pro USA, Inc.*, No. 8:17-CV-2254-T-36CPT, 2019 WL 265182 at *2 (M.D. Fla. Jan. 18, 2019) (involving defendants' motions in unique collective action case under the Fair Labor Standards Act); *Dawson v. Miami-Dade Cty.*, No. 07-cv-20126, 2008 WL 11407195 at *1 (S.D. Fla. Jan. 24, 2008) (defendant filing motions and briefs on plaintiff's claim and own counterclaim); *Hendrickson v. Thurston Cty.*, No. C06-5374BHS, 2008 WL 5186538 at *15 (W.D. Wash. Dec. 10, 2008) (defendants filing multiple motions and briefs as to single plaintiff's multiple claims). Instead, Plaintiffs' conduct here is more akin to that of the defendant in *Novartis Consumer Health v. Elan Transdermal Technologies*, 209 F.R.D. 507 (S.D. Fla. 2002), who improperly attempted to break multiple claims and issue into multiple motions and briefs. *See Dawson,* 2008 WL 11407195 at *1 (citing *Novartis*, 209 F.R.D. at 507).

This Court's analysis in *Guessford v. Penn. Nat'l Mut. Cas. Ins. Co.* 2013 WL 12136501 at *2 (M.D.N.C. 2013) accurately states the local rule in the United States District Court for the Middle District of North Carolina. "[T]he

filing of multiple summary judgment motions[,] addressing each issue in the case separately[,] violates the letter and the spirit of the Local Rules." *Id.* (internal citations omitted). In *Guessford*, Judge Beaty emphatically held that "[i]f parties were allowed to file multiple summary judgment motions addressing separately each issue in a single case," the "limitations imposed under Local Rule 7.3(d) and Local rule 56.1(c) would be effectively rendered moot." *Guessford,* 2013 WL 12136501 at *2 (citing *Superguide Corp. v. DirecTV Enters., Inc.,* 2008 WL 1944233 (W.D.N.C. Apr. 30, 2008). The rule in this Court, as Judge Beaty explained, is that plaintiffs must present all claims against all defendants in a single summary judgment motion and supporting brief. If they wish to do otherwise, they must get prior permission, as contemplated by Local Rule 7.3(c).

This long-excepted understanding is further supported by Judge Beaty's citation to and reliance upon *Superguide Corp. v. DirecTV Enters., Inc.,* 2008 WL 1944233 (W.D.N.C. Apr. 30, 2008). In *Superguide*, a case with a single plaintiff and two distinct groups of defendants, the Court noted that—without moving for leave to file longer briefs—each defendant group and the plaintiff were limited to one motion and one brief each, for a total of three motions and three briefs. *Superguide*, 2008 WL 1944233 at *1.

> Innundating the Court with sheer volume of argument . . . is not helpful to the Court and is not of benefit to the parties making such filings. It also deprives the Court and the parties of the benefit of forcing the movants to separate the wheat from the chaff, by presenting their strongest arguments rather than presenting all of their arguments. If the parties had felt that the [word] limit was unduly burdensome in this instance because of the gravity of the issues or the strength of several arguments, they had the opportunity to move for leave to be permitted to file longer briefs.

*Superguide*, 2008 WL 1944233 at *1.[1]

Here, in the absence of the Court granting the Plaintiffs permission to file multiple motions and briefs, or to exceed the word-count limitation, the local rules permitted Plaintiffs to file a single motion and a single supporting brief with no more than 6,250 words. LR7.3(d)(1), 56.1(c). Plaintiffs could have requested prior permission to file multiple briefs but did not. Instead, Plaintiffs requested—and were denied—prior permission to file one 14,000-word brief. (Doc. Nos. 126, 129). Plaintiffs' multiple filings contravene the local rules and customs of the United States District Court for the Middle

---

[1] Plaintiffs' effort to define themselves as a group with statutory claims and another group with constitutional claims is unavailing. Critically, Plaintiffs do not explain why two briefs, distinguishing between constitutional and statutory claims, is any more or less allowed than a motion and brief by each separate plaintiff, against each separate defendant, as to each issue. Such multiplicious filings are the logical conclusion of Plaintiffs' argument and would completely "render moot" the "limitations imposed under Local Rule 7.3(d) and Local rule 56.1(c). *Guessford v. Penn. Nat'l Mut. Cas. Ins. Co.* 2013 WL 12136501 at *2 (M.D.N.C. 2013)

District of North Carolina. Accordingly, this Court should strike the improper submissions and fashion such remedy as the Court deems reasonable and appropriate.

Respectfully submitted, this the 8th day of December, 2021.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

# CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that this Reply Brief complies with the Court's word limit as calculated using the word count feature of the word processing software. Specifically, this Reply Brief contains less than 3,125 words. This count includes the body of the brief and headings, but does not include the caption, signature lines, this certificate or the certificate of service.

This the 8th of December, 2021.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

# CERTIFICATE OF SERVICE

I hereby certify that on 8th day of December, the foregoing was filed electronically with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all registered users.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com