IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, et al.,

    Plaintiffs,

v.                1:19CV272

DALE FOLWELL, et al.,

    Defendants.

**ORDER**

  This matter is before the Court on the Motion of the North Carolina State Health Plan for Teachers and State Employees, Dale Folwell (*in his official capacity as State Treasurer of North Carolina*), and Dee Jones (*in her official capacity as Executive Administrator of the State Health Plan*) ("the Plan Defendants") to strike Plaintiffs' multiple and simultaneous motions for summary judgment, their multiple accompanying briefs, and their multiple additional attachments for failure to comply with this Court's prior Order, (ECF No. 129), and the Local Rules of this Court. (ECF No. 168.) The Plan Defendants have also filed a Motion seeking expedited consideration of this issue. (ECF No. 170).

  IT FIRST APPEARING TO THE COURT that the Plaintiffs previously sought—and were denied—prior permission to exceed the word-count limitation of Local Rules 7.3(d)(1) and 56.1(c).[1]

---

[1] In their request, Plaintiffs correctly observed that Local Rules 7.3(d)(1) and 56.1(c) establish a 6,250 word-count limit.

1

IT FURTHER APPEARING TO THE COURT that the Plaintiffs subsequently filed two motions for summary judgment, (ECF Nos. 138 and 152), each accompanied by a supporting memoranda/briefs, (ECF. Nos. 139 and 153), and ten (10) additional attachments, (ECF Nos. 140-144, 154-158). Plaintiffs also sought to file sealed versions of both supporting memoranda/briefs and all 10 additional attachments (totaling 24 submissions).

IT FURTHER APPEARING TO THE COURT that Local Rules 7.3(d)(1) and 56.1(c) limit Plaintiffs to no more than 6,250 words, and that Plaintiffs did not receive this Court's prior permission to exceed Local Rules 7.3(d)(1) and 56.1(c)'s 6,250 word-count limit.

IT FURTHER APPEARING that the Court has authority under Local Rule 83.4(a) and (b) to "make such orders as are just under the circumstances of the case, including" the issuance *of "an order striking out pleadings or parts thereof, or staying proceedings until the rule is complied with,"* and

IT FURTHER APPEARING to the Court that based on the above-referenced briefs Plaintiffs have filed, that a single dispositive motion, and an accompanying memorandum/brief with an enlarged word count not to exceed 9,000 words, is both reasonable and adequate to address all of Plaintiff's claims in this case.

**IT IS THEREFORE ORDERED** that the Plan Defendants Motion to Expedite consideration, ECF No. 170, is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, ECF No. 168, is GRANTED and the following submissions of the Plaintiffs are HEREBY STRICKEN: ECF Nos. 138, 139, 140, 141, 142, 143, 144, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 160, 161, 162, 163, 164, 165.

2

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Seal, ECF Nos. 145 and 159, are HEREBY DENIED as moot. If refiled these motions shall be filed in conformity with this Court's Local Rules, specifically Local Rules 5.4 and 5.5.

**IT IS FURTHER ORDERED** that Plaintiffs shall be allowed to file a single dispositive motion, and an accompanying memorandum/brief with an enlarged word count not to exceed 9,000 words, within ten days of the entry of this Order.

**IT IS FURTHER ORDERED** that Plan Defendants shall likewise be allowed an enlarged word count not to exceed 9,000 words for its Response Brief.

**IT IS FURTHER ORDERED** that all other filings and deadlines shall be in compliance with all prior orders of this Court and its Local Rules.

This the 10th day of December 2021.

/s/ Loretta C. Biggs
United States District Judge