IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| MAXWELL KADEL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:19-cv-272-LCB-LPA |
| DALE FOLWELL, et al., | ) ) ) | |
| Defendants. | ) ) | |

**PLAN DEFENDANTS' RESPONSE IN OPPOSITION
TO MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* BY
AMERICAN MEDICAL ASSOCIATION AND SEVEN ADDITIONAL
HEALTH CARE ORGANIZATIONS IN SUPPORT OF PLAINTIFFS**

Pursuant to Local Rule 7.5(b), Defendants, the North Carolina State Health Plan for Teachers and State Employees, Dale Folwell, and Dee Jones (the "Plan Defendants"), by and through undersigned counsel, respond in opposition to the Motion for Leave to File Brief of *Amici Curiae* in Support of Plaintiffs submitted by eight medical associations.

### INTRODUCTION

The Court should acknowledge the proposed *amicus* brief for what it is: an anonymous, unsworn expert report, and it should deny the motion for leave to file. The proposed *amicus* brief does not cite a single judicial decision, legal brief, or law review article. Instead, the *amici* seek to provide medical information, (Doc. No. 131 at p.7), much of which is nowhere else in the record.

Approximately 50% of the medical articles cited in the proposed *amicus* brief (24 of 46) are not in any of the reports by Plaintiffs' experts. Because of this, the proposed *amicus* creates the risk that the Court will reach conclusions using unsolicited "evidence" that none of the parties, nor the parties' experts, have identified as a legitimate basis for summary judgment.

Moreover, the proposed *amici* do not offer or meet any of the three possible justifications for their participation at the trial court. *See Bryant v. Better Business Bureau,* 923 F. Supp. 720, 727 (D. Md.1996). The proposed brief does not aid the court's legal analysis. The proposed brief is not needed to help struggling counsel. Finally, the stated interest of *amici*—a "commitment to improving the physical and mental health of all Americans"—does not qualify as the type of special interest required by the courts to justify *amicus* participation at the district court level. This Court should thus deny the request to file the proposed *amicus* brief.

## I.     Granting *Amici*'s Motion will Prejudice the Defendants.

Rule 26(a) requires that, during the discovery period, all parties must disclose all expert witnesses and submit a report with a "complete statement of all opinions … and the reason and basis for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Moreover, expert testimony must comply with this Court's case management orders. The Court required disclosure of Plaintiffs' experts by March 1, 2021, the Plan Defendants' experts by May 1, 2021, and Plaintiffs'

2

rebuttal experts by June 11, 2021. *See* Text Order adopting Parties' Rule 26(f) Report, (Doc. No. 61, August 13, 2020); Order granting Motion for Extension of Time, (Doc. No. 90, Mar. 25, 2021); Order granting Motion for Extension of Time, (Doc. No. 101, May 12, 2021). With two limited exceptions, all expert depositions needed to be complete by September 30, 2021. (Doc. No. 98, May 11, 2021).

The proposed *amicus* brief complies with none of these requirements, even though it directly addresses a factual disagreement between the parties. The Plaintiffs assert that the gender transition treatments they desire are medically necessary, and the Plan Defendants' experts have testified that the current peer-reviewed science indicates that these treatments remain experimental.

As one example, Dr. Stephen Levine, M.D., wrote in his expert declaration for the Plan Defendants that "[w]ithin the last two years, detailed research reviews exposing multiple and serious methodological and ethical flaws in the research of … affirmation supporters have pinpointed fundamental methodological errors in their papers which claim to support affirmation treatment." Declaration of Stephen B. Levine at 10 (April 29. 2021). Dr. Levine will testify that the treatments Plaintiffs seek "remain experimental and have never been accepted by the relevant scientific community and have no known nor published error rate." *Id.* at 10-11.

Now, long after discovery has closed, the proposed *amici* seek to provide their views on the "best practices when treating transgender individuals for gender dysphoria and providing gender-confirming care." (Doc. 131 at p.6). The proposed *amicus* brief discusses the diagnosis of Gender Dysphoria, "What it means to be transgender," (Doc. 131-2, Proposed *amicus* brief at p.4), "Accepted treatment protocols for Gender Dysphoria," *id.* at p.11, and *amici*'s views on treatment outcomes for this illness, *id.* at p.17. The Motion for Leave asserts that the brief reflects "agreed upon best practices" in transgender health. (Doc. No. 131 at p.6).

The *amici* offer this information even though the *amicus* brief lacks the signature, or even the name, of a single individual with a medical degree who has reviewed or approved its contents. *See* Fed. R. Civ. P. 26(a)(2) (requirements for expert witnesses).

Were the proposed *amicus* brief offered by a party, its timing and contents would be the type of procedural unfairness that "unfairly inhibits" the other party's "ability to properly prepare" for trial. *Garey v. James S. Farrin, P.C.*, 514 F. Supp. 3d 784, 788 (M.D.N.C. 2021). "Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court." *White v. City of Greensboro*, 532 F. Supp. 3d 277, 300 (M.D.N.C. 2021) (quoting *Tokai Corp. v. Easton Enters., Inc.*,

4

632 F.3d 1358, 1365-66 (Fed. Cir. 2011)). "Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process." *Id.*[1]

There is no rule or other authority that allows an *amicus* to offer such expert testimony when the opposing party does not do so. Indeed, at least one court has made clear that "an *amicus* who argues facts should rarely be welcomed." *Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir.1970).

---

[1] Were the Plaintiffs themselves to seek to introduce the information from the proposed *amicus* brief—something they arguably desire considering their citation to the *amicus* brief in their own motion for summary judgment—they would have to show their failure to disclose this information during discovery "was substantially justified or is harmless." *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). *See* Doc No. 179 at p.21 (citing "the *amicus* brief filed by many of those organizations in this case" as evidence for this Court's consideration).

The Fourth Circuit analyzes out-of-time expert material under a five-part test. The Court must consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

The first four factors relate primarily to the harmlessness exception, while the final factor tests whether the initial exclusion of information was substantially justified. *Id.* The information in the proposed *amicus* was presented to the Plan Defendants the same day properly filed summary judgment motions were due, November 30, 2021. (Doc. No. 131, 131-2). Moreover, the information cannot simultaneously "assist the Court in its deliberations," (Doc. No. 131 at p.7), and be harmless to the interests of the other parties in the litigation. The proper remedy would be to strike the proposed expert testimony, and that should be the Court's ruling here.

5

Beyond the procedural unfairness, the proposed *amicus* brief creates the potential for reversible error. When a Court reviews motions for summary judgment, the record includes only that information that could be considered at trial. *See* Fed. R. Civ. P. 56. A Court cannot rely upon "factual assertions supported only by a citation to an unsworn expert report" as such information is "hearsay and do[es] not qualify as admissible evidence." *Penobscot Nation v. Mills*, 151 F. Supp. 3d 181, 185 (D. Me. 2015).

The proposed *amicus* brief is precisely this—inadmissible "factual assertions supported only by a citation to an unsworn expert report." *Id.* The brief is not signed by a medical expert or anyone else qualified to provide expert testimony. The brief is not a sworn declaration. More than 50% of the citations in the proposed brief (24 of 46) are new; they do not appear in any reports submitted by either the Plaintiffs' initial or rebuttal experts. Nevertheless, the *amici* ask that this Court take "the information contained in their proposed brief" into "its deliberations" on summary judgment. (Doc. No. 131 at p.7).

The risk should be clear. If the Court does not intend to rely upon the information in the proposed *amicus* brief, then it should deny the Motion for Leave and exclude the information entirely. If the Court does rely on the information in the proposed brief, then its decision will include extra-record evidence that neither party put before the Court and that lacks the "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction

6

on the burden of proof" that expert opinion requires. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

The Court should not risk poisoning the factual record with "unsworn expert testimony" on summary judgment. *See, e.g., New York v. Microsoft*, No. CIV.A. 98-1233 CKK, 2002 WL 31628215 at *1 (D.D.C. Nov. 14, 2002). The Motion for Leave should be denied on this basis alone.

## II. The Proposed *Amici* must justify their *amicus* participation and have wholly failed to do so.

In addition, the Motion for Leave ignores the requirements for *amicus* participation that are regularly applied by trial courts in the Fourth Circuit. No Federal Rule of Civil Procedure governs *amicus curiae* before a federal district court. *City of Columbus v. Trump*, 453 F. Supp. 3d 770, 785 (D. Md. 2020). The Middle District's local rules provide a process but no substantive standard. Local Rule 7.5. "Whether to permit a nonparty to submit a brief, as *amicus curiae*, is, with immaterial exceptions, a matter of judicial grace." *Nat'l Org. for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000).

Although the Court has discretion, Judge Davis—when serving as a U.S. District Court Judge before joining the Fourth Circuit—summarized the usual analysis for an *amicus* request as follows: *Amici* are "allowed at the trial level where [1] they provide helpful analysis of the law, [2] they have a special interest in the subject matter of the suit, or [3] existing counsel is in need of

7

assistance." *Bryant v. Better Business Bureau,* 923 F. Supp. 720, 727 (D. Md. 1996) (internal citations omitted). Even then, "[a] motion for leave to file an *amicus* curiae brief ... should not be granted unless the court 'deems the proffered information timely and useful.'" *Bryant,* 923 F. Supp. at 727–28 (citing *Yip v. Pagano,* 606 F. Supp. 1566, 1568 (D.N.J.1985)). *See also Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park*, 147 F. Supp. 3d 373, 389 (D. Md. 2015) (same analysis).[2]

The proposed *amicus* brief does not fulfill any of the roles identified by Judge Davis. *Amici*'s brief does not "provide helpful analysis of the law" because it contains no legal reasoning whatsoever. Neither are Plaintiffs' fifteen "existing counsel in need of assistance."

While *amici* with a "special interest" in the case are sometimes allowed, courts often require that the proposed *amicus* also demonstrate at least one of the other two criteria. "[A] special interest in the outcome of the suit" alone is not sufficient to justify participation when *amici* does not provide "helpful legal analysis beyond the thorough job done by the parties' counsel." *Am. Humanist*

---

[2] District courts elsewhere have suggested that the meaning of the phrase *amicus curiae*—"friend of the court"—implies that an *amicus* should not be "partial to a particular outcome in the case." *James v. Glob. Tel-Link Corp.*, No. 2:13-CV-04989-WJM-MF, 2020 WL 6194016 at *5 (D.N.J. Oct. 22, 2020). District Courts in this circuit have not always demanded neutrality, but this Motion for Leave makes no pretense to it, filed as a Motion "in Support of Plaintiffs." (Doc. 131 at p.1).

8

*Ass'n*, 147 F. Supp. 3d at 389. *See also Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore*, 449 F. Supp. 3d 549, 555 n.1 (D. Md. 2020) (While "the Local Government Coalition for Renewable Energy and the Energy Justice Network purport to have a special interest in this litigation," the *amici* "do not provide any legal analysis beyond the arguments raised in the parties' briefs and are not necessary for the Court's determination of the legal issues at hand" and are therefore denied leave to file.).

Even if a "special interest" was sufficient justification alone, the proposed *amici* fail to identify any such special interest. Instead, the proposed *amici* offer only one broad reason for their participation:

> All *amici* share a commitment to improving the physical and mental health of all Americans—regardless of gender identity—and to informing and educating lawmakers, the judiciary, and the public regarding the public-health impacts of laws and policies.

(Doc. No. 131 at p.6). A generic interest in "improving the physical and mental health of all Americans" does not qualify as a "special interest." "When evaluating a potential *amici*'s proffered interest in a case, the court looks to whether its 'interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it." *Dwelling Place Network v. Murphy*, No. CV 20-6281 (RBK/AMD), 2020 WL 3056305 at *1 (D.N.J. June 9, 2020) (quoting *Granillo v. FCA US LLC*, 2018 WL 4676057 at *5 (D.N.J. Sept. 28, 2018)).

A special interest is more than "a trade association with a generalized interest in all cases" related to a specific subject matter. *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999). Rather, a special interest at the trial level exists when a party, "although short of a right to intervene[,]" has "a special interest that justifies his having a say." *Strasser,* 432 F.2d at 569.

The importance of a "special interest"—rather than a generalized one— has been aptly explained by the First Circuit. "[A] district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an *amicus* brief unless, as a party, although short of a right to intervene, the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Id.* at 569. This is true even though, "if an *amicus* causes the district court to make an error of law—an *amicus* who argues facts should rarely be welcomed—the error can be corrected on appeal." *Id.*

This Court should reject and deny the proposed Motion for Leave, (Doc. No. 131), as insufficient to justify the participation of the *amici* at this stage of litigation. The *amici* organizations do not specialize in transgender health. *Id.* at p.1-4). The *amici*'s interest in "informing and educating" decisionmakers, *id.* at p.6, may justify their own decision to submit "*amicus* briefs in similar cases pending throughout the country," but this private interest is not one of

the "special interests that would weigh in favor of granting *amici* status." *Dwelling Place Network,* 2020 WL 3056305 at *1. *See also Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-CV-23590, 2021 WL 4819580 at *1 (S.D. Fla. Oct. 15, 2021) (trade association "failed to explain how its brief will benefit the Court by offering a new or unique perspective beyond that already presented by the parties"); *Granillo*, 2018 WL 4676057 (2018) (denying *amici* status to a consumer group that regularly filed *amicus* briefs, noting this indicates generalized concern not specific interest).

Lacking any legal analysis, the need to assist Plaintiffs' counsel, or any assertion of a special interest, the Motion for Leave by the proposed *amici* should be denied.

### III. Conclusion

The Court should promptly deny the Motion for Leave to File the Proposed *Amicus* Brief, Doc. No. 131. The request is procedurally untimely, unsupported by evidence that can be considered under Rule 56, and prejudicial to the Plan Defendants. In the face of these concerns, the proposed *amici* have neither analyzed their request under the generally accepted test used by trial courts in the Fourth Circuit nor offered meaningful justification for their participation. Because of this failure, combined with the risk to the record presented by the proposed brief, the Court should promptly deny the Motion for Leave to File the Proposed *Amicus* Brief, Doc. No. 131.

Respectfully submitted this 20th day of December, 2021.

*/s/ Ben Garner*
James Benjamin Garner
N.C. Bar. No. 41257
General Counsel
North Carolina Department of
   the State Treasurer
3200 Atlantic Avenue
Raleigh, North Carolina 27604
Telephone: (919) 814-4000
Ben.Garner@nctreasurer.com

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
LAW OFFICE OF JOHN G. KNEPPER, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N. C. Bar No. 25760

*/s/ Mark A. Jones*
Mark A. Jones
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC 27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

# CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that this Response in Opposition to Motion for Leave to File Brief of *Amici Curiae* complies with the Court's word limit, containing 2,689 words calculated with the word count feature of the word processing software in making this certification.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
LAW OFFICE OF JOHN G. KNEPPER, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on 20th day of December, the foregoing Response in Opposition to Motion for Leave to File Brief of *Amici Curiae* was filed electronically with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all registered users.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
Post Office Box 1512
Cheyenne, WY 82003-1512
Telephone: (307) 632-2842
John@KnepperLLC.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A
100 N. Cherry St., Suite 600
Winston-Salem, NC 27101
T(336)722-3700;F 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com