# EXHIBIT A

1  UNITED STATES DISTRICT COURT
   NORTH CAROLINA MIDDLE DISTRICT

2  _____

3  MAXWELL KADEL, et al.,

4              Plaintiffs,

5       vs.              Case No. 1:19-cv-00272-LCB-LPA

6  DALE FOLWELL, et al.,

7              Defendants.

   _____

8

       THE DEPOSITION OF GEORGE R. BROWN, M.D.

9              September 23, 2021

10

11

12     **PORTIONS ATTORNEYS' EYES ONLY**

13

14

15

16

17

18

19 Reported by:
20 PATRICIA A. NILSEN, RMR, CRR, CRC
   Licensed Court Reporter 717 for the State of
21 Tennessee
22
23
24
25

1  The deposition of GEORGE R. BROWN,
2  M.D., taken on behalf of the Defendants, pursuant
3  to Notice on September 23, 2021, beginning at
4  approximately 9:31 a.m. EST taken remotely.
5              This deposition is taken in
6  accordance with the terms and provisions of the
7  Federal Rules of Civil Procedure.  All objections
8  are reserved except as to form, and all sides
9  stipulate to the swearing of the witness remotely.
10              The signature of the witness is
11 reserved.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                    APPEARANCES (via Zoom)
 2         For the Plaintiffs:
 3                    DMITRIY G. TISHYEVICH
                      Attorney at Law
 4                    MCDERMOTT WILL & EMERY LLP
                      One Vanderbilt Avenue
 5                    New York, NY 10017
                      212-547-5534
 6                    dtishyevich@mwe.com
 7                    LAUREN H. EVANS
                      Attorney at Law
 8                    MCDERMOTT WILL & EMERY LLP
                      500 N. Capitol Street, NW
 9                    Washington, DC 20001
                      202-756-8864
10                    levans@mwe.com
11                    TARA L. BORELLI
                      Attorney at Law
12                    LAMBDA LEGAL DEFENSE AND EDUCATION
                      FUND, INC.
13                    158 West Ponce De Leon Avenue
                      Suite 105
14                    Decatur, GA 30030
                      470-225-5341
15                    tborelli@lambdalegal.org
16         For Defendants Treasurer Dale Folwell,
           Administrator Dee Jones, and the North Carolina
17         State Health Plan for Teachers and State
           Employees:
18
                      JOHN G. KNEPPER
19                    Attorney at Law
                      LAW OFFICE OF JOHN G. KNEPPER, LLC
20                    P.O. Box 1512
                      Cheyenne, WY 82003
21                    307-632-2842
                      John@KnepperLLC.com
22
                      KEVIN GUY WILLIAMS
23                    Attorney at Law
                      BELL DAVIS & PITT, P.A.
24                    PO Box 21029
                      Winston-Salem, NC 27120-1029
25                    336-714-4150
                      kwilliams@belldavispitt.com
```

```
 1              APPEARANCES (continued)
 2     For Defendant Department of Public Safety:
 3              ALAN MCINNES
                Attorney at Law
 4              NORTH CAROLINA DEPARTMENT OF JUSTICE
                114 W. Edenton Street
 5              Raleigh, NC 27601
                919-716-6529
 6              amcinnes@ncdoj.gov
 7     Videotaped By: STEVE CUMMINGS
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1    have some questions, but -- just a couple of
 2    questions.
 3    Q.      Dr. Brown, are you licensed to practice
 4    medicine in the state of North Carolina?
 5    A.      I am not.
 6    Q.      Prior to conducting a forensic interview
 7    with the plaintiffs in this case, did you apply for
 8    or receive a temporary license from the State of
 9    North Carolina?
10    A.      No, I did not, because I haven't practiced
11    medicine in the state of North Carolina.
12    Q.      So it is -- it is your understanding that
13    your interview of the plaintiffs in this case does
14    not constitute the practice of medicine in
15    North Carolina?
16            MR. TISHYEVICH:  Object to form, and
17    object to the extent it calls for a legal
18    conclusion.
19    A.      I can -- I can state that it was made
20    clear to each of the plaintiffs prior to the onset
21    of the interviews that this was not the practice of
22    medicine, and no doctor-patient relationship would
23    be established by any further discussion that I had
24    with them if they choose to proceed.
25    Q.      Did you seek or receive a signed consent
```

```
 1   form from the plaintiffs prior to interviewing
 2   them?
 3        A.     I can't recall when I've ever gotten a
 4   signed consent form to conduct an interview with a
 5   voluntary, willing individual.
 6               MR. KNEPPER:  I have no further
 7   questions.
 8               MR. TISHYEVICH:  Let's go off the
 9   record for now.  I'm going to have some brief
10   redirect.
11               VIDEOGRAPHER:  Going off the record.
12   The time is 6:03 p.m.
13               (Recess)
14               VIDEOGRAPHER:  We are now back -- all
15   right.  We are now back on the record.  The time is
16   6:15 p.m.
17                    EXAMINATION
18   BY MR. TISHYEVICH:
19        Q.     Dr. Brown, good evening.  I have just a
20   couple of questions for you.
21               Are some of the opinions that you're
22   offering in this case about the necessity, safety,
23   and effectiveness of various types of
24   gender-affirming treatment?
25        A.     Yes, they are.
```