IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, et al.,

    *Plaintiffs*,

v.

DALE FOLWELL, et al.,

    *Defendants*.

No. 1:19-cv-00272-LCB-LPA

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL**

    Plaintiffs' Motion to Seal (ECF No. 182) is narrowly tailored to three excerpts of exhibits which contain particularly sensitive medical evaluations of Plaintiffs by a medical expert. Defendants[1] acknowledge that "documents filed in a lawsuit and containing sensitive medical information may be sealed," (ECF No. 190 at 4), yet argue nonetheless that Plaintiffs should not be entitled to any such protection here.

    In doing so, Defendants cherry-pick language from cases that are inapposite. For example, Defendants invoke *Mann v. Berryhill*, No. 4:17-cv-90, 2017 WL 9939476 (E.D. Va. Dec. 19, 2017), several times; yet *Mann* involved a plaintiff's request to seal an *entire case*—a far cry from Plaintiffs' narrowly tailored request before this Court.

---

[1] No third party has objected to Plaintiffs' request since Plaintiffs filed their motion to seal on December 20, 2021. Defendants, who have objected to Plaintiffs' request, have access to unsealed copies of the three excerpted exhibits.

Defendants' Opposition also ignores precedent from this Court that contradicts their arguments.

As this Court and other courts in this district have recognized, "[i]f the request is narrowly tailored, sensitive medical information may be sealed." *Boone v. Bd. Of Governors of Univ. of N.C.*, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019), *aff'd*, 858 F. App'x 622 (4th Cir. 2021) (quoting *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014)).

For example, in *Boone*, plaintiff Annie Boone's employment as a university police officer was terminated after she was deemed unfit to serve as a result of mental health struggles she experienced after being raped. Boone brought claims against the Board of Governors of the University of North Carolina ("UNC"). UNC sought to file four documents under seal in connection with its summary judgment filing, including medical records from Boone's doctor visits and a medical history statement Boone gave when she applied to UNC, and both UNC and Boone filed briefs supporting the request to seal. This Court ultimately concluded in *Boone* that the motion to seal was narrowly tailored because it only included "medical records which summarize[d] the [p]laintiff's medical visits or medication or treatment history." *Boone*, 395 F. Supp. 3d at 665. This Court further noted that the parties had filed other relevant medical information, such as excerpts of depositions and other reports, unsealed. *Id.* This Court determined that the parties had "demonstrated a sufficiently compelling interest in preserving the

confidentiality of some of Plaintiff's sensitive medical information" and granted the motion to seal. *Id.*

Similarly, in *Bell*, the Court found that a request to seal was narrowly tailored because it included only medical records, as opposed to the entire summary judgment record, and granted the motion to seal. 2013 WL 3157569, at *9.

Here, Plaintiffs seek to seal the narrowest possible portion of the record—Paragraphs 50–67 of Exhibit 23(a), Paragraphs 9–13 of Exhibit 23(c), and Paragraph 126 of Exhibit 23(d). Plaintiffs' request is even narrower than the requests in *Boone* and *Bell*, where the Court authorized sealing entire documents, as Plaintiffs here only seek to seal three portions of Dr. Brown's reports, rather than entire documents. And, as in *Boone*, the parties have filed other relevant medical information, including excerpts of deposition testimony, *see, e.g.*, Exs. 15–23, ECF Nos. 180–181, as well as numerous Plaintiff declarations and their attached records, unsealed. *See* ECF Nos. 179-1, 179-2, 179-3, 179-4, 179-5, 179-6, 179-7, 179-8, 179-9. Plaintiffs' request to seal excerpts of several exhibits is therefore sufficiently narrowly tailored, particularly in light of the *Boone* and *Bell* courts' authorization to seal entire medical records, and should be granted.[2]

Moreover, sealing is the only feasible way to protect the sensitive medical information in these reports, as the information is relevant and cannot be redacted. In

---

[2] Plaintiffs met and conferred with Defendants to determine whether any further tailoring of Plaintiffs' request could resolve Defendants' objections in whole or in part. Defendants did not request any further specific tailoring and later filed a wholesale objection to Plaintiffs' request to seal their sensitive medical information. As a result, Defendants' concern regarding "biographical" information is unclear and unsupported.

*Equal Emp. Opportunity Comm'n v. Loflin Fabrication LLC*, the medical records at issue "corroborate[d] factual assertions about the dates of [claimant's] treatment and diagnosis found in the EEOC interrogatory answer and the claimant's deposition testimony." No. 1:18-CV-813, 2020 WL 3845020, at *4 (M.D.N.C. July 8, 2020).³ The Court sealed the medical records, finding that "[t]he public interest [wa]s sufficiently protected by disclosure of this interrogatory answer and by the Court's description of the records, and disclosure of the records themselves would unnecessarily infringe on the claimant's privacy rights." *Id.* Similarly, Plaintiffs here seek to seal three excerpts that are relevant to their diagnoses but that discuss in inordinate detail aspects of their health and medical care that are not publicly known and which cannot be redacted. These excerpts do, however, corroborate deposition testimony and declarations, among other evidence, that are unsealed and were filed concurrently with Plaintiffs' Motion for Summary Judgment. As in *Equal Emp. Opportunity Comm'n*, Plaintiffs' request to seal these excerpts should be granted to avoided unnecessarily infringing on their privacy rights.

---

³ Defendants cite *Bryson v. CompuCom Systems, Inc.*, No. 1:19-CV-1121, 2021 WL 2451640 (M.D.N.C. June 11, 2021), which cites *Equal Emp. Opportunity Comm'n* for the proposition that "it is difficult to justify keeping secret the nature of a claimed disability in a case involving alleged disability discrimination." (ECF No. 190 at 5). *Bryson* is easily distinguished, as discussed below, because the plaintiff's request was overbroad and sought to seal information he had already put into the public record. Defendants' Opposition ignores the fact that the Court sealed the medical records in *Equal Emp. Opportunity Comm'n*, as Plaintiffs describe herein. Moreover, Plaintiffs do not seek to keep confidential the gender dysphoria diagnoses relevant to this matter, or even some of the aspects of their treatment. They instead seek only to protect more personal and sensitive medical facts that bear no relationship to any First Amendment interest of the public.

Moreover, the granting of the motion to seal would not affect the public's ability to understand the issues at stake in this case or to be apprised of the factual allegations forming the bases for Plaintiffs' claims. *See Briglia v. Ameritas Life Ins. Corp.*, No. 1:14-CV-07968-RBK, 2015 WL 4314062, at *2 (D.N.J. July 14, 2015) ("In this instance, the public's right to access does not outweigh Plaintiff's right to privacy in his medical information, especially since the information Plaintiff seeks to redact is narrowly tailored to ensure that the public is properly apprised of the other allegations which form the basis of Plaintiff's claims."). Indeed, the excerpts "subject to the motion to seal contain or refer to nonpublic personal medical information, . . . for which the public has no proper purpose to seek." *Swindell v. CACI NSS, Inc.*, No. 5:17-CV-00617-D, 2020 WL 698267, at *9 (E.D.N.C. Feb. 10, 2020). That is because there is a "strong policy and interest in protecting the non-disclosure of private health information [that] outweighs the public's modest interest in disclosure of these materials in this case." *Cluck v. Unum Life Ins. Co. of Am.*, No. 2:18-CV-56, 2019 WL 6310058, at *2 (S.D. Ohio Nov. 25, 2019).[4]

---

[4] While the Fourth Circuit has not decided whether there is a constitutional right to privacy in one's medical information, *see, e.g., Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992), the Fourth Circuit has recognized that medical records "should receive scrupulously confidential treatment" when stigma may attach to them. *Id.* Both federal law and North Carolina law establish a policy of maintaining non-disclosure of private medical information. *See* 42 U.S.C. § 1320d-6 (addressing wrongful disclosure by others of an individual's protected health information); N.C. Gen. Stat. § 58-2-105(a) (noting that "[a]ll patient medical records in the possession of the Department are confidential and are not public records").

Notwithstanding these precedents, Defendants rely heavily on several inapposite cases to support their claim that medical information—even the particularly sensitive information at issue here—cannot be sealed in a case involving medical issues. In each of these cases, however, the plaintiff sought to seal *the entire record*—a request the Court denied because the request was overbroad. *See Mitze v. Saul*, 968 F.3d 689, 691 (7th Cir. 2020) (denying plaintiff's motion to seal "medical information . . . and all other information pertaining to [her] case," including the court's own rulings, and online news articles reporting on those rulings); *United States v. Wood*, No. 13-mj-01654, 2016 WL 5940884 (D. Md. Oct. 13, 2016) (denying plaintiff's request to seal her *entire* case several years after its conclusion); *Mann v. Berryhill*, No. 4:17-cv-90, 2017 WL 9939476, at *1 (E.D. Va. Dec. 19, 2017) (denying as "too broad" plaintiff's request to seal "<u>all documents</u> filed in the matter") (emphasis in original)*; see also Bureau of Nat. Affairs v. Chase*, No. ELH-11-1641, 2012 WL 3065352 (D. Md. July 25, 2012) (denying parties' motion to seal almost the entirety of the parties' summary judgment filings and all accompanying exhibits); *Bryson v. CompuCom Systems, Inc.*, No. 1:19-CV-1121, 2021 WL 2451640 (M.D.N.C. June 11, 2021) (denying plaintiff's request to broadly seal information, including dates of employment and job responsibilities, and further denying request to seal medical information which plaintiff's own filings had already publicly disclosed).

Defendants' reliance on these cases is unavailing. In sharp contrast to the cases to which Defendants point, Plaintiffs do not seek to seal this Court's rulings, they do not

seek to seal this *entire case,* they do not seek to seal *all* filings before this Court containing medical information, and they do not even seek to seal the entirety of any single filing or exhibit. Plaintiffs narrowly request only that this Court seal a few paragraphs of Dr. Brown's expert reports which contain particularly sensitive medical evaluations of Plaintiffs' medical conditions and treatment, including intimate details of their experience with gender dysphoria as minors, medical diagnoses, surgery, hormone therapy, and psychotherapy.

Plaintiffs' request is narrowly tailored—even more so than requests that have been previously granted by this Court. As such, Plaintiffs respectfully request that the Court grant their Motion to Seal.

Dated: January 18, 2022

/s/ Amy Richardson
Amy E. Richardson
N.C. State Bar No. 28768
Lauren E. Snyder
N.C. State Bar No. 54150
HARRIS WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386 | Fax: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
Grace H. Wynn*
HARRIS WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Phone: 202-730-1300 | Fax: 202-730-1301
dravi@hwglaw.com

Respectfully submitted,

Tara L. Borelli
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: 404-897-1880
Facsimile: 404-506-9320
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055

Michael W. Weaver*
Adam M. Safer*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Phone: 312-984-5820 | Fax: 312-984-7700
mweaver@mwe.com

Dmitriy G. Tishyevich*
Warren Haskel*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 212-547-5534 | Fax: 646-417-7668
dtishyevich@mwe.com

Lauren H. Evans*
MCDERMOTT WILL & EMERY
500 North Capitol Street, N.W.
Washington, D.C. 20001-1531
Phone: 202-756-8864 | Fax: 202-591-2900
levans@mwe.com

ogonzalez-pagan@lambdalegal.org

David Brown*
Ezra Cukor*
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is in compliance with Local Rule 7.3(d)(1) because the body of this brief, including headings and footnotes, does not exceed 3,125 words as indicated by Microsoft Word, the program used to prepare this document.

Dated: January 18, 2022
/s/ *Amy Richardson*
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386
Fax: 202-730-1301
arichardson@hwglaw.com

# CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: January 18, 2022    /s/ *Amy Richardson*
Amy E. Richardson
N.C. State Bar No. 28768
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386
Fax: 202-730-1301
arichardson@hwglaw.com