IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, *et al.*,<br><br>*Defendants*. | Case No. 1:19-cv-00272-LCB-LPA |

**PLAINTIFFS' MOTION TO SEAL PORTIONS OF
EXHIBIT 1 TO PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. PATRICK W. LAPPERT**

Plaintiffs Maxwell Kadel, *et al* ("Plaintiffs"), by and through counsel, hereby move pursuant to Federal Rule of Civil Procedure 5.2(d) and M.D.N.C. Local Rule 5.4 to file under seal the unredacted version of Dr. Lappert's expert report in this matter, cited as Exhibit 1 to Plaintiffs' Motion to Exclude Expert Testimony of Dr. Patrick W. Lappert, because portions of that report (pages 47 to 55) discuss Plaintiffs' protected private health information.

"[T]he decision whether to grant or restrict access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotations and alterations omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). In making such a determination, a district court must "give the public notice of the request to seal and a reasonable opportunity to challenge the request," "consider less drastic alternatives to sealing," and if it decides to seal, "state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 576. "Local Rule 5.4 outlines similar requirements." *Boone v. Bd. of Governors of Univ. of N.C.*, 395 F.Supp.3d 657, 664 (M.D.N.C. 2019) (Biggs, J.), *aff'd*, 858 F. App'x 622 (4th Cir. 2021). Plaintiffs' request satisfies these requirements.

First, Plaintiffs' motion to seal provides adequate public notice of the intent to file these documents under seal. *See Boone*, 395 F. Supp. 3d at 665 ("conclud[ing] that the 'public notice' requirement has been satisfied" when "the motion to seal has been publicly docketed").

Second, less drastic alternatives do not exist. Pages 47 to 55 of Dr. Lappert's report discuss Plaintiffs' personal medical information. Mindful of the right to public access to court records and that more limited redactions are preferable to widespread sealing, Plaintiffs do not seek to file the

entirety of Dr. Lappert's report under seal, but rather just those pages that discuss Plaintiffs' private medical information. *See* Commentary to LR 5.4 ("When only part of an exhibit or a brief is confidential, the moving party should not seek to seal the entire brief or exhibit but rather should seek only partial sealing[.]"). Concurrently with this Motion, Plaintiffs have filed on the public docket redacted versions of Dr. Lappert's report that contains limited redactions to protect the privacy interests pertaining to the information at issue here. Plaintiffs have redacted only what is truly necessary to redact, but mere redactions would not adequately protect Plaintiffs' privacy while allowing the Court to understand the issues presented. *See, e.g., Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3-5 (E.D.N.C. Oct. 7, 2014) (sealing information was narrowly tailored where third parties otherwise could use information to determine identities); *see also Boone*, 395 F.Supp.3d at 665 ("If the request is narrowly tailored, sensitive medical information may be sealed." (*quoting Bell v. Shinseki*, No. 1:12-cv-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013,) *aff'd*, 584 F. App'x 42 (4th Cir. 2014))).

Finally, there are good reasons to seal medical information like this from public disclosure. Health Insurance Portability and Accountability Act's privacy rules, 45 C.F.R. Parts 160 and 164, underscore the sensitive nature of a patient's personal health information. Courts have held that compelling governmental interests require the sealing of sensitive medical information. *See, e.g., Boone*, 395 F. Supp. 3d at 665 (granting motion to seal exhibits and finding there is "a sufficiently compelling interest in preserving the confidentiality of some of Plaintiff's sensitive medical information"); *Bell*, 2013 WL 3157569, at *9–10 (granting motion to seal exhibits containing sensitive medical information); *Rock v. McHugh*, 819 F.Supp.2d 456, 476–77 (D. Md. 2011) (granting motion to seal in part, including motion to seal records with detailed medical diagnoses).

3

The pages of Dr. Lappert's report that Plaintiffs seek to seal contain confidential information about Plaintiffs' medical condition and medical treatment, and they should be sealed accordingly.

Per Local Rule 5.4(c)(3), the motion "must address the length of time for which sealing is sought." Plaintiffs request the Specified Paragraphs to be sealed indefinitely, as there is no time at which the confidential nature of these documents will expire. *See, e.g., United States v. Bennett*, No. 19-cr-255 (JNE/TNL)(2), 2021 WL 2310391, at *1 n.1 (D. Minn. June 7, 2021) (granting motion to seal exhibit containing medical information "indefinitely").

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion, and seal pages 47 to 55 of Exhibit 1 to Plaintiffs' Motion to Exclude Expert Testimony of Dr. Patrick W. Lappert.

Dated this 2nd of February, 2022.

/s/ Dmitriy Tishyevich
Amy E. Richardson
(N.C. Bar No. 28768)
Lauren E. Snyder
(N.C. Bar No. 54150)
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386 | Fax: 202-730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Phone: 202-730-1300 | Fax: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
Adam M. Safer*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Phone: 312-984-5820 | Fax: 312-984-7700
mweaver@mwe.com

Lauren H. Evans*
MCDERMOTT WILL & EMERY
500 N. Capitol St., NW
Washington, D.C. 20001
Phone: 202-756-8864 | Fax: 202-591-2900
levans@mwe.com

Respectfully submitted,

/s/ Dmitriy Tishyevich
Dmitriy Tishyevich*
Warren Haskel*
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 212-547-5534
Fax: 646-417-7668
dtishyevich@mwe.com

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: 404-897-1880
Facsimile: 404-506-9320
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

Dated: February 2, 2022
        /s/ Dmitriy Tishyevich
        Dmitriy Tishyevich
        MCDERMOTT WILL & EMERY LLP
        One Vanderbilt Avenue
        New York, NY 10017-3852
        Phone: 212-547-5534
        Fax: 646-417-7668
        dtishyevich@mwe.com

6

Case 1:19-cv-00272-LCB-LPA  Document 210  Filed 02/02/22  Page 6 of 6