# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DALE FOLWELL, *et al.*, <br><br> *Defendants*. | No. 1:19-cv-00272-LCB-LPA |

## EXPERT REBUTTAL DISCLOSURE REPORT OF
## GEORGE RICHARD BROWN, M.D., DFAPA

I, George R. Brown, declare as follows:

1. I have been retained by counsel for Plaintiffs as an expert in connection with the above-captioned litigation.

2. I have actual knowledge of the matters stated and would so testify if called as a witness. I reserve the right to supplement or amend this report based on any future information that is provided to me, including but not limited to information produced by Defendants in discovery or in response to Defendants' expert disclosures.

3. I previously submitted an expert report that was served on March 1, 2021 setting forth my opinions on: (1) the medical condition known as Gender Dysphoria; (2) the prevailing treatment protocols for a diagnosis of Gender Dysphoria, their efficacy, and the cost-effectiveness of this care; (3) whether there is a legitimate medical basis for the exclusions in the health plans offered by the North Carolina State Health Plan for Teachers

1

following the WPATH Standards of Care (SOC). This is likely because, in my understanding and experience, no such scientifically-reliable literature has been published in at least the last 15 years.

27. Defendants' experts also erroneously generalize about the appropriate course of treatment for Gender Dysphoria in adults or adolescents based on data about pre-pubertal children. This is inappropriate. The Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5") recognizes separate criteria for diagnosing Gender Dysphoria in children, on the one hand, and adults and adolescents on the other. The WPATH Standards of Care (SOC) have distinct standards of care for pre-pubertal children, adolescents and adults. As noted in my original report, the WPATH SOC, version 7 (Coleman, et al, 2011), are the nationally and internationally accepted standards of care for the evaluation and treatment of a diagnosis of Gender Dysphoria in adolescents and adults. These standards of care are also specifically followed by the largest healthcare systems in the United States (Department of Veterans Affairs, Kaiser-Permanente) as well as most major insurers of healthcare in the United States, including the corporate policy for Blue Cross and Blue Shield which specifically references these WPATH standards. *See* Blue Cross Blue Shield of North Carolina, Corporate Medical Policy, *Gender Affirmation Surgery and Hormone Therapy* (2021). They are also utilized as standards of care by many Departments of Corrections, the Federal Bureau of Prisons, the National Health Service of the UK, and many other countries as well. Coverage for transgender health care has been considered medically necessary for appropriately diagnosed individuals suffering from

10

to transition to the male gender role. This is a misinterpretation of that statement, and is an example of Dr. Lappert engaging in the "confirmation bias" that he claims to be present in all of the clinicians' records and in my evaluations of the Plaintiffs. Had Dr. Lappert interviewed C.B., as I did, he would have learned that that comment meant that C.B. was tired of the lengthy process of "being trans" and wanted to get to the point where "trans" no longer identified him and he could just be identified as a "man" and not as a "transgender man." It should also be noted that no fewer than seven clinicians have diagnosed C.B. as having the diagnosis of Gender Dysphoria.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of June, 2021.

_____
George R. Brown, M.D., DFAPA

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I caused a copy of the foregoing document and all attachments to be served upon the following parties via email:

John G. Knepper
LAW OFFICE OF JOHN G. KNEPPER, LLC
P.O. Box 1512
Cheyenne, WY 82003
John@KnepperLLC.com

James Benjamin Garner
NORTH CAROLINA DEPARTMENT OF STATE TREASURER
3200 Atlantic Avenue
Raleigh, NC 27604
Ben.Garner@nctreasurer.com

Kevin Guy Williams
Mark A. Jones
BELL DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029
kwilliams@belldavispitt.com
mjones@belldavispitt.com

*Counsel for Defendants Dale Folwell; Dee Jones; and N.C. State Health Plan for Teachers and State Employees*

Alan D. McInnes
Assistant Attorney General
N.C. State Bar No. 20938
N.C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6529
Facsimile: (919) 716-6761
amcinnes@ncdoj.gov

*Counsel for Defendant State of North Carolina, Department of Public Safety*

Zach Padget
Kimberly D. Potter
NC DEPARTMENT OF JUSTICE
P.O. Box 629
Raleigh, NC 27602
zpadget@ncdoj.gov
kpotter@ncdoj.gov

*Counsel for Defendants University of North Carolina at Chapel Hill; North Carolina State University; and University of North Carolina at Greensboro*

Dated: June 11, 2021                              /s/ Amy E. Richardson
                                                  Amy E. Richardson, N.C. SBN 28768
                                                  HARRIS, WILTSHIRE & GRANNIS LLP
                                                  1033 Wade Avenue, Suite 100
                                                  Raleigh, NC 27605-1155
                                                  P: 919-429-7386 | F: 202-730-1301
                                                  arichardson@hwglaw.com

                                                  *Counsel for Plaintiffs*