**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MAXWELL KADEL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DALE FOLWELL, *et al.*,<br><br>*Defendants*. | No. 1:19-cv-00272-LCB-LPA |

**STATE HEALTH PLAN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL EXHIBIT 1 TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. PATRICK W. LAPPERT**

Defendants, the North Carolina State Health Plan for Teachers and State Employees, Dale Folwell (in his official capacity as State Treasurer of North Carolina), and Dee Jones (in her official capacity as Executive Administrator of the State Health Plan) (collectively the "Plan Defendants"), through the undersigned counsel, and pursuant to Local Rule 5.4(c)(5), submit this response to Plaintiffs' Motion to Seal Portions of Exhibit 1 to Plaintiffs' Motion to Exclude Expert Testimony of Dr. Patrick W. Lappert (the "Motion to Seal"). Doc. No. 210.

On February 2, 2022, Plaintiffs filed their Motion to Seal, asking this Court to seal, in perpetuity, certain pages of the expert testimony of the Plan Defendants' expert Patrick W. Lappert, M.D. (the "Sealed Document"). The

Sealed Document allegedly contains "confidential information about Plaintiffs' medical condition and medical treatment." Doc. No. 210 at 4. Upon further inspection, however, the Sealed Document contains, among other things, Dr. Lappert's summaries of the Plaintiffs' medical conditions and medical treatment—the very medical issues that prompted the Plaintiffs to seek relief, both in the form of damages and injunctive relief against the Plan Defendants and the State of North Carolina.

The common law and the First Amendment help keep the courtroom and the docket open to public scrutiny. "Under the common law, there is a presumption of access accorded to judicial records." *Mann v. Berryhill*, 2017 WL 9939476 at *1 (E.D. Va. Dec. 19, 2017) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access. The trial court may weigh 'the interests advanced by the parties in light of the public interests and the duty of the courts.'" *Id.* "Under the First Amendment, however, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). This Court, as well as other district courts in the Fourth Circuit, has applied the First Amendment

right of access to materials filed in connection with a motion to exclude evidence. *Hispanic Nat'l Law Enforcement Ass'n NCR v. Prince George's Cty.*, 2021 WL 488641 at *3 (D.Md. Feb. 10, 2021); *Syngenta Crop Protection, LLC v. Willowood, LLC*, 2017 WL 1745531 at *4 (M.D.N.C. May 4, 2017); *Krakauer v. Dish Network, LLC*, 2015 WL 12750446 at *1 (M.D.N.C. Nov. 18, 2015).

Accordingly, as the Court is aware, the filing of documents under seal is "disfavored." L.R. 5.4(a). "Sealed documents should not be filed unless necessary for determination of the matter before the Court." L.R. 5.4(a)(3). "The provisions of LR 5.4 and 5.5 are intended to minimize the filing of sealed documents, to protect the public right of access, to ensure the docket is clear so that documents can be found easily, and to allow for review of motions to seal in a way appropriate for the case and that reduces cost, time, and confusion." L.R. 5.4(a)(5).

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Burroughs v. Page*, 2019 WL 5558453 at *1 (M.D.N.C. Oct. 28, 2019) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004)). "Procedurally, a district court presented with a sealing request must:

> (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Id.*

Substantively, here, Plaintiffs' basis for the request to seal is that the Sealed Document contains sensitive medical information about them. Doc. No. 210 at 4. While it is certainly true that documents filed in a lawsuit and containing sensitive medical information may be sealed, *see*, *e.g.*, *Briggs v. Marriott Int'l, Inc.*, 368 F.Supp.2d 461, 463 n.1 (D. Md. 2005) (sealing sensitive medical records), *aff'd*, 205 Fed. App'x 183 (4th Cir. 2006), not all medical records (or summaries of medical records) are entitled to blanket protection from public scrutiny. After all, when plaintiffs "seek judicial review, they can expect (at least under today's practices) that the medical basis of the claim will become public." *Mitze v. Saul*, 968 F.3d 689, 692–93 (7th Cir. 2020).

To determine whether sealing medical records is justified when considering the public's interest in access to court documents, the district courts of the Fourth Circuit largely consider whether the motion to seal is tailored to address confidential personal information without concealing important substantive facts. *See*, *e.g.*, *Clark v. Proctor*, 2021 WL 5230931

at 1–2 (S.D. W. Va. Nov. 9, 2021). Failure to articulate a confidentiality interest, *Dvorak v. Astrue*, 2009 WL 3156535 at *3 (D. Md. Sept. 25, 2009), or the unavailability of alternatives, *Clark v. Quesinberry*, 2021 WL 5238601 at *2 (W.D. Va. May 11, 2021), generally results in the failure of the motion.

Recently, this Court denied a motion to seal medical records that "cover[ed] all kinds of information that cannot reasonably be characterized as confidential," especially because much of the purportedly confidential information had already been publicly disclosed. *Bryson v. CompuCom Systems, Inc.*, 2021 WL 2451640 at *4 (M.D.N.C. June 11, 2021). And courts have denied motions to seal medical records where the purported confidentiality of the materials was related only to "possible employment decisions and other equitable interests." *United States v. Wood*, 2016 WL 5940884 at *1 (D. Md. Oct. 13, 2016) (citing *Stone v. University of Maryland Medical System Corp.*, 948 F.2d 128 (4th Cir. 1991)).

Moreover, courts have been unwilling to seal even clearly confidential information when those materials affect their substantive holdings. For example, this Court noted that "relevant dates of treatment and diagnoses [ ] are relevant to the Court's summary judgment decision, and it is difficult to justify keeping secret the nature of a claimed disability in a case involving alleged disability discrimination." *Bryson*, 2021 WL 2451640 at *4 (citing

*Equal Emp. Opportunity Comm'n v. Loflin Fabrication LLC*, 2021 WL 3845020 at *2 (M.D.N.C. July 8, 2020)); *see also Bureau of Nat. Affairs v. Chase*, 2021 WL 3065352 at *3–4 (D. Md. July 25, 2012). Similarly, the Eastern District of Virginia denied a motion to seal on the ground that it "effectively [sought] to seal any reference to her medical condition, the very basis for her claims," which would "infringe too severely on the public's right to access court records." *Mann*, 2017 WL 9939476 at 1–2.

Granting Plaintiffs' request to seal under the facts of this case runs the risk of significantly limiting the public's right to access court records. Dr. Lappert's summaries of the Plaintiffs' medical conditions and medical treatment are directly relevant to the substantive issues before this Court, and Plaintiffs have not adequately established the confidentiality of the information at issue. To the contrary, Plaintiffs themselves have put their medical diagnoses and treatment at issue by bringing this lawsuit, and "[p]art of the cost of [their] day in court is a sacrifice of some privacy." *Mann*, 2017 WL 9939476 at *2. This is especially true when the relief that Plaintiffs seek is essentially aimed at the citizens of North Carolina who help fund the medical treatment for those enrolled in the North Carolina State Health Plan for Teachers and State Employees.

To be clear, the Plan Defendants agree that any discussion of the Plaintiffs' medical diagnosis and treatment should be handled with respect and care; however, recent rule changes, the First Amendment, caselaw from the Fourth Circuit and other jurisdictions, the nature of the Plaintiffs' claims, and the breadth of Plaintiffs' designation, militate against sealing, especially under the unique circumstances of this case. Therefore, notwithstanding the sensitive nature of the Sealed Document, respectfully, the Plan Defendants are compelled to object to its sealing and to bring these issues to the attention of the Court.

Respectfully submitted, this the 16th day of February, 2022.


*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Ave. Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
john@knepperllc.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February, 2022, the foregoing was filed electronically with the Clerk of Court using the CM/ECF electronic filing system, which will send notification of such filing to all registered users.


*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Ave. Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
john@knepperllc.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com

## CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that the State Health Plan Defendants' Response to Plaintiffs' Motion to Seal (Doc. No. 210) complies with the Court's word limit as calculated using the word count feature of the word processing software. Specifically, the Response contains less than 6,250 words, including the body of the Response and headings, butnot including the caption, signature lines, this certificate, or the certificate of service.

This the 16th day of February, 2022.


*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Ave. Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
john@knepperllc.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com