IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) 1:19CV272 |
| DALE FOLWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion for Leave to File Brief of *Amici Curiae* the American Medical Association and Seven Additional Health Care Organizations in Support of Plaintiffs. (ECF No. 131). Proposed Amici "are eight leading medical, mental health, and other health care organizations" who "represent hundreds of thousands of physicians and mental-health professionals, including specialists in family medicine, mental health treatment, internal medicine, endocrinology, obstetrics and gynecology, and thousands of nurses." (*Id.* at 1–2.) Proposed Amici filed their motion on November 30, 2021, in support of Plaintiffs' Motion for Summary Judgment, (ECF No. 178), which is currently before the Court.[1]

---

[1] Plaintiffs originally filed two summary judgment motions simultaneously with Proposed Amici's motion on November 30, 2021. (ECF Nos. 138; 152.) The Court struck these motions on December 10, 2021 and allowed Plaintiffs to file a single dispositive motion with an accompanying memorandum not to exceed 9,000 words. (ECF No. 176.) Plaintiffs subsequently filed their Motion for Summary Judgment on December 20, 2021. (ECF No. 178.)

1

"The decision of whether to grant [a motion for leave to file an amicus brief] is left to the discretion of the trial judge." *Finkle v. Howard Cty.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014); *Am. Humanist Ass'n v. Md.-Nat'l Cap. Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *see* LR 7.5(b). Participation of an amicus brief "may be less appropriate" at the trial level, "where the issues of fact as well as law predominate, . . . than at the appellate level where such participation has become standard procedure." *Finkle*, 12 F. Supp. 3d at 783. "The aid of amici curiae has been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996) (Davis, J.). Ultimately, the question is one of utility: "a motion for leave to file an amicus curiae brief should not be granted unless the court deems the proffered information timely and useful." *Finkle*, 12 F. Supp. 3d at 783 (internal quotations and alterations omitted).

The Fourth Circuit recently relied on an amicus brief filed by several of the Proposed Amici here concerning substantially similar subject matter. *See Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586 (4th Cir. 2020). *Grimm* concerned "whether equal protection and Title IX can protect transgender students from school bathroom policies that prohibit them from affirming their gender." *Id.* at 593. After acknowledging that "many of us carry heavy baggage into any discussion of gender and sex," the Fourth Circuit began its discussion by "developing a fact-based understanding of what it means to be transgender, along with the implications of gendered-bathroom usage for transgender students." *Id.* at 594. The court found an amicus brief highly similar to the one proposed by Proposed Amici invaluable in developing this background and cited to it approximately ten times. *Id.* at 594–613.

Here, the Court likewise finds Proposed Amici's perspective useful in developing a background understanding of what it means to be transgender and the implications of being unable to receive medical treatment for gender dysphoria. Proposed Amici have a special interest as representatives of a great number of medical providers in North Carolina who provide many of the medical services at issue in this suit.

Defendants argue that Proposed Amici's motion should be denied for failure to comply with requirements for expert testimony. (ECF No. 186 at 2–5.) However, Defendants do not cite, and this Court is not aware of any opinion requiring Amicus briefs to comply with the rules of Federal Rules of Evidence. *See Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 518 F. Supp. 3d 448, 453 n.3 (D.D.C. 2021) ("'[Plaintiff's] reliance on cases addressing the evidentiary standards for sworn testimony is misplaced, and [it] fails to provide a single example where those standards have been applied to amicus briefs." (internal quotations omitted)). While an amicus brief *itself* may not be considered as evidence on summary judgment if it would not be admissible at trial, *see Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991) ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."), it appears that evidence supplied by amici may be considered, so long as it would be admissible at trial and does not exceed the scope of the arguments properly raised by parties to the suit, *see Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 5 F.4th 407, 441 (4th Cir.), *as amended* (July 15, 2021) (concluding that it was "unclear" whether it could rely on evidence submitted by amici that was "neither adopted nor relied on" by the parties), *vacated as moot*, 14 F.4th 322 (4th Cir. 2021), *cert. denied sub nom. Marshall v. Bureau of Alcohol*, No. 21-1155, 2022 WL 994369 (U.S. Apr. 4, 2022); *see,*

*e.g.*, *Kluge v. Brownsburg Cmty. Sch. Corp.*, 548 F. Supp. 3d 814, 833 (S.D. Ind. 2021) ("In deciding whether to permit such a brief, courts should consider 'whether the brief will assist the judges by presenting ideas, arguments, theories, insights, *facts*, *or data* that are not to be found in the parties' briefs.'" (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003)) (emphasis added)). The Court therefore finds Defendants' opposition to Potential Amici's motion unpersuasive.

Thus, Potential Amici's motion will be granted.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that the Motion for Leave to File Brief of *Amici Curiae* the American Medical Association and Seven Additional Health Care Organizations in Support of Plaintiffs, (ECF No. 131), is **GRANTED**.

**IT IS FURTHER ORDERED** that Proposed Amici shall file their amicus brief in the form of ECF No. 131-2 within seven days of entry of this Order.

This, the 7th day of April 2022.

/s/ Loretta C. Biggs
United States District Judge