IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, <br> *Plaintiffs,* <br><br> v. <br><br> DALE FOLWELL, *et al.*, <br> *Defendants.* | No. 1:19-cv-00272-LCB-LPA |

**MEMORANDUM IN SUPPORT OF STATE HEALTH PLAN DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT EMOTIONAL DISTRESS EVIDENCE AND UNQUALIFIED SCIENTIFIC AND/OR MEDICAL NECESSITY EVIDENCE**

The United States Supreme Court recently held that "emotional distress damages" are not available as a remedy for private suits brought under 42 U.S.C. § 18116 (§ 1557 of the Affordable Care Act). *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022). Plaintiffs Sam Silvane, Jason Fleck, C.B., Michael Bunting, Maxwell Kadel, Connor Thonen-Fleck, and Julia McKeown each and collectively assert only one claim for damages, based on an alleged violation of 42 U.S.C. § 18116 (§ 1557 of the Affordable Care Act). Under *Cummings*, Plaintiffs cannot recover damages for emotional distress. Accordingly, this Court should exclude testimony regarding Plaintiffs' emotional state or distress; such evidence is irrelevant, unfairly prejudicial, and potentially misleading.* *Cummings,* 142 S. Ct. at 1576.

---

\* Plaintiff Dana Caraway, and no other Plaintiffs, has raised a claim under Title VII. Accordingly, this Motion does not seek the exclusion of emotional distress evidence as

Rule 401(a) of the Federal Rules of Evidence provides that evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence." Additionally, the "fact" must be one "of consequence in determining the action." Fed. R. Evid. 401(b). Thus, any evidence placed before the jury must be relevant to a claim for the jury's resolution. *Id.* Because emotional damages are not an issue in this case as to Plaintiffs Sam Silvane, Jason Fleck, C.B., Michael Bunting, Maxwell Kadel, Connor Thonen-Fleck, and Julia McKeown, evidence regarding their emotional states, emotional distress, and subjective experiences is not relevant and must be excluded.

Further, Plaintiffs' subjective perceptions are not relevant in assessing whether there has been intentional discrimination under the Equal Protection Clause, which is the other claim by the Plaintiffs identified in this motion. Plaintiffs' burden is to demonstrate "that the differential treatment [they were] afforded was intentional" <u>by the Plan Defendants</u>. *E.g. C & H Co. v. Richardson*, 78 F. App'x 894, 902 (4th Cir. 2003) (collecting cases). This cannot be shown through Plaintiffs' testimony about their subjective experiences with gender dysphoria or their frustration with the Plan's lack of coverage. While

---

to that claim, but instead requests a limiting instruction that such evidence may only be considered against the North Carolina Department of Public Safety.

emotional experience could be relevant in the calculation of damages, it is long-settled law that Plaintiffs cannot seek damages against the Plan Defendants for a violation of the Equal Protection clause. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (State is not a "person" subject to damages liability under 42 U.S.C. § 1983); Doc. 75 at 34 (Complaint ¶ 140) (bringing Equal Protection claim pursuant to § 1983).

Not only are Plaintiffs' emotional and subjective experiences irrelevant for the claims before the Court, but they are prejudicial. Plaintiffs have all testified that they have no expertise and are unqualified to diagnose or treat gender dysphoria. Kadel Dep. 117:19-22; Connor Thonen-Fleck Dep. 107:11-18; Jason Fleck Dep. 137:14-138:15; McKeown Dep. 151:12-13; C.B. Dep. Vol. 2 81:14-16; Silvane Dep. 121:19-20; M. Bunting Dep. 57:10-21. Accordingly, Plaintiffs are not qualified to testify about the propriety, efficacy, or alleged medical necessity of the hormonal treatments and surgeries they desire.

Potential testimony such as, "I determined that chest surgery was necessary to alleviate my gender dysphoria," (Decl. of Maxwell Kadel, Doc. 139-1 at ¶12), or "[t]he relief the [chest] surgery provided me from my gender dysphoria was critical for my ongoing development and functioning as a young adult," (Decl. of Connor Thonen-Fleck, Doc. 139-2 at ¶16), are <u>medical</u> claims. Plaintiffs, however, are not physicians and are not qualified to testify on matters of medical expertise. Gender dysphoria involves "complex medical

- *3* -

issues that would not be readily understandable by the layperson." *Gunter v. S. Health Partners, Inc.*, No. 1:16-cv-262, 2021 WL 4255370, at *29 (M.D.N.C. Sept. 17, 2021). As such, medical expert testimony is necessary. Statements such as "[i]t has become clear to me that treatment for gender dysphoria is what Connor needed all along," (Decl. of Jason Fleck, Doc. 139-3 at ¶ 9), improperly invite the jury to reach a scientific conclusion regarding the medical necessity of Plaintiffs' desired treatments based on anecdote, not scientific evidence.

Having conceded their inability to competently testify as to the medical science, and in light of *Cummings,* 142 S. Ct. at 1576, the testimony and evidence of Plaintiffs Sam Silvane, Jason Fleck, C.B., Michael Bunting, Maxwell Kadel, Connor Thonen-Fleck, and Julia McKeown regarding their subjective perceptions and emotional states must be excluded as irrelevant, unfairly prejudicial, and potentially misleading to the jury.

Respectfully submitted this the 10th day of June, 2022.

| | |
|---|---|
| */s/ John G. Knepper* | */s/ Kevin G. Williams* |
| John G. Knepper | Kevin G. Williams |
| Wyo. Bar No. 7-4608 | N.C. Bar No. 25760 |
| Law Office of John G. Knepper, LLC | |
| 1720 Carey Ave. Suite 590 | */s/ Mark A. Jones* |
| Cheyenne, WY 82001 | N.C. Bar No. 36215 |
| Telephone: (307) 632-2842 | BELL, DAVIS & PITT, P.A. |
| john@knepperllc.com | 100 N. Cherry St. Suite 600 |
| | Winston-Salem, NC 27101 |
| | Telephone: (336) 722-3700 |
| | Facsimile: (336) 722-8153 |
| | kwilliams@belldavispitt.com |
| | mjones@belldavispitt.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2022, the foregoing *Memorandum in Support of Motion in Limine* was filed electronically with the Clerk of Court using the CM/ECF electronic filing system, which will send notification of such filing to all registered users.

| | |
|---|---|
| */s/ John G. Knepper* <br> John G. Knepper <br> Wyo. Bar No. 7-4608 <br> Law Office of John G. Knepper, LLC <br> 1720 Carey Ave. Suite 590 <br> Cheyenne, WY 82001 <br> Telephone: (307) 632-2842 <br> john@knepperllc.com | */s/ Kevin G. Williams* <br> Kevin G. Williams <br> N.C. Bar No. 25760 <br><br> */s/ Mark A. Jones* <br> N.C. Bar No. 36215 <br> BELL, DAVIS & PITT, P.A. <br> 100 N. Cherry St. Suite 600 <br> Winston-Salem, NC 27101 <br> Telephone: (336) 722-3700 <br> Facsimile: (336) 722-8153 <br> kwilliams@belldavispitt.com <br> mjones@belldavispitt.com |

## CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that the foregoing *Memorandum in Support of Motion in Limine* complies with the Court's word limit as calculated using the word count featureof the word processing software. Specifically, the Motion contains less than 6,250 words, including the body of the Motion and headings, but not including the caption, signature lines, this certificate, or the certificate of service.

This the 10th day of June, 2022.

*/s/ John G. Knepper*
John G. Knepper
Wyo. Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Ave. Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
john@knepperllc.com

*/s/ Kevin G. Williams*
Kevin G. Williams
N.C. Bar No. 25760

*/s/ Mark A. Jones*
N.C. Bar No. 36215
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
kwilliams@belldavispitt.com
mjones@belldavispitt.com