IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAXWELL KADEL, *et al.*,

        *Plaintiffs*,

v.

DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, *et al.*,

        *Defendants*.

Case No. 1:19-cv-00272-LCB-LPA

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* #1, TO EXCLUDE THE TESTIMONY OF
WAYNE GOODWIN**

# INTRODUCTION[1]

As part of its Rule 26 Pre-Trial Disclosures, the North Carolina Department of Public Safety ("NCDPS") disclosed Mr. George Wayne Goodwin—an attorney—as a witness that NCDPS expects to call at trial. Mr. Goodwin was originally retained by the now-settled University Defendants as a rebuttal expert, to respond to opinions from Plaintiffs' expert Dr. Jamison Green regarding certain health insurance plan coverage options. NCDPS subsequently adopted Mr. Goodwin as its own expert. All of his opinions should be excluded for two different reasons.

First, Mr. Goodwin's opinions consist entirely of impermissible legal conclusions. He opines that: (1) "North Carolina law prohibits State Agencies, including [NCDPS], from providing any general health insurance policies or health insurance coverage other than what is offered through the State Health Plan"; and (2) NCDPS has "no authority or control over the State Health Plan or its terms or exclusions." (Ex. 1 ¶¶ 3, 19.)

This is not proper expert testimony. There is one, and only one, legal expert in the courtroom—the judge. That is why "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *U.S. v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). And that is also why the Fourth Circuit has said that it is "grave error" for a district court to allow expert testimony about the "interpretation of the relevant statutory provision," because such a "question is purely one of law and is

---

[1] Unless otherwise noted, all emphasis is added, and all citations, alterations, and ellipsis are omitted. Exhibits referenced herein are attached to the concurrently filed Declaration of Dmitriy Tishyevich.

1

properly resolved by the court." *Teague v. Bakker*, 35 F.3d 978, 993 n.21 (4th Cir. 1994). Mr. Goodwin violates these requirements because he purports to tell the jury how to interpret North Carolina law. That is the exclusive role of this Court, not an expert. *See Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986) ("It is the responsibility—and the duty—of the court to state . . . the meaning and applicability of the appropriate law."), *disapproved on other grounds*, *Pinter v. Dahl*, 486 U.S. 622 (1988).

Second, Mr. Goodwin's opinions should also be excluded as irrelevant and not helpful to the jury. Mr. Goodwin offers his opinions in rebuttal to Plaintiffs' expert Dr. Green. (*See* Ex. 1 ¶ 3.) But as Plaintiffs have already told Defendants, Plaintiffs "do not rely on any opinions of Dr. Jamison Green, nor do they intend to call him as a witness at trial"—because these arguments over what North Carolina law permits are ultimately irrelevant given that ***federal law*** precludes this kind of discrimination. (*See* ECF No. 187 at 15.) Since Plaintiffs will not call Dr. Green as an expert at trial, Mr. Goodwin's rebuttal opinions are irrelevant and will only serve to confuse the jury.

## FACTUAL BACKGROUND AND ARGUMENT

Defendants University of North Carolina at Chapel Hill, University of North Carolina at Greensboro, and North Carolina State University (together, "University Defendants") disclosed Mr. Goodwin as one of their rebuttal experts in response to Plaintiff's expert Dr. Green. (*See* Ex. 1 ¶¶ 1, 3.) NCDPS subsequently adopted Mr. Goodwin as its own expert, and relied on his opinions for its motion for summary judgment. (ECF No. 132 (NCDPS's motion for summary judgment); ECF No. 134-4 ¶ 2 (Goodwin's declaration in support of that motion, stating that has been "retained by counsel

2

for [NCDPS] . . . as an expert," and incorporating by reference the expert report that he had prepared for the University Defendants).)

First, Mr. Goodwin's opinions should be excluded because he provides legal conclusions under the guise of expert testimony. He is an attorney by training, having practiced law in North Carolina since 1992, with "much of that work" being in "insurance law." (Ex. 1 ¶ 7.) He holds himself out as being "recogn[ized] as an insurance expert by North Carolina case law." (*Id.* ¶ 9.) And in explaining the bases for his expert opinions, Mr. Goodwin says that he relied on his "twenty-nine (29) years of experience as an attorney," among other things. (*Id.* ¶ 14.)

Not surprisingly, given his background, the main opinions that Mr. Goodwin offers consist of what he thinks certain North Carolina statutes mean—i.e., a pure question of law. Specifically, he opines that:

> (1) "As currently interpreted by the Attorney General of North Carolina, North Carolina law prohibits State agencies, including [NCDPS], from providing any general health insurance policies or health insurance coverage other than what is offered through the State Health Plan, including supplemental health insurance policies for gender confirming care" (*id.* ¶ 3); and
>
> (2) "the [NCDPS] ha[s] no authority or control over the State Health Plan or its terms or exclusions" (*id.* ¶ 19).

The rest of Mr. Goodwin's report consists largely of his legal reasoning to explain these ultimate opinions. That includes, for example, his interpretation of three "advisory opinions from North Carolina's Attorney General." (*Id.* ¶ 12.) It also includes his analysis of N.C. Gen. Stat. § 135-45.2 and his opinion that that statute, as well as caselaw interpreting it, require NCDPS "to act within the confines of the State Health Plan's

3

authority and control." (*Id.* ¶ 20.)  It also includes his analysis of N.C. Gen. Stat. §§ 135-48.30, 135-48.20, 135-48.1, 135-42.22, and 135-48.32 to opine that "the State Treasurer, <u>not</u> [NCDPS], administers and operates the State Health Plan and sets benefits for all State employees and their qualifying dependents, subject to approval by the State Health Plan Board of Trustees." (*Id.* ¶ 21 (emphasis in original).)  Finally, it also includes his interpretation of various North Carolina statutes to conclude that NCDPS is "precluded from offering any health plan alternatives," and that "no statute provides requisite authority for [NCDPS] to offer any health plan other than the State Health Plan, even if the [NCDPS] desired to do so." (*Id.* ¶ 23.)

It is black-letter law, however, that experts are not permitted to tell the jury what the law means.  *See, e.g.*, *Adalman*, 807 F.2d at 366; *In re Initial Public Offering Secs. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) ("The rule prohibiting experts from providing their legal opinions or conclusions is so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle," and "every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law."); *see id.* (collecting cases, including *Adalman*); *accord, e.g.*, *U.S. v. McAffee*, 896 F.2d 1368, at *6 (4th Cir. 1990) (unpublished) ("An expert witness is not permitted to give an opinion as to what the applicable law means."); *Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 538 (D. Md. 2006) ("Evidence supplied by experts as to legal conclusions is not admissible, nor indeed 'evidence' at all.").

In fact, the Fourth Circuit has cautioned that it is "grave error" for a district court to let an expert tell the jury what a statute means.  *Teague*, 35 F.3d at 993 n.21 (district court

4

erred by allowing expert testimony on "the proper interpretation of the relevant statutory provision"). As the Fourth Circuit explained, this is simply not a jury question. Instead, "this question is purely one of law and is properly resolved by the court," and thus "expert testimony as to the proper interpretation of applicable domestic law is inadmissible." *Id.*

Expert testimony is only admissible under Rule 702 to the "extent that it 'will assist the trier of fact to understand the evidence or to determine a ***fact*** in issue.'" *Id.* (quoting Fed. R. Evid. 702) (emphasis in *Teague*). An expert who purports to instruct the jury on the law invades the province of the court, and does not offer any testimony that would help the jury understand the facts. *See id.*; *Adalman*, 807 F.2d at 366 (it is the court's exclusive role "to state to the jury the meaning and applicability of the appropriate law," and allowing experts to testify about legal standards creates the risk "that jurors will turn to the expert, rather than to the judge, for guidance on the applicable law"); *Stetter v. Shalala*, 13 F. App'x 79, 83 (4th Cir. 2001) (unpublished) ("Testimony containing a legal conclusion is problematic . . . because it may convey erroneous legal standards to the jury").

Mr. Goodwin's opinions about what North Carolina law means or permits should be excluded under Rule 702—either as not helpful to the jury, or because this testimony is not "scientific, technical, or other specialized knowledge" permitted by Rule 702. To the extent there are disputes over what North Carolina law permits the NCDPS to do, the Court itself will resolve any such disputes through jury instructions at the appropriate time.

Second, Mr. Goodwin's rebuttal opinions should also be excluded because Plaintiffs are not planning to offer testimony from the expert whose opinions Mr. Goodwin is rebutting—Dr. Green. As Plaintiffs already said in opposing NCDPS's summary judgment

5

motion, "whether DPS is obliged by state law to provide a health plan that violates law is irrelevant"—because federal law preempts conflicting state law, and "a state law that mandates discrimination in violation of federal law . . . must not be followed." (ECF No. 187 at 12-13.) Any argument that North Carolina *state* law precludes NCDPS from providing non-discriminatory coverage outside of the State Health Plan is thus ultimately beside the point, because providing non-discriminatory coverage is what *federal* law obligates them to do.

Plaintiffs have already told Defendants—and once again confirm—that "Plaintiffs do not rely on any opinions of Dr. Jamison Green, nor do they intend to call him as a witness at trial." (*Id.* at 13 n.5.) Without Dr. Green's opinions being introduced at trial, there is nothing for Mr. Goodwin to rebut. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii) (a rebuttal report is "intended *solely* to contradict or rebut evidence on the same subject matter identified by another party."); *U.S. v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) ("rebuttal evidence" means "evidence given to explain, repel, counteract, or disprove facts *given in evidence* by the opposing party."). Thus, "a party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Funderburk v. S. Carolina Electric & Gas Co.*, 2019 WL 3406814, at *3 (D.S.C. July 9, 2019). Mr. Goodwin's opinions about North Carolina law would not "rebut" anything in Plaintiffs' case, and would instead amount to improper bolstering of Defendants' own arguments. Thus, Mr. Goodwin's opinions should be excluded for this reason as well.

## CONCLUSION

For the foregoing reasons, the Court should exclude Mr. Goodwin's opinions in full.

6

Case 1:19-cv-00272-LCB-LPA   Document 236   Filed 06/10/22   Page 7 of 10

Dated: June 10, 2022

/s/ Amy E. Richardson
Amy E. Richardson
(N.C. Bar No. 28768)
Lauren E. Snyder
(N.C. Bar No. 54150)
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386 | Fax: 202-730-1301
arichardson@hwglaw.com
lsnyder@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Phone: 202-730-1300 | Fax: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
Adam M. Safer*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Phone: 312-984-5820 | Fax: 312-984-7700
mweaver@mwe.com

Lauren H. Evans*
MCDERMOTT WILL & EMERY
500 N. Capitol St., NW
Washington, D.C. 20001
Phone: 202-756-8864 | Fax: 202-591-2900
levans@mwe.com

Respectfully submitted,

/s/ Dmitriy Tishyevich
Dmitriy Tishyevich*
Warren Haskel*
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 212-547-5534
Fax: 646-417-7668
dtishyevich@mwe.com

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: 404-897-1880
Facsimile: 404-506-9320
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

7

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is in compliance with Local Rule 7.3(d)(1) because the body of this brief, including headings and footnotes, does not exceed 6,250 words as indicated by Microsoft Word, the program used to prepare this document.

Dated: June 10, 2022

/s/ Dmitriy Tishyevich
Dmitriy Tishyevich*
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: 212-547-5534
Facsimile: 212-547-5444
dtishyevich@mwe.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

Dated: June 10, 2022            /s/ *Amy E. Richardson*
                                              Amy E. Richardson
                                              (N.C. Bar No. 28768)
                                              HARRIS, WILTSHIRE & GRANNIS LLP
                                              1033 Wade Avenue, Suite 100
                                              Raleigh, NC 27605-1155
                                              Phone: 919-429-7386 | Fax: 202-730-1301
                                              arichardson@hwglaw.com