# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DALE FOLWELL, in his official capacity as State Treasurer of North Carolina, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-00272-LCB-LPA |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* #2, TO EXCLUDE EVIDENCE OF PLAINTIFFS' OTHER
CLAIMS AND LAWSUITS**

# INTRODUCTION

This Court should enter an order precluding Defendants from presenting at trial evidence, testimony, argument and spoken comments relating to any other claims or lawsuits filed by or involving any of the Plaintiffs. Any claims not specifically referenced in the operative complaint or other lawsuits involving the Plaintiffs are not relevant to the claims or defenses at issue in this lawsuit, would prejudice the Plaintiffs, and unnecessarily confuse and mislead the jury.

# ARGUMENT

This case is only about the discrimination and injuries suffered by the Plaintiffs due to the categorical exclusion of gender-confirming health care contained in the North Carolina State Health Plan for Teachers and State Employees. *See generally First Amended Complaint* (ECF 75). Evidence about any other claims or lawsuits involving Plaintiffs has no relevance to the claims or defenses at issue in this action and would only confuse, mislead, and prejudice the jury against Plaintiffs.

Plaintiffs anticipate that Defendants, their witnesses, or their counsel may comment on or offer evidence concerning other claims or lawsuits involving the Plaintiffs. For example, Ms. McKeown was questioned in detail at her deposition about an unrelated action. At least two other Plaintiffs have been involved with other lawsuits that Defendants may attempt to address in the presence of the jury.

But evidence of such other claims and cases is wholly irrelevant to the claims here, and moreover would be highly prejudicial. The evidence is therefore inadmissible. Federal courts routinely grant motions *in limine* to exclude evidence of other lawsuits. *Norton v.*

*Rosier*, No. 7:14-cv-00260, 2019 WL 346709 at *4 (E.D.N.C. Jan. 28, 2019) (granting motion *in limine* to exclude evidence of plaintiff's other lawsuits, finding that there was a danger of jury bias and prejudice based on litigiousness) (citing *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988)); *Gillis v. Murphy-Brown, LLC*, No. 7:14-cv-185, 2018 WL 5831994 at *2 (E.D.N.C. Nov. 7, 2018); *Smith v. E-backgroundchecks.com, Inc.*, No. 1:13-cv-02658, 2015 WL 11233453 at *1 (N.D. Ga. Jun. 4, 2015) (granting motion *in limine* to exclude evidence, testimony, or reference to other lawsuits because evidence of other cases would likely confuse and mislead the jury).

Further, "evidence of other lawsuits is generally considered inadmissible hearsay." *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, 2014 WL 505234 at *6 (S.D. W.Va. Feb. 5, 2014) (citing *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1989)).

Relevant in this case are facts and testimony concerning the injuries alleged in the First Amended Complaint or the operative complaint at the time of trial and Defendants' affirmative defenses. Any evidence concerning Plaintiffs' other claims or lawsuits is of no relevance or value whatsoever to the claims and defenses at issue here. The prejudice and confusion that evidence of other claims or lawsuits involving the Plaintiffs would create substantially outweighs any probative value, of which there is none. Evidence of other claims or lawsuits might lead a juror to improperly make conclusions about Plaintiffs' character or lead to bias. Additionally, Plaintiffs would be forced to defend themselves against or explain claims not before this Court. Plaintiffs may also be subject to confidentiality obligations with respect to other claims and lawsuits, leaving them unable

to discuss such claims in the presence of the jury. This would result in unnecessary jury confusion, as well as a waste of time and judicial resources.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' Motion *in Limine* #2 and exclude any evidence of Plaintiffs' other claims or lawsuits not specifically referenced in the operative complaint.

Dated: June 10, 2022

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson
(N.C. Bar No. 28768)
Lauren E. Snyder
(N.C. Bar No. 54150)
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386 | Fax: 202-730-1301
arichardson@hwglaw.com
lsnyder@hwglaw.com

Deepika H. Ravi*
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Phone: 202-730-1300 | Fax: 202-730-1301
dravi@hwglaw.com

Michael W. Weaver*
Adam M. Safer*
MCDERMOTT WILL & EMERY
444 W. Lake St., Suite 4000
Chicago, IL 60606
Phone: 312-984-5820 | Fax: 312-984-7700
mweaver@mwe.com

Dmitriy Tishyevich*
Warren Haskel*
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: 212-547-5534
Fax: 646-417-7668
dtishyevich@mwe.com

/s/ Lauren H. Evans
Lauren H. Evans*
McDermott Will & Emery
500 N. Capitol Street, NW
Washington, D.C. 20001
Phone: 202-756-8864
Fax: 202-591-2900
levans@mwe.com

Tara Borelli*
Carl S. Charles*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: 404-897-1880
Facsimile: 404-506-9320
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Facsimile: 212-809-0055
ogonzalez-pagan@lambdalegal.org

David Brown*
TRANSGENDER LEGAL DEFENSE AND
EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
Telephone: 646-993-1680
Facsimile: 646-993-1686
dbrown@transgenderlegal.org

*Counsel for Plaintiffs*

\* Appearing by special appearance pursuant to L.R. 83.1(d).

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is in compliance with Local Rule 7.3(d)(1) because the body of this brief, including headings and footnotes, does not exceed 6,250 words as indicated by Microsoft Word, the program used to prepare this document.

Dated: June 10, 2022
*/s/ Lauren H. Evans*
Lauren H. Evans*
MCDERMOTT WILL & EMERY LLP
500 N. Capitol Street, NW
Washington D.C. 20001
Telephone: 202-756-8864
Facsimile: 202-591-2900
levans@mwe.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

Dated: June 10, 2022

/s/ *Amy E. Richardson*
Amy E. Richardson
(N.C. Bar No. 28768)
HARRIS, WILTSHIRE & GRANNIS LLP
1033 Wade Avenue, Suite 100
Raleigh, NC 27605-1155
Phone: 919-429-7386 | Fax: 202-730-1301
arichardson@hwglaw.com