IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAXWELL KADEL, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) 1:19CV272 |
| DALE FOLWELL, *et al.*, | ) |
| Defendants. | ) |

**NOTICE OF INTENT TO CORRECT AND CLARIFY MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

On July 7, 2022, Defendant North Carolina State Health Plan for Teachers and State Employees ("NCSHP") filed the present unopposed[1] Motion pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, (ECF No. 247), to Correct this Court's Memorandum Opinion and Order, entered on June 10, 2022, (ECF No. 234). Prior to NCSHP's filing of this motion, Defendants Dale Folwell, *in his official capacity as State Treasurer of North Carolina*, and Dee Jones, *in her official capacity as Executive Administrator of the NCSHP*, filed a Notice of Interlocutory Appeal in the above captioned matter on July 1, 2022. (ECF No. 245.) That appeal was docketed in the United States Court of Appeals for the Fourth Circuit on July 8, 2022, on the same day that the present motion was submitted to this Court. (ECF No. 249.) NCSHP subsequently filed its own Notice of Interlocutory Appeal on July 11, which was

---

[1] (*See* ECF No. 254.)

1

docketed on July 12.  (ECF Nos. 250; 252.)  The Fourth Circuit consolidated these appeals on July 12, 2022.  (ECF No. 253.)

Pursuant to Rule 62.1(a) of the Federal Rules of Civil Procedure, this Court files this **Notice** to inform the parties and the Fourth Circuit that it would grant NCSHP's motion, (ECF No. 247), if the court of appeals remands for that purpose, *see* Fed. R. Civ. P. 62.1(a)(3).

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  The Rule "is not confined just to fixing typographical and other clerical errors," but also allows a court to correct or clarify an "inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment." *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265–66 (4th Cir. 2014).  Once an appeal has been docketed in the appellate court and while it is pending, however, "such a mistake may be corrected only with the appellate court's leave."  Fed. R. Civ. P. 60(a).  In such cases, the district court may (1) defer considering the motion, (2) deny the motion, or (3) state either "that it would grant the motion if the court of appeals remands for that purpose" or "that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a).

This Court, in its Order entered on June 10, 2022, granted in part Plaintiffs' Motion for Summary Judgment and entered a permanent injunction against "Defendants."  (ECF No. 234 at 72.)  The accompanying Memorandum Opinion mistakenly stated that "the Court will permanently enjoin NCSHP from enforcing the Plan's exclusion and order NCSHP to reinstate coverage. . . ."  (*Id.* at 67.)  As NCSHP correctly notes, the proper Defendants to Plaintiffs' request for a permanent injunction are Defendants Dale Folwell, in his official

capacity as State Treasurer of North Carolina, and Dee Jones, in her official capacity as Executive Administrator of the State Health Plan. (ECF No. 247 at 1–2; *see* ECF No. 75 at 34.) This Court's original intent was to enjoin Defendants Folwell and Jones in their official capacities, not Defendant NCSHP, as reflected in an earlier Order which was affirmed by the Fourth Circuit. *See Kadel v. Folwell*, 446 F. Supp. 3d 1, 17 (M.D.N.C. 2020) ("Plaintiffs bring an Equal Protection claim against Defendants Folwell and Jones in their official capacities."), *aff'd sub nom. Kadel v. N.C. State Health Plan for Tchrs. & State Emps.*, 12 F.4th 422 (4th Cir.), *as amended* (Dec. 2, 2021), *cert. denied*, 142 S. Ct. 861 (2022).

Accordingly, if the Fourth Circuit remanded the above captioned matter for the purpose of allowing this Court to address NCSHP's motion, this Court would grant the motion and (1) correct its Memorandum Opinion on page 67 to state that "the Court will permanently enjoin Defendants Folwell and Jones, *in their official capacities*, ~~NCSHP~~ from enforcing the Plan's exclusion and order ~~NCSHP~~ them to reinstate coverage," and (2) clarify its Order on page 72 to state that "Defendants Folwell and Jones, *in their official capacities,* are **PERMANENTLY ENJOINED** from enforcing the Plan's exclusion. . . ." (*See* ECF No. 234 at 67, 72.) These changes do not otherwise alter the substance of the Court's Opinion and Order.

Pursuant to Rule 62.1(b), this Court instructs Defendant NCSHP to "promptly notify the circuit clerk" of this Notice. Fed. R. Civ. P. 62.1(b); *see* Fed. R. App. P. 12.1(a).

This, the 18th day of July 2022.

/s/ Loretta C. Biggs
United States District Judge