```
 1              IN THE UNITED STATES DISTRICT COURT FOR

 2                 THE MIDDLE DISTRICT OF NORTH CAROLINA

 3

 4

 5     MAXWELL KADEL, et al.,      )
                                   )
 6              Plaintiffs,        )
                                   )    No. 1:19-cv-272-LCB-LPA
 7          V.                     )
                                   )
 8     DALE FOLWELL, et al.,       )
                                   )
 9              Defendants.        )
       _____ )
10

11

12
                         TELEPHONIC STATUS CONFERENCE
13                              JUNE 17, 2022
                 BEFORE THE HONORABLE JUDGE LORETTA C. BIGGS
14                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23
       Reported by: Michelle Maar, RDR, RMR, FCRR
24

25
```

```
1    APPEARANCES: (All telephonically)

2    On behalf of the Plaintiffs:

3         MCDERMOTT, WILL & EMERY
          By: Michael Weaver
4         444 W. Lake Street, Suite 4000
          Chicago, IL 60606
5         Mweaver@mwe.com

6         Also Present: Lauren Snyder, Deepika Ravi, Grace Wynn,
          Tara Borelli, Omar Gonzalez-Pagan, David Brown, Ezra
7         Cukor, Dmitriy Tishyevich, Lauren Evans

8

9
     On behalf of Defendants Dale Folwell, Dee Jones, and the NC
10   State Health Plan for Teachers and State Employees:

11        BELL, DAVIS & PITT
          By: Mark A. Jones
12        100 N. Cherry Street, Suite 600
          Winton-Salem, NC 27101
13        Mjones@belldavispitt.com

14        Also Present:  Kevin Williams, John Knepper

15

16
     On behalf of Defendant State of North Carolina Department
17   of Public Safety:

18        NORTH CAROLINA DEPARTMENT OF JUSTICE
          By: Alex Williams
19        114 W. Edenton Street
          Raleigh, NC 27603
20        Awilliams@ncdoj.gov

21

22

23

24

25
```

```
                   P R O C E E D I N G S
                 (On the record at 11:04 a.m.)
                          * * * * *
          THE COURT:  This is Judge Biggs.
          Who do I have on the line?
          Debbie?
          THE COURTROOM CLERK:  Judge, I'm here.
          To make it easy, if you have your calendar,
everyone is present.
          THE COURT:  It says 18 people.
          So all the Plaintiffs' attorneys and all of the
Defendants' attorneys are present?
          THE COURTROOM CLERK:  Yes.
          The only attorney that is not is Jamie Trachtman
for the Department of Public Safety.
          Other than that, everyone else is on the line.
          And they're going to stay on mute except for the
lead speakers when they're speaking.
          THE COURT:  All right.  Thank you very much.
          So our lead speakers are Michael Weaver, for
Plaintiffs, and for the State Health Plan, Mark Jones, and
for the Department of Public Safety, Alex Williams.
          Is that correct?
          MR. JONES:  Yes, Your Honor.  This is Mark Jones
speaking for the State Health Plan Defendants.
```

```
 1              THE COURT:  All right.
 2              And we have Michael Weaver for the Plaintiffs?
 3              MR. WEAVER:  Yes, Your Honor.  Good morning.
 4   Michael Weaver on behalf of Plaintiffs.
 5              THE COURT:  Good morning.  And we have Alex
 6   Williams for the Department of Public Safety.
 7              Is that correct?
 8              MR. WILLIAMS:  That's correct, Your Honor.  Alex
 9   Williams.
10              THE COURT:  Thank you very much.
11              Let me, first of all, say I regret that I caused a
12   bit of confusion.
13              And I can clearly see why you needed some
14   clarification in light of the reservation that we made with
15   respect to the ACA issue.
16              I think you each probably know why we did what we
17   did.
18              It appears that rulemaking will occur within a
19   short period of time.  And at the time, I wasn't aware if it
20   would occur before we would try the case.
21              I will tell you once I realized the status of the
22   case, once I finished this opinion, it was clear to me that
23   I was going to have to continue the trial.
24              And I regret that I didn't share that with you
25   immediately upon the issuance of my order.  So I clearly
```

5

1  understand why you need clarification.
2           And I'm going to listen to you as to what you
3  would like for me to discuss at this point.
4           Since I got the e-mail from Mark Jones, why don't
5  we start with Mark.
6           MR. JONES:  Thank you, Your Honor.
7           THE COURT:  Yes.
8           MR. JONES:  I appreciate that.  So from the
9  perspective of the State Health Plan, I mean we don't know
10 that there is a need to continue the trial.
11          We see that the only outstanding possible factual
12 dispute involving us is the fact of damages under Section
13 1557, depending on how the Court ultimately rules on the
14 law there.
15          And so from our perspective, keeping the July date
16 seems fine -- so long as the Court can make a ruling on
17 that.
18          Our sense, Your Honor, is that while the
19 rulemaking process is ongoing, that there won't be any type
20 of final rule for many, many months.
21          And our concern is that simply continuing a trial
22 until there is a final rule will have the effect of causing
23 an indefinite stay of these issues.
24          So from our perspective, we think that a trial on
25 the damages issue is all that's left to be done.

1          And the Court could hear that evidence and then
2  rule on the Affordable Care Act issues at that time.
3          THE COURT: Now, the --
4          MR. JONES: We also --
5          THE COURT: -- wait, wait.
6          Much of the damages comes from the ACA, correct?
7          MR. JONES: All of the damages of the State
8  Health Plan would come from the ACA claim, that's correct,
9  Your Honor.
10          THE COURT: Okay. Okay. All right.
11          And that was, that is what the Court believes I
12  don't want to do.
13          I just -- to me, that's duplication of effort
14  that could cause confusion.
15          If there is going to be a change, I would much
16  rather continue this for several months.
17          And I don't know the answer to that, of course, I
18  don't know how long the rulemaking route will take. I
19  don't know that at this point.
20          So your position is you would ask that the Court
21  not reserve ruling on the ACA issue, but to move forward and
22  rule on that.
23          That's what you're requesting -- is that what I
24  hear from you?
25          MR. JONES: Yes, Your Honor, to keep the

1  scheduled trial date and to resolve the case at the
2  conclusion of that scheduled July trial date.
3          THE COURT: Well, to be quite honest, I am full
4  on my trial dates.
5          And I had anticipated that this case would take
6  longer because of the estimates that were given earlier.
7          So I understood I was going to have to continue
8  it -- and certainly once I determined that I was going to
9  reserve the issue on the ACA to allow perhaps some
10 rulemaking.
11         I don't, I don't know how long I would wait on
12 that, but I would push the trial out a little to see if we
13 could resolve all issues as best we could.
14         So I hear what you're saying.
15         I'll hear from the Plaintiff at this time as well.
16         MR. WEAVER: Thank you, Your Honor. Michael
17 Weaver on behalf of the Plaintiffs.
18         And I guess we're taking it in two different
19 buckets.
20         We would see the trial clearly not going forward
21 on July 5th. And we would agree with that.
22         I think the only trial issue pending right now
23 would be the Title VII damages against the Defendant
24 Department of Public Safety.
25         And we think that would be one- to two-day trial,

```
 1   where we would basically have to prove up Sergeant
 2   Carraway's, who is the only Plaintiff with the Title VII
 3   claim right now, her out-of-pocket expenses and emotional
 4   distress damages.
 5            So I think that would be a pretty short trial.
 6            But we would -- and I think DPS would agree with
 7   me -- not want to go forward right away because we actually
 8   started settlement discussions soon after your summary
 9   judgment ruling.  And so we're just gearing up with those
10   right now.
11            And, as you can image, there's a couple different
12   things that have to go into that.
13            So that's where we are with DPS.
14            With the ACA claim, I'll defer, Plaintiffs will
15   defer to your good judgment, Your Honor, on how long you
16   want to hold the ACA claim.
17            I will say it's sort of the tail wagging the dog
18   if we went to trial on the ACA damages without first a
19   ruling from Your Honor on the merits of the claim.
20            THE COURT:  We won't do that.  We won't do that.
21            MR. WEAVER:  Okay.  I just wanted to make sure
22   based on Mr. Jones' statement.
23            So that's sort of where we are.
24            If you were eager for a trial, I think it would
25   just be DPS.  But we would request that that be continued
```

1  because we are in discussions with DPS to try to resolve
2  it.
3          We may be unsuccessful and be back in front of
4  you.  But we definitely will plan to act in good faith to
5  try to resolve this with DPS.
6          THE COURT:  All right.  Thank you.
7          Alex Williams, let me hear from you.
8          MR. WILLIAMS:  Yes, Your Honor.  I really don't
9  have a dog in the fight regarding the ACA issues.  So I
10  won't address those.
11          THE COURT:  Right.
12          MR. WILLIAMS:  I think Mr. Weaver did correctly
13  describe what is happening as far as DPS.
14          We have begun some settlement negotiations.  I
15  don't know what's going to happen with those.  We are in
16  the very kind of preliminary stages.
17          And so we would ask for a little bit more time to
18  try to work through those issues and see if it can't get
19  settled.
20          If it cannot, I do agree with his assessment -- I
21  do think it would be a very short trial, one to two days,
22  probably, you know, less than a handful of witnesses.  And
23  so I think it could be resolved pretty quickly.
24          THE COURT:  All right.  All right.
25          We'll come back to you, Mr. Jones.

```
1              My inclination is to put it out a little bit to
2    determine whether or not we're going to get some rulemaking
3    done on the ACA issue.
4              And if I do that, that also would allow, in the
5    second basket with DPS, additional time for them to look at
6    settlement of their part of the case.
7              So anything further, Mr. Jones, that you would
8    like to say at this time?
9              MR. JONES:  No -- only that we would request that
10   the Court set the time out for a, if it's going to, for a
11   small and reasonable period of time.
12             THE COURT:  Yes.
13             MR. JONES:  There is a current rule.  There may
14   be a new rule.  But we're just fearful of what feels like
15   sort of an indefinite stay of these proceedings until, you
16   know, there's a new rule.
17             THE COURT:  No.  You don't have to be, you don't
18   have to be concerned about that.  I'm more worried about my
19   caseload than you are.
20             So that is -- and it won't be continued
21   indefinitely.  We just don't do cases that way.  And so I'm
22   going to allay your fears on that.
23             Now, I have to get with my clerk and determine the
24   best calendar for this to go on.
25             But I will not put this out for an extraordinary
```

```
 1    period of time to wait on that rule.  But I am going to give
 2    it a little time.
 3              Is there anything else we needed to discuss?
 4              MR. WEAVER:  Your Honor, this is Mike Weaver for
 5    the Plaintiffs again.
 6              And I just -- I appreciate your time today -- and
 7    I just had one clarification point because our Plaintiffs,
 8    as you know, this is dealing with their healthcare, and
 9    they have medical issues ongoing and --
10              THE COURT:  Yes.
11              MR. WEAVER:  -- the way Plaintiffs have read your
12    order from the other day is that the exclusion is lifted,
13    and so they can start submitting claims under the health
14    plan.
15              And I just wanted to clarify that so there's no
16    confusion from any of the parties.
17              THE COURT:  Well, let me say this -- my order is
18    my order.
19              MR. WEAVER:  Okay.
20              THE COURT:  And I don't interpret my own order.
21              MR. WEAVER:  I understand.
22              THE COURT:  And I think it's pretty clear what
23    I've ordered.
24              MR. WEAVER:  I appreciate that.
25              THE COURT:  Yes.  And so I think it's pretty
```

11

Case 1:19-cv-00272-LCB-LPA   Document 259   Filed 08/04/22   Page 11 of 14

```
 1   clear what I have ordered.
 2             MR. WEAVER:  Thank you, Your Honor.
 3             THE COURT:  So anything further from any party?
 4             MR. WILLIAMS:  Your Honor, this is Alex Williams,
 5   DPS.
 6             I understand Your Honor needs to confer with your
 7   clerk to determine a calendar.  But do you have kind of a
 8   ballpark idea of when this trial will occur?
 9             THE COURT:  No.
10             MR. WILLIAMS:  Are we thinking a month or two or
11   three or six?  I'm just trying to --
12             THE COURT:  I'm not going to give you a ballpark.
13             I'm going to get with my clerk.  And then she
14   will inform all of you shortly when the trial will occur.
15             MR. WILLIAMS:  Okay.  Thank you, Judge.
16             THE COURT:  All right.  Anything further from any
17   party?
18             MR. JONES:  Just briefly -- this is Mr. Jones
19   again.
20             Would the anticipation be that at that scheduled
21   trial or before that we would have resolution of the
22   Section 1557 claim?
23             THE COURT:  Well, absolutely.  If I'm going to
24   try the case, we have got to resolve the claim.
25             But I want to give some time for rulemaking if --
```

13

I don't want to have to do this twice. And I don't want to have to get some motion for reconsideration because something has changed.

So I think the better course will be for us to put it out for a reasonable period of time.

But before the matter can be tried, I will have to rule on that claim.

Is that your question?

MR. JONES: Yes, Your Honor. Thank you.

THE COURT: All right. So is there anything further that we need to discuss at this time?

All right. Well, thank each of you.

You will hear from my clerk. She and I will discuss my calendar. And we will determine what is a reasonable time for me to place this back on the calendar for trial.

Anything further?

MR. WEAVER: Not, at this time, Your Honor.

THE COURT: Okay. Thank you so much, each of you, for being here. All right.

MR. JONES: Thank you, Your Honor.

MR. WILLIAMS: Thank you, Your Honor.

(Off the record at 11:18 a.m.)

CERTIFICATE OF REPORTER

STATE OF NORTH CAROLINA AT LARGE, to wit:

    I, Michelle Maar, RDR, RMR, FCRR, the officer before whom the foregoing telephonic status conference was taken, do hereby certify that the status conference was taken down by me stenographically to the best of my ability and thereafter reduced to writing;

    That I am neither counsel for, related to, nor employed by any of the parties to the action, and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the action.

*Michelle Maar*
_____

Michelle Maar, Court Reporter

Notary Public #201628400102

My Commission expires October 4, 2026